JEFFREY M. VUCINICH, ESQ. BAR#: 67906
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendants
FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW
ASSOCIATES, P.C., a corporation; ALAN L. FRANK and MARC H. SNYDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HARRIS CRAMER, L.L.P., a partnership; MICHAEL D. HARRIS; FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK; MARC H. SNYDER; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) - DIVERSITY**<br><br>**DEMAND FOR JURY TRIAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK and MARC H. SNYDER hereby remove to this Court the State Court Action described below.

### INTRODUCTION

1.     On October 26, 2006, Plaintiff FORTE CAPITAL PARTNERS, LLC, a Delaware limited liability company, commenced a lawsuit in the San Francisco County Superior Court, Case

1   No. CGC-06-457399. Plaintiff's Complaint was never served on any of the Defendants. On February

2   5, 2007, Plaintiff filed its First Amended Complaint.   The case is entitled *FORTE CAPITAL*

3   *PARTNERS, LLC, a Delaware limited liability company v. HARRIS CRAMER, L.L.P., a partnership;*

4   *MICHAEL D. HARRIS; FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L.*

5   *FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK; MARC H. SNYDER; and DOES*

6   *1-50, inclusive.* A true and correct copy of that First Amended Complaint and Summons is attached

7   hereto as Exhibit "A." Removing defendants were not served with any other pleadings or orders.

8       2.      According to the San Francisco Superior Court website, and upon a request to

9   Plaintiff's counsel for copies of the same, the Summons and First Amended Complaint were served

10  by Plaintiff as follows:  on Defendant HARRIS CRAMER, L.L.P., a partnership, by substituted

11  service on February 8, 2007; on Defendant MICHAEL D. HARRIS, by substituted service on February

12  8, 2007; on Defendant FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership, by personal

13  service on February 8, 2007; on Defendant ALAN L. FRANK LAW ASSOCIATES, P.C., a

14  corporation, by personal service on February 8, 2007; on Defendant ALAN L. FRANK, by personal

15  service on February 8, 2007; and on Defendant MARC H. SNYDER, by substitute service on February

16  9, 2007. True and correct copies of the proofs of service are attached hereto as Exhibit "B."

17                                **JURISDICTION**

18      3.      This action is a civil case of which this Court has original jurisdiction under 28 U.S.C.

19  §1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of

20  28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in

21  controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The First Amended

22  Complaint at page 11, paragraph 40 alleges that Plaintiff FORTE CAPITAL PARTNERS, LLC have

23  "lost millions of dollars" by the acts and omissions of Defendants. Defendants have evidence that

24  Plaintiff owes Defendant FRANK, ROSEN, SNYDER & MOSS, LLP, over $48,000.00 in unpaid fees

25  and that Plaintiff owes Defendant HARRIS CRAMER, L.L.P., in excess of $27,000.00 in unpaid fees.

26  Thus, it is clearly more likely than not that the amount in controversy exceeds $75,000.00.

27      4.      Removing defendants are informed and believe that Plaintiff     FORTE CAPITAL

28  PARTNERS, LLC is a limited liability company organized under the laws of the State of Delaware

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)  –  DIVERSITY**

1    and having its principal place of business in San Francisco, California. On information and belief, the

2    removing defendants believe that all of Plaintiff's members are citizens of states other than Florida,

3    Delaware and Pennsylvania. (See *GMAC Commercial Credit v. Dillard Department Stores, Inc.*(8th

4    Cir. 2004) 357 F.3d 827, 829, holding that an LLC's citizenship is that of its members for diversity

5    jurisdiction purposes.) Defendant HARRIS CRAMER, L.L.P. is a Florida partnership with its

6    principal place of business in West Palm Beach, Florida. On information and belief, the removing

7    defendants believe that each partner of Defendant HARRIS CRAMER, L.L.P. is a citizen of Florida

8    and that no partner is a citizen of California. Defendant MICHAEL D. HARRIS is a citizen of

9    Florida. DefendantFRANK, ROSEN, SNYDER & MOSS, LLP is a Pennsylvania limited partnership

10   and has its principal place of business in  Elkins Park, Pennsylvania.  No partner of Defendant

11   FRANK, ROSEN, SNYDER & MOSS, LLP  is a citizen of California. Defendant ALAN L. FRANK

12   LAW ASSOCIATES, P.C. is a corporation, incorporated under the laws of the State of Pennsylvania

13   and having its principal place of business in Elkins Park, Pennsylvania. ALAN L. FRANK is a citizen

14   of Pennsylvania. Defendant MARC H. SNYDER is a citizen of Delaware. None of the Defendants

15   are citizens of California. Diversity exists among and between the parties, thus removal to Federal

16   Court is warranted.

17                              **FICTITIOUS DEFENDANTS**

18        5.      The First Amended Complaint herein also names Defendants Does 1 through 50

19   inclusive. The First Amended Complaint does not allege the citizenship of those Defendants.

20   Assuming the citizenship of those Defendants could destroy diversity in this case, their citizenship

21   should be disregarded for purposes of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b)

22   on the ground that there is no possibility that Plaintiff will be able to establish liability against said

23   parties. The case has been on file since October 2006 and Plaintiff has not amended to add the true

24   names of any additional Defendants from any state, much less California. Moreover, none of the

25   Defendants conduct business in California. The entire case stems from transactions involving the

26   California Plaintiff on the one hand and the Florida and Pennsylvania Defendants on the other. There

27   is no possibility of Plaintiff suddenly amending to add a California defendant. The Doe Defendants

28   were clearly included "superstitiously and without reason." (*Grigg v. Southern Pacific Co.* (9th Cir.

1957) 246 F.2d 613, 620.)  Accordingly, to the extent the Court is concerned that the Doe Defendants named by Plaintiff could be California citizens, it should ignore them for the purpose of determining diversity.

### INTRA-DISTRICT ASSIGNMENT

6.     This case should be assigned to the San Francisco/Oakland Division as the named Plaintiff is a citizen of either San Francisco County.

### JOINDER BY ALL DEFENDANTS

7.     Defendants HARRIS CRAMER, L.L.P. and MICHAEL D. HARRIS have consented to this removal.  Their written Joinder will be filed within one week of the filing of this Notice.

8.     A true and correct copy of the remainder of the documents filed in this case (obtained from San Francisco County Superior Court website, but not served on Defendants) are attached hereto as Exhibit "C."

9.     Removing defendants hereby demand a jury trial.

///

DATED: March 1, 2007

CLAPP, MORONEY, BELLAGAMBA and VUCINICH

By: _____
JEFFREY M. VUCINICH, ESQ.
Attorney for Defendants
FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK and MARC H. SNYDER

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)  –  DIVERSITY

SUM-100

## SUMMONS on First Amended Complaint
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HARRIS CRAMER, L.L.P., a partnership; MICHAEL D. HARRIS; FRANK, ROSEN, SNYDER & MOSS, L.L.P., a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK; MARC H. SNYDER and DOES 1-50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FORTE CAPITAL PARTNERS, LLC, a Delaware limited liability corporation

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER<br>*(Número del Caso):* CGC-06-457399 |
|---|---|

San Francisco Superior Court, Civic Center Courthouse , 400 County Center, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert A. Spanner, Esq. (SBN 60308), Trial & Technology Law Group, A Professional Corporation, 545 Middlefield Road, Suite 220, Menlo Park, CA 94025 Telephone: (650) 324-2223

| DATE:<br>*(Fecha)* | January 30, 2007 | GORDON PARK-LI | Clerk, by<br>*(Secretario)* | WESLEY RAMIREZ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):* MARC H. SNYDER

   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com


EXHIBIT A

1   Robert A. Spanner, Esq., State Bar No. 60308
2   TRIAL & TECHNOLOGY GROUP
    A Professional Law Corporation
3   545 Middlefield Road, Suite 220
    Menlo Park, California 94025
4   Telephone:    (650) 324-2223
    Facsimile:    (650) 324-0178
5
6   Attorneys for Plaintiff
    FORTE CAPITAL PARTNERS, LLC
7

**FILED**
San Francisco County Superior Court

FEB 05 2007

GORDON PARK-LI, Clerk
BY: _____
                    Deputy Clerk

8
9                   SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                      CITY AND COUNTY OF SAN FRANCISCO
11

12   FORTE CAPITAL PARTNERS, LLC, a     )   Case No.  CGC-06-457399
13   Delaware limited liability company, )
                                         )
14              Plaintiff,               )   FIRST AMENDED COMPLAINT
                                         )
15        vs.                            )
                                         )
16                                       )
     HARRIS CRAMER, L.L.P., a partnership; )
17   MICHAEL D. HARRIS; FRANK, ROSEN,   )
     SNYDER & MOSS, LLP, a limited       )
18   partnership; ALAN L. FRANK LAW      )
     ASSOCIATES, P.C., a corporation; ALAN L. )
19   FRANK, MARC H. SNYDER and DOES 1-  )
     50, inclusive,                      )
20                                       )
                                         )
21              Defendants.              )
                                         )
22   _____)

23
24        Plaintiff Forte Capital Partners, LLC, for its First Amended Complaint against
25   Defendants, states as follows:
26
27
28
     _____
     First Amended Complaint – Case No.
     CGC-06-457399

BY FAX

## PARTIES

1.    Plaintiff Forte Capital Partners, LLC ("Forte") is a limited liability corporation organized under the laws of the State of Delaware, with its principal and sole place of business in San Francisco, California.

