JEFFREY M. VUCINICH, ESQ. BAR#: 67906
JOSHUA W. ROSE, ESQ. BAR#: 191024
JAMES E. BURNS, ESQ. BAR#: 241864
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendants
FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK and MARC H. SNYDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HARRIS CRAMER, L.L.P., a partnership; MICHAEL D. HARRIS; FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK; MARC H. SNYDER; and DOES 1-50, inclusive, | CASE NO.: C07-01237 MJJ<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>Date: April 24, 2007<br>Time: 9:30 a.m.<br>Location: Courtroom 11, 19th Floor<br>Judge: Martin J. Jenkins |

## I.

## INTRODUCTION

Comes now defendants FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK and MARC H. SNYDER, and file this motion to dismiss for failure to state a claim pursuant to Rule 12(B)(6). As discussed below, the complaint contains no statement of damages and any calculation of damages would hence be based solely on speculation and conjecture.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY
BE GRANTED

G:\Data\DOCS\0395\03755\Mot-Dismiss-MPA.pld

## II.

## STATEMENT OF FACTS

Plaintiff FORTE CAPITAL PARTNERS, LLC is a limited liability company organized under the laws of the State of Delaware with its principle place of business in San Francisco, California. Plaintiff alleges in the complaint that it was a holder of common stock of SmartVideo Technologies, Inc. ("SmartVideo") in or about 2005. Plaintiff alleges that prior to May, 2005 it became concerned about actions of the board of directors of SmartVideo. In or about May, 2005 plaintiff allegedly contacted defendant ALAN FRANK, a citizen of Pennsylvania and former attorney with the law firm FRANK, ROSEN, SNYDER & MOSS, L.L.P. FRANK, ROSEN, SNYDER & MOSS, L.L.P., a Pennsylvania limited partnership with its principal place of business in Elkins Park, Pennsylvania. FRANK, ROSEN, SNYDER & MOSS, L.L.P. is in the process of winding down its business and Mr. Frank is no longer associated with the firm. Mr. Frank now works for Defendant ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in Elkins Park, Pennsylvania.

Mr. Frank informed plaintiff that he lacked the expertise necessary to counsel plaintiff regarding actions that could be taken with respect to the board of directors of SmartVideo. Mr. Frank allegedly referred plaintiff to defendant MICHAEL D. HARRIS of HARRIS CRAMER, LLP. Defendant HARRIS CRAMER, L.L.P. is a Florida partnership with its principal place of business in West Palm Beach, Florida. Defendant MICHAEL D. HARRIS is a citizen of Florida, as are the remaining partners of HARRIS CRAMER, L.L.P.

Mr. Harris allegedly recommended that plaintiff conduct a proxy solicitation and to file a lawsuit in Delaware Chancery Court to replace SmartVideo's board of directors. Subsequent to the initiation of the proxy solicitation and the filing of the related Delaware lawsuit, it came to the attention of the parties that the proxy solicitation had not been conducted properly and plaintiff dismissed the Delaware action. Plaintiff alleges it was damaged to the extent the value of it's share of stock in SmartVideo was diminished due to the failure of the proxy solicitation and the related Delaware lawsuit.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

2

G:\Data\DOCS\0395\03755\Mot-Dismiss-MPA.pld

Specifically, the complaint alleges:

37. As a result of Defendants' negligent acts and omissions as aforesaid, Forte's efforts to remove SmartVideo's Board of Directors and to gain control of the company through election of a new slate of Directors failed.

38. Had Defendants procured an Omnibus Proxy or advised Plaintiff to seek an Omnibus Proxy, and had Defendants advised Plaintiff of defects in the form of certain of the proxy consents received by Plaintiff so that the defects could be corrected, the proxy consents for which the shareholder of record was DTC/Cede & Co. would have been counted and the proxy consents that were disallowed for defects in form would have been counted, as a result of which Forte would have prevailed in the proxy solicitation, and Forte's proposed slate of directors would have been elected.

39. The Board of Directors of SmartVideo, during its tenure since the proxy solicitation failed:

    a) have generated virtually no revenues whatever;

    b) have authorized issuance of tens of millions of shares, substantially diluting Forte's ownership of the company; and

    c) allowed SmartVideo's competitive technological advantaged to be dissipated by management, which failed to get SmartVideo's product into the marketplace, and the Board utterly failed to hold management accountable for its failure to sell the company's product.