2.    Defendant Harris Cramer, LLP ("Harris Cramer") is, on information and belief, a limited partnership.

3.    Defendant Michael D. Harris ("Harris") is and at all times material herein was a name partner in Harris Cramer. At all times mentioned herein, Harris was acting as an agent of Harris Cramer and in doing all of the things alleged herein was acting within the scope of such agency. (Defendants Harris and Harris Cramer will be referred to together herein as the "Harris Cramer Defendants".) On information and belief, Harris was at all material times mentioned herein a corporate and securities lawyer, and he represented to Plaintiff, before Plaintiff retained him, that he specialized in the field of corporate and securities law.

4.    Defendant Frank, Rosen, Snyder & Moss, L.L.P. ("FRSM") is a limited partnership.

5.    Defendant Alan L. Frank Law Associates, P.C. ("ALFLA") is a professional corporation. ALFLA is, on information and belief, the successor to FRSM.

6.    Defendant Alan L. Frank ("Frank") is, and at all times mentioned herein was, a partner in FRSM and/or a principal of ALFLA. On information and belief, he specialized in corporate and securities litigation, and informed Plaintiff before Plaintiff retained him that he had substantial corporate and securities litigation experience.

First Amended Complaint – Case No.
CGC-06-457399

- 2 -

7. Defendant Marc H. Snyder ("Snyder") is, and at all times mentioned herein was, an attorney licensed to practice in the State of Delaware. Defendant Snyder was, at all times mentioned herein, a partner in FRSM. (Defendants FRSM, ALFLA, Frank and Snyder will be referred to collectively herein as the "Frank Rosen Defendants".)

8. At all times mentioned herein, the Frank Rosen Defendants were acting as agents of FRSM and/or ALFLA, and/or as agents for each other, and in doing all of the things alleged herein each was acting within the scope of such agency.

9. Defendants Does 1 through 50, inclusive, are sued here pursuant to the provisions of Code of Civil Procedure Section 474. Plaintiff will amend its Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each DOE defendant is responsible in some manner for the occurrences herein alleged, and that each DOE defendant proximately caused Plaintiff's damages.

10. At all relevant times, Defendants Does 1 through 50 were the agents, servants and/or employees of each of the remaining Defendants, and were acting within the full course and scope of said employment and/or agency.

11. This Court has subject matter jurisdiction because the amount in controversy exceeds $25,000, and venue is proper in this Court pursuant to Code Civ. P. §§395.5 and 410.10.

## OPERATIVE FACTS

12. At all times mentioned herein, Forte was a holder of common stock of SmartVideo Technologies, Inc. ("SmartVideo") and of warrants to purchase common stock.

13. In or about May, 2005, Forte came to the conclusion that under the Board of Directors of SmartVideo, the company's assets were being diminished by corporate waste, the

First Amended Complaint – Case No.
CGC-06-457399                          - 3 -

shares of the company were declining due to poor management, and shareholder equity, including Forte's own shares and warrants, was being severely diluted by the wasteful issuance of new shares. Forte decided to seek removal of the directors and replacement of the existing board with new directors.

14.    In or about May, 2005 Forte contacted the Frank Rosen Defendants for legal counsel regarding the appropriate course of action to be taken to further its objective. Defendant Frank represented to Forte that the Frank Rosen Defendants possessed the requisite knowledge, skill and expertise necessary to represent and advise Forte with respect to this matter.

15.    In or about May or June, 2005 the Frank Rosen Defendants advised Forte to conduct a proxy solicitation to replace the SmartVideo board of directors. Defendant Alan Frank also advised Forte that he had worked with the Harris Cramer Defendants previously and he was comfortable with their abilities to do the corporate and securities work associated with a contested proxy solicitation, and to advise Forte, with him, regarding the preparation and conduct of a contested proxy solicitation to remove SmartVideo's Board of Directors and to effect installation of new directors. On information and belief, the Frank Rosen Defendants actually had no knowledge whatever as to whether the Harris Cramer Defendants possessed the requisite knowledge, skill and experience for such an engagement, or indeed whether they had any experience with contested proxy solicitations at all.

16.    Forte engaged the Harris Cramer Defendants to have the Harris Cramer Defendants represent Forte in connection the corporate and securities work associated with the preparation of a consent proxy solicitation and to elect new directors, and to effect installation of new directors.

17. During the course of Defendants' representation of Forte, the Frank Rosen Defendants and the Harris Cramer Defendants advised Forte that, to accomplish the purposes for which Defendants were engaged, Forte, at the direction and under the control of Defendants, should commence a consent proxy solicitation, and to file a lawsuit in Delaware Chancery Court. The Harris Cramer Defendants also reviewed and commented upon court filings prepared by the Frank Rosen Defendants in said lawsuit.

18. At all times mentioned herein, the Harris Cramer Defendants and the Frank Rosen Defendants communicated with and consulted with each other regarding the objectives, strategy, planning and execution of their joint representation to protect Forte's interests, including without limitation the preparation of proxy solicitation materials, the removal of SmartVideo's Board of Directors, the installation of new directors, and the filing and prosecution of an action in Delaware Chancery Court, such that the Harris Cramer Defendants and the Frank Rosen Defendants acted as agents for each other, and all acts alleged herein were within the scope of such agency.

19. Throughout the period June, 2005, through October, 2005, during the course of the Harris Cramer Defendants' representation of Forte as aforesaid, the Harris Cramer Defendants obtained from Forte documents and information from which the Harris Cramer Defendants prepared consent proxy solicitation materials ("Proxy Materials"), which they then advised Forte to send to SmartVideo shareholders. The Proxy Materials, which issued from San Francisco, requested shareholders of SmartVideo to deliver signed consents to Forte at its office in San Francisco if shares were held by shareholders in their own name. The Proxy Materials directed shareholders who held shares in a custodial account to contact the person responsible for

the account to vote the shares in favor of the proxy proposal. The Proxy Materials requested SmartVideo shareholders to contact Forte with questions. On information and belief, the Frank Rosen defendants were fully advised of and participated in the foregoing matters.

20.    The purpose of the Proxy Materials was to seek the vote of SmartVideo shareholders for the election of a new board of directors, in order to remove control of SmartVideo from the existing board, which was controlled by the management of SmartVideo.

21.    In or about June, 2005 and in or about August, 2005, during the course of the Harris Cramer Defendants' representation of Forte as aforesaid, the Harris Cramer Defendants caused Forte, at the direction of the Harris Cramer Defendants, to issue from Forte's offices the aforementioned Proxy Materials to SmartVideo's shareholders.

22.    Commencing in or about June, 2005, during the course of Defendants' representation of Forte, Plaintiff Forte, acting pursuant to advice and instruction it received from Defendants, sent written communications from Forte's offices in San Francisco to ADP, which serves as a proxy agent for brokerage firms and custodial banks, in order to effect distribution of proxy materials to all beneficial owners of SmartVideo shares and their custodians.

23.    Commencing in or about September, 2005, during the course of Defendants' representation of Forte, Plaintiff Forte, acting pursuant to advice and instructions it received from Defendants, communicated with SmartVideo shareholders from its office in San Francisco during the consent solicitation period regarding the proxy solicitation prepared and conducted with the advice and counsel of the Defendants.

24.    In or about September and October, 2005, during the course of the Defendants' representation of Forte as aforesaid, Forte received proxy consents voting in favor of Forte's

First Amended Complaint – Case No.
CGC-06-457399

- 6 -

1   proposed board of directors from a majority of SmartVideo shareholders, including both

2   shareholders of record and custodians of SmartVideo shares who were voting in accordance with

3   the instructions of the beneficial owners. Forte transmitted said proxy consents to the Frank

4   Rosen Defendants who, in turn, delivered them to SmartVideo, except as set forth below.

5

6        25.   In or about July, 2005, the Frank Rosen Defendants filed, on behalf of Forte, an

7   action in the Delaware Court of Chancery entitled *Forte Capital Partners, LLC v. Richard E.*

8   *Bennett, Jr., et al.*, C.A. No. 1495-N (the "Delaware Action"). In or about October, 2005, in the

9   Delaware Action, the Frank Rosen Defendants filed in the Court of Chancery, *inter alia*, a

10   motion for a temporary restraining order seeking to, *inter alia*, enjoin SmartVideo's Board of

11   Directors from taking any material action on behalf of the company, and prohibit SmartVideo

12   from subverting the aforementioned consent solicitation. However, the motion was based on a

13

14   cause of action that had never been pled in the Complaint.