40. As a proximate result of the foregoing acts and omissions of Defendants, Forte lost millions of dollars.

///

///

## III.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure, Rule 12(b)(6) states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted.

In this case, the complaint contains no statement of damages and the evidence suggests that any calculation of damages could only be based on speculation and conjecture. Plaintiff alleges in the complaint that the negligence of the defendants hampered plaintiff's efforts to remove the Board of Directors of SmartVideo. There is no evidence that plaintiff would have succeeded in removing the Board of Directors of SmartVideo even absent Defendants' alleged negligence. Plaintiff next alleges that the value of plaintiff's stock in SmartVideo has been negatively impacted by the actions of the current Board of Directors of SmartVideo.

There is no evidence which suggests that any diminution in the value of plaintiff's interest in SmartVideo would not have occurred had plaintiff successfully removed SmartVideo's Board of Directors. There is no evidence demonstrating one way or another whether any loss suffered by plaintiff was do to market factors beyond the control of any board of directors or other factors which would not have been affected by a change in the board of Directors of SmartVideo. There is no way of demonstrating what might have happened to the value of SmartVideo had plaintiff successfully removed the Board of Directors and for this reason plaintiff's alleged damages in the amount of "millions of dollars" can be based only on speculation and conjecture. Speculation and conjecture, however, and insufficient as a matter of law to support a finding of damages.

///

///

///

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED       4

G:\Data\DOCS\0395\03755\Mot-Dismiss-MPA.pld

IV.

CONCLUSION

Defendant respectfully moves this court for an order dismissing each of plaintiff's causes of action because plaintiff has failed to state a claim as a matter of law because the complaint does not contain, and plaintiff cannot reasonably articulate, a statement of damages.

DATED: March 19, 2007

CLAPP, MORONEY, BELLAGAMBA and VUCINICH

By: _____
JEFFREY M. VUCINICH, ESQ.
Attorney for Defendants
FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK and MARC H. SNYDER

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

5

G:\Data\DOCS\0395\03755\Mot-Dismiss-MPA.pld

**FORTE CAPITAL PARTNERS, LLC v. HARRIS CRAMER, LLP, et al.**
United States District Court, Northern District of California Case No. C07-01237 MJJ

**PROOF OF SERVICE**

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066. On the date indicated below, I served the within:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

on the parties in this action by transmitting a true copy of the foregoing document(s) in the following manner:

| | |
|---|---|
| Robert A. Spanner, Esq.<br>Trial & Technology Group<br>545 Middlefield Road, Suite 220<br>Menlo Park, CA 94025<br>Tel: (650) 324-2223<br>Fax: (650) 324-0178<br>***Attys for Plaintiff Forte Capital Partners, LLC*** | Russell S. Roeca, Esq.<br>Edward D. Haas, Esq.<br>Daniel Hager, Esq.<br>**Roeca Haas Hager LLP**<br>180 Sutter Street, Suite 200<br>San Francisco, CA 94104<br>Tel: (415) 352-0980<br>Tel: (415) 901-4201 (Roeca direct)<br>Fax: (415)352-0988<br>e-mail: rroeca@r2hlaw.com<br>www.r2hlaw.com<br>*Atty for Defendants MICHAEL D. HARRIS and HARRIS CRAMER, L.L.P., a partnership* |

☐ (BY MAIL) Pursuant to Code of Civil Procedure §1013(a), I placed a true copy thereof enclosed in a sealed envelope, addressed as set forth above, and deposited each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Clapp, Moroney, Bellagamba & Vucinich. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing of in affidavit.

☐ (BY PERSONAL SERVICE) I caused to be delivered by hand this date each of the above documents, to the following:

☐ (BY FACSIMILE) I caused each of the above documents to be faxed this date to the offices of the following:

☐ (BY FEDEX) I caused each of the above documents to be sent by FedEx this date to the offices of the following:

☒ (BY ECF Pacer) I caused to be delivered by ECF Pacer this date each of the above documents, for which our office will maintain the ECF Pacer filing receipt, to the following:

G:\Data\DOCS\0395\03755\POS-District

1  |  Executed on March 19, 2007 at San Bruno, California. I declare under penalty of perjury
2  |  under the laws of the State of California that the foregoing is true and correct.

_____
Claudia Gomez