15        26.   It is well known to attorneys who practice or litigate in the field of corporate and

16   securities law, and each of the Defendants and their agents knew or should have known, that:

17

18        a)   purchasers of publicly-traded securities such as the common *stock* of SmartVideo

19            often do not take delivery of their shares, but rather have their shares held in their

20            brokerage account in the name of the custodian (*i.e.,* "in Street name");

21        b)   stockholders who have their shares held in Street name are the beneficial owners

22            but not the owners of record of securities they have purchased;

23

24        c)   only owners of record of stock may vote shares of stock in a corporate action;

25        d)   it is necessary to obtain the authorization of the shareholder of record for the

26            custodian of shares held in Street name to vote shares in a corporate action.

27

28

First Amended Complaint – Case No.
CGC-06-457399

27. The shareholder of record for shares held in Street name for virtually all publicly-traded companies is DTC/Cede & Co.

28. The shareholder of record, DTC/Cede & Co., must grant the custodian of shares held in Street name authorization to vote shares in a corporate action through issuance of an Omnibus Proxy.

29. None of the Defendants:

a) requested an Omnibus Proxy from DTC/Cede & Co. to authorize custodians of SmartVideo shares held in Street name to vote shares in the aforementioned proxy solicitation;

b) informed Plaintiff of the necessity of obtaining an Omnibus Proxy from DTC/Cede & Co.; or

c) advised Plaintiff to seek an Omnibus Proxy from DTC/Cede & Co. before conducting a proxy solicitation.

30. Custodians of SmartVideo shares held in Street name, upon the instructions of the beneficial owners of SmartVideo common stock, voted hundreds of thousands of SmartVideo shares in favor of Forte's proxy solicitation, and with the votes of those shares Forte's proxy solicitation would have been successful and a new board of directors would have been elected.

31. The Frank Rosen Defendants negligently failed to deliver to SmartVideo numerous proxy consents provided to them by Forte voting in favor of Forte's proposed slate of directors, and Defendant Frank admitted that the non-delivery of these proxies was an oversight. The Frank Rosen Defendants also negligently failed to identify to Plaintiff defects in the form of some of the proxy consents received by Plaintiff so that Plaintiff could have them corrected and

1    re-sent, and as a result of such negligence a number of proxy consents that were defective as to

2    form were disallowed.

3        32.    In response to inquiries from Plaintiff, Defendant Frank stated that all the proxy

4    consents were in order, and confirmed to Plaintiff that shareholders had voted a majority of the

5    outstanding shares of SmartVideo in favor of Plaintiff's proposed slate of directors set forth in

6    

7    the proxy solicitation.

8        33.    Prior to a telephonic hearing in Delaware Chancery Court on November 17, 2005

9    the Frank Rosen Defendants had failed to provide motion papers to the judge concerning the

10   

11   subject matter of the hearing, which nonfeasance angered the Vice-Chancellor.

12       34.    The Frank Rosen Defendants failed to arrange to have a Delaware-licensed

13   attorney present for the November 17, 2005 telephonic hearing in violation of the Delaware rules

14   of court, which so angered the Vice-Chancellor that, on information and belief, he imposed

15   disciplinary sanctions on the Frank Rosen Defendants during the hearing.

16       35.    During the telephonic hearing held on November 17, 2005, the Frank Rosen

17   Defendants admitted to the Vice-Chancellor that Forte's counsel had failed to request, or to direct

18   

19   Forte to request, an Omnibus Proxy from DTC/Cede & Co.  The Vice Chancellor, having been

20   informed that the Defendants had failed to obtain an Omnibus Proxy, stated that it was the first

21   time he had ever been informed of a proxy solicitation being conducted without issuance of an

22   Omnibus Proxy, that obtaining an Omnibus Proxy is a fundamental step in a proxy solicitation,

23   and that obtaining an Omnibus Proxy was a basic requirement of Delaware law that admitted of

24   

25   no exceptions.  The Vice-Chancellor informed the Frank Rosen Defendants, who were counsel of

26   record in the Delaware action, that they did not belong in a proxy solicitation action, and that

27

28   First Amended Complaint – Case No.
     CGC-06-457399                          - 9 -

1    Forte should dismiss its action or risk an award of attorneys fees against it for prosecuting a

2    frivolous action.

3        36.    The Frank Rosen Defendants advised Forte to dismiss its action and abandon its

4    proxy solicitation as a result of the foregoing, admitting that Forte had not been well-served by

5    the Frank Rosen Defendants and the Harris Cramer Defendants.  On account of the foregoing

6

7    facts Forte authorized the Frank Rosen Defendants to dismiss the action.

8        37.    As a result of Defendants' negligent acts and omissions as aforesaid, Forte's

9    efforts to remove SmartVideo's Board of Directors and to gain control of the company through

10   election of a new slate of directors failed.

11
         38.    Had Defendants procured an Omnibus Proxy or advised Plaintiff to seek an
12
     Omnibus Proxy, and had Defendants advised Plaintiff of defects in the form of certain of the
13
14   proxy consents received by Plaintiff so that the defects could be corrected, the proxy consents for

15   which the shareholder of record was DTC/Cede & Co. would have been counted and the proxy

16   consents that were disallowed for defects in form would have been counted, as a result of which

17   Forte would have prevailed in the proxy solicitation, and Forte's proposed slate of directors
18
     would have been elected.
19
         39.    The Board of Directors of SmartVideo, during its tenure since the proxy
20
21   solicitation failed:

22       a)      have generated virtually no revenues whatever;

23       b)      have authorized issuance of tens of millions of shares, substantially diluting
24
                 Forte's ownership of the company; and
25

26

27

28
     First Amended Complaint – Case No.
     CGC-06-457399                                    - 10 -

c) allowed SmartVideo's competitive technological advantage to be dissipated by management, which failed to get SmartVideo's product into the marketplace, and the Board utterly failed to hold management accountable for its failure to sell the company's product.

40.    As a proximate result of the foregoing acts and omissions of Defendants, Forte lost millions of dollars.

### FIRST CAUSE OF ACTION
### Professional Negligence
### (Against All Defendants)

41.    Plaintiff Forte hereby realleges and incorporates herein by reference the allegations of Paragraphs 1 through 40, inclusive, of the Complaint as though fully set forth herein.

42.    At all times mentioned herein, the Defendants, as counsel for Forte, failed to exercise reasonable care and skill in representing Forte by:

a) failing to request an Omnibus Proxy from DTC/Cede & Co.;

b) failing to instruct Forte of the necessity of such a request;

c) failing to advise Forte of the necessity of obtaining an Omnibus Proxy in order to have the proxy consents voted on behalf of beneficial shareholders by account custodians to be effective;

d) failing to undertake reasonable investigation of the facts and the law, which investigation would have disclosed that an Omnibus Proxy was an absolute necessity;

e) seeking to enforce the results of the proxy solicitation, without first ascertaining whether Forte had in fact prevailed in the proxy solicitation, including

1  determining whether an Omnibus Proxy was required to have been delivered to

2  SmartVideo, and in that same motion taking a position that was unsupported by

3  law – specifically, that the issuer itself (SmartVideo) was required to obtain the

4  Omnibus Proxy;

5        f) failing to review the proxy consents received from Plaintiff to assure that they

6      

7  were in proper form, and to advise Plaintiff as to any consents that were not in

8  proper form; and

9        g) failing to deliver a number of the proxy consents to SmartVideo.

10      43.   As a proximate result of Defendants' negligence as aforesaid, Forte has suffered

11

12  damages in an amount to be proved that is in excess of the limited jurisdiction of this Court.

13                            **SECOND CAUSE OF ACTION**

14                              Negligent Referral
     (Against the Frank Rosen Defendants and DOES 1-50, inclusive)

15

16      44.   Plaintiff Forte hereby realleges and incorporates herein by reference the

17  allegations of Paragraphs 1 through 40 inclusive as though fully set forth herein.

18      45.   The Frank Rosen Defendants recommended to Forte that Forte engage the Harris

19  Cramer Defendants for corporate and securities work in connection with the conduct of a

20  contested proxy solicitation to elect and seat a new board of directors.

21      46.   The Frank Rosen Defendants, as counsel for Forte, owed a duty of care to Forte

22

23  before recommending corporate and securities counsel to it to investigate whether the Harris

24  Cramer Defendants possessed the requisite knowledge, skill and experience to represent Forte in

25  connection with a contested proxy solicitation and other matters that might arise in connection

26  therewith, or indeed whether the Harris Cramer Defendants had any experience with contested

27

28  ────────────────
First Amended Complaint – Case No.
CGC-06-457399            - 12 -

1  proxy solicitations at all, to assure that the Harris Cramer Defendants could perform all

2  necessary, reasonable and appropriate acts to further Forte's interests in connection therewith.

3      47.    The Frank Rosen Defendants breached the duty of care owed to Forte by failing to

4  investigate whether the Harris Cramer Defendants did in fact possess the requisite knowledge,

5  skill and experience for an engagement as aforesaid, or indeed whether they had any experience

6

7  with contested proxy solicitations at all.

8      48.    The Frank Rosen Defendants also breached their duty owed to Forte by failing to

9  disclose that the Frank Rosen Defendants had failed to make the above-described investigation,

10  and by failing to advise Forte to conduct its own investigation to determine whether the Harris

11  Cramer Defendants had the requisite experience and expertise to be retained by Plaintiff to

12

13  handle a contested proxy solicitation because the Frank Rosen Defendants had failed to do so.

14      49.    In fact, the Harris Cramer Defendants did not have the requisite experience and

15  expertise for representation of a client conducting a contested proxy solicitation with respect to a

16

17  Delaware corporation.

18      50.    As a proximate result of the Frank Rosen Defendants' negligence as aforesaid,

19  Forte has suffered damages in an amount to be proved that is in excess of the limited jurisdiction

20  of this Court.

21                      **THIRD CAUSE OF ACTION**
                          Negligent Misrepresentation
22          (Against the Frank Rosen Defendants and DOES 1-50, inclusive)

23      51.    Plaintiff Forte hereby realleges and incorporates herein by reference the

24  allegations of Paragraphs 1 through 40 and 45 through 50, inclusive, of the Complaint as though

25

26  fully set forth herein.

27

28  First Amended Complaint – Case No.
    CGC-06-457399                              - 13 -

52.    On information and belief, the Frank Rosen Defendants were counsel for Richard Siefert ("Siefert"), who was a member of a shareholder dissident group to which Forte belonged seeking removal of the board of directors of SmartVideo.

53.    On information and belief, in or about May, 2005 Siefert contacted the Frank Rosen Defendants and informed the Frank Rosen Defendants that the aforesaid dissident group, which included Plaintiff Forte, required the services of a law firm to represent it in connection with conducting electing a new board of directors for SmartVideo, by means of a proxy solicitation.

54.    In or about May or June, 2005, the Frank Rosen Defendants referred to Siefert the Harris Cramer Defendants for the purposes set forth above, expressly or impliedly representing that the Harris Cramer Defendants had the expertise and experience to competently represent a client conducting a contested proxy solicitation with respect to a Delaware corporation such as SmartVideo, knowing that the referral would be communicated to others in the aforementioned dissident group, including Forte.  Siefert, in turn, did communicate the Frank Rosen Defendants' referral of the Harris Cramer Defendants to Plaintiff Forte.

55.    As a proximate result of the Frank Rosen Defendants' referral of the Harris Cramer Defendants, Plaintiff Forte engaged the services of the Harris Cramer Defendants.

56.    As a result of the professional negligence of the Harris Cramer Defendants as aforesaid, Plaintiff has suffered damages in an amount to be proved that is in excess of the jurisdictional limits of this Court.

# FOURTH CAUSE OF ACTION
### Breach of Written Contract
### (Against Defendant Harris Cramer)

57.    Plaintiff Forte hereby realleges and incorporates herein by reference the allegations of Paragraphs 1 through 40, inclusive, of the Complaint as though fully set forth herein.

58.    Plaintiff Forte entered into a written contract with Defendant Harris Cramer by which Defendant Harris Cramer agreed to provide legal services to Plaintiff Forte in connection with the proxy solicitation referenced herein, as well as other matters arising in connection with SmartVideo. Plaintiff Forte agreed to pay Defendant Harris Cramer for such services at a mutually agreed-to rate. An implied-in-fact term of this contract was that Defendant Harris Cramer would provide such services with reasonable care and skill.

59.    Plaintiff Forte performed all of its duties under this contract except to the extent that any were excused because of Defendant Harris Cramer's breach of the parties' contract.

60.    Defendant Harris Cramer breached its contract with Plaintiff Forte when it failed to exercise reasonable care and skill in representing Forte by:

a) failing to request an Omnibus Proxy from DTC/Cede & Co.;

b) failing to instruct Forte of the necessity of such request;

c) failing to advise Forte of the necessity of obtaining an Omnibus Proxy in order to have the proxies voted on behalf of beneficial shareholders with custodial accounts be effective;

d) failing to undertake reasonable investigation of the facts and the law, which investigation would have disclosed that an Omnibus Proxy was necessary to validate proxies for SmartVideo shares held in custodial accounts; and

First Amended Complaint – Case No.
CGC-06-457399

- 15 -

e) participating in concert with the Frank Rosen Defendants in an unmeritorious motion in the Delaware Action seeking to enforce the results of the proxy solicitation, without first ascertaining whether Forte had in fact prevailed in the proxy solicitation, including whether an Omnibus Proxy was required to have been delivered to SmartVideo, and in that same motion taking a position that was unsupported by law – specifically, that the issuer (SmartVideo) was itself required to obtain the Omnibus Proxy.

61.    As a proximate result of Defendant Harris Cramer's breach of contract as aforesaid, Forte has suffered damages in an amount to be proved that is in excess of the limited jurisdiction of this Court.

### FIFTH CAUSE OF ACTION
Breach of Written Contract
(Against the Frank Rosen Defendants)

62.    Plaintiff Forte hereby realleges and incorporates herein by reference the allegations of Paragraphs 1 through 40, inclusive, of the Complaint as though fully set forth herein.

63.    Plaintiff Forte entered into a contract with Defendant FRSM by which Defendant FRSM agreed to provide legal services to Plaintiff Forte to protect Plaintiff Forte's interests, and Plaintiff Forte agreed to pay Defendant FRSM for such services at a mutually agreed-to rate. The scope of the representation was subsequently expanded upon the oral agreement of the parties to apply to the proxy solicitation referenced above. An implied-in-fact term of this contract was that Defendant FRSM was to provide such services with reasonable care and skill.

64.    Plaintiff Forte performed all of its duties under this contract except to the extent that any were excused because of Defendant FRSM's breach of the contract.

65.     Defendant FRSM breached its contract with Plaintiff Forte when it failed to exercise reasonable care and skill in representing Forte by:

a) failing to request an Omnibus Proxy from DTC/Cede & Co.;

b) failing to instruct Forte of the necessity of such request;

c) failing to advise Forte of the necessity of obtaining an Omnibus Proxy in order to have the proxies voted on behalf of beneficial shareholders with custodial accounts be effective;

d) failing to undertake reasonable investigation of the facts and the law, which investigation would have disclosed that an Omnibus Proxy was necessary to validate proxies for SmartVideo shares held in custodial accounts; and

e) filing an unmeritorious motion in the Delaware Action seeking to enforce the results of the proxy solicitation, without first ascertaining whether Forte had in fact prevailed in the proxy solicitation, including determining whether an Omnibus Proxy was required to have been delivered to SmartVideo, and in that same motion taking a position that was unsupported by law – specifically, that the issuer (SmartVideo) was itself required to obtain the Omnibus Proxy;

f) failing to review the proxy consents received from Plaintiff to assure that they were in proper form, and to advise Plaintiff as to any consents that were not in proper form; and

g) failing to deliver all of the proxy consents to SmartVideo.

66.     As a proximate result of Defendant FRSM's breach of contract as aforesaid, Forte has suffered damages in an amount to be proved that is in excess of the limited jurisdiction of this Court.

First Amended Complaint – Case No.
CGC-06-457399

- 17 -

WHEREFORE Plaintiff Forte prays for judgment against Defendants as follows:

1. For monetary damages, in an amount to be proved at trial;

2. For attorneys' fees in the amounts Forte paid to Defendants;

3. For interest and costs of suit incurred herein;

4. For its attorneys' fees incurred herein; and

5. For such other and further relief as the Court may deem proper.

Dated: February 2, 2007

TRIAL & TECHNOLOGY LAW GROUP
A Professional Corporation
Attorneys for Plaintiff
FORTE CAPITAL PARTNERS, LLC

By: _____
Robert A. Spanner

First Amended Complaint – Case No.
CGC-06-457399

- 18 -

| | | | | |
|---|---|---|---|---|
| *Attorney or Party without Attorney:*<br>Trial & Technology Group<br>545 Middlefield Rd.<br>Ste. 220<br>Menlo Park, CA 94025<br>*Telephone No:* 650 324-2223    *FAX No:* 650 324-0178 | | | *For Court Use Only*<br><br>ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br><br>FEB 1 3 2007<br><br>GORDON PARK-LI, Clerk<br>BY:   WILLIAM TRUPEK<br>Deputy Clerk | |
| *Attorney for:* Plaintiff | | *Ref. No. or File No.:* | | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>San Francisco County Superior Court | | | | |
| *Plaintiff:* Forte Capitol Partners, LLC. | | | | |
| *Defendant:* Harris Cramer, LLP | | | | |
| **PROOF OF SERVICE**<br>**SCAMEND** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-06-457399 |

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Summons on First Amended Complaint and First Amended Complaint; Notice to Plaintiff; ADR Information Sheet; Case Management Statement; Judicial Mediation Program Information Mediation Services Brochure

3.  *a. Party served:*                       Harris Cramer, LLP
    *b. Person served:*                   Party in item 3a

4.  *Address where the party was served:*       1555 Palm Beach Lakes Blvd.
                                             # 310
                                             West Palm Beach, FL 33401

5.  *I served the party:*
    *b. by substituted service.* On: Thu., Feb. 08, 2007 at: 9:25AM I left the documents listed in item 2 with or in the presence of:
                                   Darryl Kramer, employee
    (1) **(Business)** a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the
          person served. I informed him or her of the general nature of the papers.
    (4) A declaration of mailing is attached.

6.  The *"Notice to the Person Served"* (on the Summons) was completed as follows:
    *on behalf of:*   Harris Cramer, LLP
    Under CCP 416.40 (association or partnership)

7.  *Person Who Served Papers:*                  Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. Laurie Wilkin                           d.   *The Fee for Service was:*   $100.00
    b. **1008 North Lakeside Drive**           e.   I am: (3) registered California process server
        Lake Worth, FL 33460                    (i)   Independent Contractor
    c. 800-655-7226                              (ii)   Registration No.:
                                          (iii)   County:        Santa Clara

BY FAX

EXHIBIT B

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    Date:Fri, Feb. 09, 2007

Judicial Council Form POS-010                   **PROOF OF SERVICE**                (Laurie Wilkin)
Rule 982.9.(a)&(b) Rev January 1, 2007                 **SCAMEND**                              *trial.146226*

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Trial & Technology Group<br>545 Middlefield Rd.<br>Ste. 220<br>Menlo Park, CA  94025<br>*Telephone No:* 650 324-2223     *FAX No:* 650 324-0178<br><br>*Attorney for:* Plaintiff | *For Court Use Only*<br>**ENDORSED**<br>**F I L E D**<br>San Francisco County Superior Court<br><br>**FEB 1 3 2007**<br><br>**GORDON PARK-LI, Clerk**<br>**WILLIAM TRUPEK**<br>BY: _____ Deputy Clerk |

*Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*
San Francisco County Superior Court

*Plaintiff:* Forte Capitol Partners, LLC.
*Defendant:* Harris Cramer, LLP.

| **PROOF OF SERVICE**<br>**SCAMEND** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-06-457399 |
|---|---|---|---|---|

*1.  At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Summons on First Amended Complaint and First Amended Complaint; Notice to Plaintiff; ADR Information
    Sheet; Case Management Statement; Judicial Mediation Program Information Mediation Services Brochure

3.  *a. Party served:*                       Michael D. Harris
    *b. Person served:*                    Party in item 3a.

4.  *Address where the party was served:*        1555 Palm Beach Lakes Blvd.
                                            # 310
                                            West Palm Beach, FL  33401

5.  *I served the party:*
    **b. by substituted service.** On: Thu., Feb. 08, 2007 at: 9:25AM I left the documents listed in item 2 with or in the presence of:
                                   Darryl Kramer, co-employee
      (1)  **(Business)** a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the
            person served. I informed him or her of the general nature of the papers.
      (4)  A declaration of mailing is attached.
      (5)  I attach a declaration of diligence stating actions taken first to attempt personal service.

6.  *The "Notice to the Person Served" (on the Summons) was completed as follows:*
    a. as an individual defendant

7.  *Person Who Served Papers:*                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
       a. Laurie  Wilkin                        *d.  The Fee for Service was:*  $125.00
       **b. 1008 North Lakeside Drive**          *e.  I am:* (3)  registered California process server
          Lake Worth, FL  33460                    *(i)*  Independent Contractor
       c. 800-655-7226                            *(ii)*  Registration No.:
                                                 *(iii)*  County:            Santa Clara

BY FAX

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Fri, Feb. 09, 2007

*(Laurie  Wilkin)*

| | For Court Use Only |
|---|---|
| *Attorney or Party without Attorney:*<br>Trial & Technology Group<br>545 Middlefield Rd.<br>Ste. 220<br>Menlo Park, CA 94025<br>*Telephone No:* 650 324-2223      *FAX No:* 650 324-0178<br>*Attorney for:* Plaintiff | **ENDORSED**<br>**F I L E D**<br>San Francisco County Superior Court<br><br>**FEB 1 3 2007**<br><br>**GORDON PARK-LI, Clerk**<br>BY: _____ **WILLIAM TRUPEK**<br>Deputy Clerk |
| *Ref. No. or File No.:* | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>San Francisco County Superior Court | |
| *Plaintiff:* Forte Capitol Partners, LLC. | |
| *Defendant:* Harris Cramer, LLP | |

| PROOF OF SERVICE<br>SCAMEND | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-06-457399 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons on First Amended Complaint and First Amended Complaint; Notice to Plaintiff; ADR Information Sheet; Case Management Statement; Judicial Mediation Program Information Mediation Services Brochure

3. a. *Party served:*            Frank, Rosen, Snyder & Moss, LLP
   b. *Person served:*           Alan L. Frank, Partner

4. *Address where the party was served:*     8380 Old York Road
                                             # 410
                                             Elkins Park, PA 19027

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Feb. 08, 2007 (2) at: 1:30PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   *on behalf of:* Frank, Rosen, Snyder & Moss, LLP
   Under CCP 416.40 (association or partnership)

7. *Person Who Served Papers:*                         Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Ron Stein                      d. *The Fee for Service was:*    $75.00
   b. 235 S. 3rd Street              e. I am: (3) registered California process server
      Philadelphia, PA 19107            (i)   Independent Contractor
   c. 800-655-7226                      (ii)  Registration No.:
                                        (iii) County:            Santa Clara

**BY FAX**

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date:Fri, Feb. 09, 2007

   _____
   (Ron Stein)

Judicial Council Form POS-010          PROOF OF SERVICE                          *trial.146222*
Rule 982.9(a)&(b) Rev January 1, 2007          SCAMEND

| Attorney or Party without Attorney:<br>Trial & Technology Group<br>545 Middlefield Rd.<br>Ste. 220<br>Menlo Park, CA 94025<br>Telephone No: 650 324-2223     FAX No: 650 324-0178 | For Court Use Only |
|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.: |

ENDORSED
F I L E D
San Francisco County Superior Court

FEB 1 3 2007

GORDON PARK-LI, Clerk
BY: WILLIAM TRUPEK
Deputy Clerk

Insert name of Court, and Judicial District and Branch Court:
San Francisco County Superior Court

Plaintiff: Forte Capitol Partners, LLC.

Defendant: Harris Cramer, LLP

| PROOF OF SERVICE<br>SCAMEND | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-06-457399 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons on First Amended Complaint and First Amended Complaint; Notice to Plaintiff; ADR Information Sheet; Case Management Statement; Judicial Mediation Program Information Mediation Services Brochure

3. a. *Party served:*        Alan L. Frank Law Associates, P.C.
   b. *Person served:*        Alan L. Frank, Esq.

4. *Address where the party was served:*        8380 Old York Road
                                                 # 410
                                                 Elkins Park, PA  19027

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Feb. 08, 2007 (2) at: 1:10PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  Alan L. Frank Law Associates, P.C.
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Ron Stein                          d.  *The Fee for Service was:*    $75.00
   b. 235 S. 3rd Street                  e.  I am: (3) registered California process server
      Philadelphia, PA  19107                 (i)   Independent Contractor
   c. 800-655-7226                             (ii)  Registration No.:
                                               (iii) County:        Santa Clara

**BY FAX**

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Fri, Feb. 09, 2007

*(Ron Stein)*

Judicial Council Form POS-010<br>Rule 982.9.(a)&(b) Rev January 1, 2007        PROOF OF SERVICE
SCAMEND                                                           trial.146221

| Attorney or Party without Attorney:<br>Trial & Technology Group<br>545 Middlefield Rd.<br>Ste. 220<br>Menlo Park, CA 94025<br>Telephone No: 650 324-2223     FAX No: 650 324-0178 | For Court Use Only<br><br>ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br><br>FEB 1 3 2007<br><br>GORDON PARK-LI, Clerk<br>BY: _____ WILLIAM TRUPEK _____<br>Deputy Clerk |
|---|---|

Attorney for: Plaintiff                           Ref. No. or File No.:

Insert name of Court, and Judicial District and Branch Court:
  San Francisco County Superior Court

Plaintiff: Forte Capitol Partners, LLC.
Defendant: Harris Cramer, LLP

| PROOF OF SERVICE<br>SCAMEND | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-06-457399 |
|---|---|---|---|---|

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of the Summons on First Amended Complaint and First Amended Complaint; Notice to Plaintiff; ADR Information
    Sheet; Case Management Statement; Judicial Mediation Program Information Mediation Services Brochure

3.  a. Party served:                              Alan L. Frank
    b. Person served:                             Alan L. Frank

4.  Address where the party was served:           8380 Old York Road
                                                  # 410
                                                  Elkins Park, PA  19027

5.  I served the party:
    a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
       process for the party (1) on: Thu., Feb. 08, 2007 (2) at: 1:10PM

6.  The "Notice to the Person Served" (on the Summons) was completed as follows:
    a. as an individual defendant

7.  Person Who Served Papers:                     Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. Ron Stein                            d.  The Fee for Service was:    $100.00
    b. 235 S. 3rd Street                    e.  I am: (3)  registered California process server
       Philadelphia, PA  19107                  (i)  Independent Contractor
    c. 800-655-7226                             (ii)  Registration No.:
                                                (iii)  County:            Santa Clara

8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Date: Fri, Feb. 09, 2007

                                                  _____
                                                       (Ron Stein)

Judicial Council Form POS-010            PROOF OF SERVICE                                     trial.J46223
Rule 982.9.(a)&(b) Rev January 1, 2007   SCAMEND

BY FAX

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| Trial & Technology Group<br>545 Middlefield Rd.<br>Ste. 220.<br>Menlo Park, CA 94025<br>*Telephone No:* 650 324-2223          *FAX No:* 650 324-0178 | | **ENDORSED**<br>**F I L E D**<br>San Francisco County Superior Court<br><br>FEB 1 3 2007<br><br>GORDON PARK-LI, Clerk<br>BY: _____ WILLIAM TRUPEK<br>Deputy Clerk |
| *Attorney for:* Plaintiff | *Ref. No. or File No.:* | |

| *Insert name of Court, and Judicial District and Branch Court:* |
|---|
| San Francisco County Superior Court |
| *Plaintiff:* Forte Capitol Partners, LLC. |
| *Defendant:* Harris Cramer, LLP |

| **PROOF OF SERVICE**<br>**SCAMEND** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-06-457399 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons on First Amended Complaint and First Amended Complaint; Notice to Plaintiff; ADR Information Sheet; Case Management Statement; Judicial Mediation Program Information Mediation Services Brochure

3. a. *Party served:*          Marc H. Snyder
   b. *Person served:*        Party in item 3a.

4. *Address where the party was served:*          1212 Heather Lane
                                                  Wilmington, DE

5. *I served the party:*
   b. by substituted service. On: Thu., Feb. 08, 2007 at: 9:30AM I left the documents listed in item 2 with or in the presence of:
      Sid Snyder, Father, Caucasian, Male, 65 Years Old, Grey Hair, 5 Feet 9 Inches,
      190 Pounds
   (2) **(Home)** Competent Member of the Household over 18. I informed him or her of the general nature of the papers.
   (4) A declaration of mailing is attached.
   (5) I attach a declaration of diligence stating actions taken first to attempt personal service.

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. *Person Who Served Papers:*                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Brett DeNorris
   b. 2500 Delaware Avenue              d. *The Fee for Service was:*   $125.00
      Wilmington, DE 19806              e. I am: (3) registered California process server
   c. 800-655-7226                         (i)   Independent Contractor
                                           (ii)  Registration No.:
                                           (iii) County:          Santa Clara

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Fri, Feb. 09, 2007

Judicial Council Form POS-010                    PROOF OF SERVICE                    (Brett DeNorris)        trial.146224
Rule 982.9.(a)&(b) Rev January 1, 2007                SCAMEND

BY FAX

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

|          |                              |
|----------|------------------------------|
| **DATE:**  | APR-06-2007                |
| **TIME:**  | 9:00AM                     |
| **PLACE:** | **Department 212**<br>**400 McAllister Street**<br>**San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 212 (g)(1) requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**



EXHIBIT
C

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:** APR-06-2007
>
> **TIME:** 9:00AM
>
> **PLACE:** Department 212
> 400 McAllister Street
> San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

---

CRC 212 (g)(1) requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

1   Robert A. Spanner, Esq., State Bar No. 60308
    TRIAL & TECHNOLOGY GROUP
2   A Professional Law Corporation
    545 Middlefield Road, Suite 220
3   Menlo Park, California 94025
    Telephone:   (650) 324-2223
4   Facsimile:    (650) 324-0178

5   Attorneys for Plaintiff
6   FORTE CAPITAL PARTNERS, LLC,

**FILED**

San Francisco County Superior Court

DEC 2 6 2006

GORDON PARK-LI, Clerk

BY: _____
              Deputy Clerk

DEC 2 0 2006

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                        COUNTY OF SAN FRANCISCO

9

10  FORTE CAPITAL PARTNERS, LLC, *et*   )   Case No.  CGC 06-457399
    *al.*,                               )
11                                       )   [PROPOSED] ORDER GRANTING
                Plaintiffs,              )   PLAINTIFF'S EX PARTE
12                                       )   APPLICATION EXTENDING TIME
        vs.                              )   IN WHICH TO SERVE SUMMONS
13                                       )   AND COMPLAINT
    HARRIS CRAMER, LLP, *et al.*,        )   to 2-13-07          **BY FAX**
14                                       )
15              Defendants.              )
                                         )
16  _____  )

17          Upon the *ex parte* application of Plaintiff Forte Capital Partners, LLC ("Forte") for

18  issuance of an order extending the time in which to serve the summons and complaint in

19  this action on all defendants, and good cause appearing therefor,

20          IT IS HEREBY ORDERED THAT Plaintiff's application is GRANTED.  All

21  defendants must be served with the summons and complaint in this case by February 13,

22  2007.

23

24  Dated:  12-26-06                      *Arlene T. Borick*
25                                        SUPERIOR COURT JUDGE
                                          ARLENE T. BORICK
26                                        Judge Pro Tempore

27  _____
    Order Granting App. To Extend Time
28  To Serve – Case No. CGC 06-457399              1

TRIAL &
TECHNOLOGY
LAW GROUP

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
HARRIS CRAMER, L.L.P., a partnership; MICHAEL D. HARRIS; GREGORY
MARKS; FRANK, ROSEN, SNYDER & MOSS, L.L.P., a limited partnership; ALAN
L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK, JOEL I.
FISHBEIN; MARC H. SNYDER and DOES 1-50, inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FORTE CAPITAL PARTNERS, LLC, a Delaware limited liability
corporation

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
(Número del Caso): 06-457399

San Francisco Superior Court, Civic Center Courthouse, 400 County Center, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert A. Spanner, Esq. (SBN 60308), Trial & Technology Law Group, A Professional Corporation, 545
Middlefield Road, Suite 220, Menlo Park, CA 94025 Telephone: (650) 324-2223

DATE:      October 26, 2006          OCT 27 2006     Clerk, by   Deborah Stepp  Deputy
*(Fecha):*                    Gordon Park-Li *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)
SUMMONS
Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

BY FAX

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Robert A. Spanner, Esq. (SBN 60308) Andrew R. Kislik, Esq., Of Counsel (SBN 118772)<br>Trial and Technology Law Group, A Professional Corporation<br>545 Middlefield Road, Suite 220<br>Menlo Park, CA 94025 | |

TELEPHONE NO: (650) 324-2223     FAX NO: (650) 324-0178

ATTORNEY FOR (Name): Forte Capital Partners, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center

**ENDORSED**
**FILED**
San Francisco County Superior Court

**OCT 27 2006**

GORDON PARK-LI, Clerk
BY: DEBORAH STEPPE
Deputy Clerk

CASE NAME:   Forte Capital Partners, LLC v. Harris Cramer, L.L.P., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | | CGC-06-457399 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☑ Intellectual property (19)
☑ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action (specify):  3

5. This case ☐ is ☑ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 26, 2006

Robert A. Spanner, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

FILED
San Francisco County Superior Court

OCT 2 7 2006

GORDON PARK-LI, Clerk
BY: _Deborah Steppe_
DEBORAH STEPPE, Deputy Clerk

SUMMONS ISSUED

1   Robert A. Spanner, Esq., State Bar No. 60308
2   TRIAL & TECHNOLOGY GROUP   *CASE MANAGEMENT CONFERENCE SET*
    A Professional Law Corporation
3   545 Middlefield Road, Suite 220
    Menlo Park, California 94025                *APR 0 6 2007 - 9:00 AM*
4   Telephone:    (650) 324-2223
    Facsimile:    (650) 324-0178               *DEPARTMENT 212*
5
6   Attorneys for Plaintiff
    FORTE CAPITAL PARTNERS, LLC
7
8
9               SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                  CITY AND COUNTY OF SAN FRANCISCO
11
12  FORTE CAPITAL PARTNERS, LLC, a          )  Case No. **CGC-06-457399**
13  Delaware limited liability company,     )
                                            )
14              Plaintiff,                   )  COMPLAINT
                                            )
15      vs.                                  )
                                            )
16  HARRIS CRAMER, L.L.P., a partnership;    )          BY FAX
17  MICHAEL D. HARRIS; GREGORY              )
    MARKS; FRANK, ROSEN, SNYDER &           )
18  MOSS, L.L.P., a limited partnership; ALAN )
    L. FRANK LAW ASSOCIATES, P.C., a        )
19  corporation; ALAN L. FRANK, JOEL I.      )
    FISHBEIN; MARC H. SNYDER and DOES        )
20  1-50, inclusive,                         )
                                            )
21                                           )
22              Defendants.                  )
                                            )
23
24      Plaintiff Forte Capital Partners, LLC, for its Complaint against Defendants, states as
25  follows:
26
27
28

Complaint –

## PARTIES

1.      Plaintiff Forte Capital Partners, LLC ("Forte") is a limited liability corporation organized under the laws of the State of Delaware, with its principal and sole place of business in San Francisco, California.

2.      Defendant Harris Cramer, LLP ("Harris Cramer") is, on information and belief, a limited partnership.

3.      Defendant Michael D. Harris ("Harris") is and at all times herein material was the named partner in Harris Cramer.  At all times mentioned herein, Harris was acting as an agent of Harris Cramer and in doing all of the things alleged herein was acting within the scope of such agency.

4.      Defendant Gregory Marks ("Marks") is, and at all times mentioned herein was, an attorney.  At all times mentioned herein, Marks was acting as an agent of Harris and/or Harris Cramer and in doing all of the things alleged herein was acting within the scope of such agency.  (Defendants Harris, Marks and Harris Cramer will be referred to collectively herein as the "Harris Cramer Defendants".)

5.      Defendant Frank, Rosen, Snyder & Moss, L.L.P. ("FRSM") is a limited partnership.

6.      Defendant Alan L. Frank Law Associates, P.C. ("ALFLA") is a professional corporation.  ALFLA is, on information and belief, the successor to FRSM.

7.      Defendant Alan L. Frank ("Frank") is, and at all times mentioned herein was, a partner in FRSM and/or a principal of ALFLA.

8.      Defendant Joel I. Fishbein ("Fishbein") is, and at all times herein mentioned was, an attorney.  At all times mentioned herein, Fishbein was acting as an agent of Frank, FRSM

Complaint –

- 2 -

1  and/or ALFLA and in doing all of the things alleged herein was acting within the scope of such

2  agency.

3
4      9.    Defendant Marc H. Snyder ("Snyder") is, and at all times mentioned herein was,

5  an attorney licensed to practice in the State of Delaware.  Defendant Snyder was, at all times

6  mentioned herein, a partner in FRSM.  (Defendants FRSM, ALFLA, Frank, Fishbein and Snyder

7  will be referred to collectively herein as the "Frank Rosen Defendants".)

8      10.    At all times mentioned herein, the Frank Rosen Defendants were acting as agents

9  of FRSM and/or AFLA, and/or as agents for each other, and in doing all of the things alleged

10
11  herein each was acting within the scope of such agency.

12      11.    Defendants Does 1 through 50, inclusive, are sued here pursuant to the provisions

13  of Code of Civil Procedure Section 474.  Plaintiff will amend its Complaint to allege their true

14  names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges

15  that each DOE defendant is responsible in some manner for the occurrences herein alleged, and

16
17  that each DOE defendant proximately caused Plaintiff's damages.

18      12.    At all relevant times, Defendants Does 1 through 50 were the agents, servants

19  and/or employees of each of the remaining Defendants, and were acting within the full course

20  and scope of said employment and/or agency.

21      13.    This Court has subject matter jurisdiction because the amount in controversy

22  exceeds $25,000, and venue is proper in this Court pursuant to Code Civ. P. §§395.5 and 410.10.

23
24                              OPERATIVE FACTS

25      14.    At all times mentioned herein, Forte was a holder of common stock of Smartvideo

26  Technologies, Inc. ("Smartvideo") and warrants to purchase common stock.

27
28
_____

Complaint –                          - 3 -

15.     In or about May, 2005, Forte came to the conclusion that under the Board of Directors of Smartvideo, the company's assets were being diminished by corporate waste and the shares of the company were declining due to poor management, and the shareholder equity was being severely diluted by the wasteful issuance of new shares. Forte decided to seek removal of the directors and replacement of the existing board with new directors.

16.     In or about May, 2005 Forte contacted the Frank Rosen Defendants for legal counsel regarding the appropriate course of action to be taken to remove Smartvideo's Board of Directors and to prevent corporate waste at Smartvideo. Defendant Frank told Forte that the Frank Rosen Defendants possessed the requisite knowledge, skill and expertise necessary to represent and advise Forte with respect to this matter.

17.     In or about May, 2005, the Frank Rosen Defendants advised Forte to employ the Harris Cramer Defendants to advise Forte regarding the preparation and conduct of a proxy solicitation to remove Smartvideo's Board of Directors and to install new directors. On information and belief, the Frank Rosen Defendants had no knowledge whatever as to whether the Harris Cramer Defendants possessed the requisite, knowledge, skill and experience for such an engagement, or indeed whether they had any experience with contested proxy solicitations.

18.     Forte, upon the advice of the Frank Rosen Defendants, engaged the Harris Cramer Defendants to have the Harris Cramer Defendants represent Forte in connection with the preparation and conduct of a consent solicitation and other matters that might arise with regard to Smartvideo.

19.     Forte entered into a professional agreement with the Frank Rosen Defendants by which the Frank Rosen Defendants agreed to represent Forte in litigation against Smartvideo and

Complaint —

- 4 -

1  its current officers and directors concerning corporate waste and dilution of shareholdings of

2  existing shareholders.

3      20.    During the course of Defendants' representation of Forte, the Frank Rosen

4  Defendants and the Harris Cramer Defendants advised Forte that to accomplish the purposes for

5  which each of Defendant law firms was of the engaged, Forte, at the direction and under the

6

7  control of Defendants, should commence a consent and proxy solicitation pursuant to Section 14

8  of the Securities Exchange Act of 1934 (15 U.S.C. §78n).

9      21.    At all times mentioned herein, the Harris Cramer Defendants and the Frank Rosen

10 Defendants communicated with and consulted with each other regarding the strategy, planning

11

12 and execution of acts to be taken by all Defendants to accomplish Forte's express goal of

13 removing Smartvideo's Board of Directors and installing new directors, such that the Harris

14 Cramer Defendants and the Frank Rosen Defendants acted as agents for each other, and all acts

15 alleged herein were within the scope of such agency.

16     22.    Throughout the period June, 2005, through October, 2005, during the course of

17

18 the Harris Cramer Defendants' representation of Forte as aforesaid, the Harris Cramer

19 Defendants obtained from Forte documents and information from which the Harris Cramer

20 Defendants prepared consent and proxy solicitation materials ("Proxy Materials"), which they

21 then advised Forte to send to Smartvideo shareholders. The Proxy Materials requested

22 shareholders of Smartvideo to deliver signed consents to Forte at its office in San Francisco if

23

24 shares were held by shareholders in their own name. The Proxy Materials directed shareholders

25 who held shares in the name of an entity such as a custodian, broker, bank or institution to

26 contact the person responsible for the account and to send a copy of any such instruction to Forte.

27 The Proxy Materials requested Smartvideo shareholders to contact Forte with questions.

28

Complaint –                              - 5 -

23. In or about June, 2005 and in or about August, 2005, during the course of the Harris Cramer Defendants' representation of Forte as aforesaid, the Harris Cramer Defendants caused Forte, at the direction of the Harris Cramer Defendants, to issue from Forte's offices the aforementioned Proxy Materials to Smartvideo's shareholders, and to Smartvideo's transfer agent.

24. Commencing in or about June, 2005, during the course of Defendants' representation of Forte, Plaintiff Forte, acting pursuant to advice and instruction it received from Defendants, sent written communications from Forte's offices in San Francisco to ADP, which serves as a proxy agent for brokerage firms and custodial banks, distributing proxy materials to beneficial shareholders requesting voting instructions. By such communications, Forte requested that ADP process the proxy.

25. Commencing in or about September, 2005, during the course of Defendants' representation of Forte, Plaintiff Forte, acting pursuant to advice and instruction it received from Defendants, communicated with Smartvideo shareholders from its office in San Francisco during the consent solicitation period regarding the proxy solicitation prepared and conducted with the advice and counsel of the Defendants.

26. In or about September and October, 2005, during the course of the Defendants' representation of Forte as aforesaid, and on the advice and under the direction of Defendants, Forte received proxy consent cards and emails from Smartvideo shareholders in response to the aforementioned Proxy Materials. Forte counted the number of shares voted in favor of its proxy solicitation, and transmitted the results of the tabulation and the proxies received to the Frank Rosen Defendants who, in turn, delivered the proxies to Smartvideo.

Complaint –                                           - 6 -

27.     In or about July, 2005, the Frank Rosen Defendants filed, on behalf of Forte, an action in the Delaware Court of Chancery entitled *Forte Capital Partners, LLC v. Richard E. Bennett, Jr., et al.*, C.A. No. 1495-N (the "Delaware Action"). In or about October, 2005 in the Delaware action the Frank Rosen Defendants filed, *inter alia*, a motion for a temporary restraining order seeking to, *inter alia*, enjoin Smartvideo's Board of Directors from taking any action on behalf of the company, and prohibiting Smartvideo from prosecuting any action to subvert the aforementioned consent solicitation.

28.     In or about November, 2005, counsel for Smartvideo challenged the application for temporary restraining order on the grounds, *inter alia*, that Forte had not succeeded in obtaining the number of votes it needed to remove Smartvideo's Board of Directors and elect new directors because Forte had failed to request an Omnibus Proxy from DTC/Cede & Co, the shareholder of record for brokerage firms and custodial banks. Smartvideo's counsel alleged that as a result of Forte's failure to obtain an Omnibus Proxy and deliver it to Smartvideo, none of the shares voted held by DTC/Cede & Co. could be counted. None of the Defendants, who were advising Forte in connection with the proxy solicitation process had ever procured an Omnibus Proxy on behalf of Forte, or advised Forte of the necessity for an Omnibus Proxy, or counselled Forte to request an Omnibus Proxy.

29.     On or about November 17, 2005, during a telephonic conference held by Vice Chancellor Strine in the Delaware Action, the Frank Rosen Defendants admitted that Forte's counsel failed to request or to direct Forte to request an Omnibus Proxy from DTC/Cede & Co. During that same telephonic conference Vice Chancellor Strine told the Frank Rosen Defendants that if Forte had failed to comply with the requirement that it obtain and deliver an Omnibus

Complaint –

- 7 -

Proxy, then Forte should dismiss its action. Upon the advice of the Frank Rosen Defendants,

Forte authorized the Frank Rosen Defendants to dismiss the action.

30.    As a result of Defendant's negligent acts and omissions as aforesaid, Forte's

efforts to remove Smartvideo's Board of Directors and to gain control of the company through

election of a new slate of directors failed.

31.    Had Defendants procured an Omnibus Proxy, the proxy votes covered by the

Omnibus Proxy would have been validated, Forte would have prevailed in the proxy solicitation,

and Forte's slate of directors would have succeeded in gaining control of Smartvideo.

32.    As a proximate result of the foregoing acts and omissions of Defendants, the value

of Smartvideo has declined by millions of dollars due to the acts of the entrenched board and

management of Smartvideo and Forte's inability to replace the board and management through

election of its slate of directors proposed in the aforementioned proxy solicitation.

## FIRST CAUSE OF ACTION
### Professional Negligence
### (Against the All Defendants)

33.    Plaintiff Forte hereby realleges and incorporates herein by reference the

allegations of Paragraphs 1 - 32, inclusive, of the Complaint as though fully set forth herein.

34.    At all times mentioned herein, the Defendants, as counsel for Forte, failed to

exercise reasonable care and skill in representing Forte by:

a) failing to request an Omnibus Proxy from DTC/Cede & Co.;

b) failing to instruct Forte of the necessity of such request;

c) failing to advise Forte of the necessity of obtaining an Omnibus Proxy in order

to have the proxies voted on behalf of beneficial shareholders with custodial

accounts be effective;

Complaint –

- 8 -

d) failing to undertake reasonable investigation of the facts and the law which

investigation would have disclosed that an Omnibus Proxy was necessary to

validate proxies for Smartvideo shares held in custodial accounts; and

e) filing an unmeritorious motion in the court in the Delaware Action seeking to

enforce the results of the proxy solicitation, without first ascertaining whether

Forte had in fact prevailed in the proxy solicitation, including determining

whether an Omnibus Consent was required to have been delivered to Smartvideo,

and in that same motion taking a position that was unsupported by law –

specifically, that the issuer (Smartvideo) was required to obtain the Omnibus

Proxy.

35.     As a proximate result of Defendants' negligence as aforesaid, Forte has suffered

damages in an amount to be proved that is in excess of the limited jurisdiction of this Court.

## SECOND CAUSE OF ACTION
### Negligent Referral
(Against the Frank Rosen Defendants and DOES 1-50, inclusive)

36.     Plaintiff Forte hereby realleges and incorporates herein by reference the

allegations of Paragraphs 1 - 35, inclusive, of the Complaint as though fully set forth herein.

37.     The Frank Rosen Defendants, as counsel for Forte, had an ongoing duty to Forte

to investigate whether the Harris Cramer Defendants possessed the requisite, knowledge, skill

and experience to represent Forte in connection with a consent solicitation and other matters that

might arise with Smartvideo, or indeed whether the Harris Cramer Defendants had any

experience with contested consent proxy solicitations in order for the Harris Cramer Defendants

to perform all necessary, reasonable and appropriate acts to protect Forte and its interests, and the

Complaint –

- 9 -

1   Frank Rosen Defendants had an ongoing duty to disclose to Forte that it had not in fact

2   conducted such an investigation.

3       38.   The Frank Rosen Defendants breached the duty owed to Forte by failing to

4
5   investigate whether the Harris Cramer Defendants did in fact possess the requisite, knowledge,

6   skill and experience for such an engagement, or indeed whether they had any experience with

7   contested consent proxy solicitations in order to perform all necessary, reasonable and

8   appropriate acts to protect Forte and its interests.

9       39.   The Frank Rosen Defendants also breached the duty owed to Forte by failing to

10
11  disclose that the Frank Rosen Defendants failed to make the above-described investigation.

12      40.   As a proximate result of the Frank Rosen Defendants' negligence as aforesaid,

13  Forte has suffered damages in an amount to be proved that is in excess of the limited jurisdiction

14  of this Court.

15                          **THIRD CAUSE OF ACTION**
16                            Negligent Misrepresentation
                   (Against the Frank Rosen Defendants and DOES 1-50, inclusive)
17
18      41.   Plaintiff Forte hereby realleges and incorporates herein by reference the

19  allegations of Paragraphs 1 - 40, inclusive, of the Complaint as though fully set forth herein.

20      42.   On information and belief, the Frank Rosen Defendants were counsel for Richard

21  Siefert ("Siefert"), who was a member of the shareholder dissident group to which Forte

22  belonged.

23      43.   On information and belief, in or about May, 2005 Siefert contacted the Frank

24
25  Rosen Defendants and informed the Frank Rosen Defendants that the aforesaid dissident group,

26  including Plaintiff Forte, required the services of an attorney or a law firm to represent it in

27  connection with a proxy solicitation for a Delaware corporation.

28

---

Complaint –                                    - 10 -

44.    In or about June, 2005, the Frank Rosen Defendants referred Siefert to the Harris Cramer Defendants for the purposes set forth above. Siefert, in turn, communicated the Frank Rosen Defendants' referral to Plaintiff Forte.

45.    At the time the Frank Rosen Defendants made the aforementioned referral, the Frank Rosen Defendants knew that the referral would be given to, and relied upon, by Plaintiff Forte.

46.    As a proximate result of the Frank Rosen Defendants' referral of the Harris Cramer Defendants, Plaintiff Forte engaged the services of the Harris Cramer Defendants and suffered damages in an amount to be proved that is in excess of the jurisdictional limits of this Court, which will be proved at trial.


WHEREFORE Plaintiff Forte prays for an order against Defendants as follows:

On the First Cause of Action:

1.    For monetary damages, in an amount to be proved at trial;

2.    For attorneys' fees in the amounts Forte paid to Defendants;

3. For interest and costs of suit incurred herein; and

4. For such other and further relief as the Court may deem proper.

On the Second and Third Causes of Action:

1. For monetary damages, in an amount to be proved at trial;

2. For interest and costs of suit incurred herein; and

Complaint –

- 11 -

3. For such other and further relief as the Court may deem proper.

Dated: October 27, 2006

TRIAL & TECHNOLOGY LAW GROUP
A Professional Corporation
Attorneys for Plaintiff
FORTE CAPITAL PARTNERS, LLC

By: _____

Robert A. Spanner

Complaint –

- 12 -