JEFFREY M. VUCINICH, ESQ.  BAR#: 67906
JOSHUA W. ROSE, ESQ.  BAR#: 191024
JAMES E. BURNS, ESQ.  BAR#: 241864
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA  94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendants
FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW
ASSOCIATES, P.C., a corporation; ALAN L. FRANK and MARC H. SNYDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HARRIS CRAMER, L.L.P., a partnership; MICHAEL D. HARRIS; FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK; MARC H. SNYDER; and DOES 1-50, inclusive, | CASE NO.: C07-01237 MJJ<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER ACTION TO UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. § 1404(A)**<br><br>Date:       April 24, 2007<br>Time:       9:30 a.m.<br>Location:   Courtroom 11, 19th Floor<br>Judge:      Martin J. Jenkins |

## I.

## INTRODUCTION

Comes now defendants FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK and MARC H. SNYDER, and file this motion to transfer this case to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a).  As discussed below, the only nexus between the complaint and California is the residence of the plaintiff.  None of the individually named defendants

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' MOTION TO TRANSFER ACTION TO
UNITED STATES DISTRICT COURT, DISTRICT OF
DELAWARE PURSUANT TO 28 U.S.C. § 1404(A)

G:\Data\DOCS\0395\03755\Mot-Ve
nue-MPA.pld

reside in California, none of the corporate defendants do business in California and none of the events giving rise to the complaint occurred in California. Defendants respectfully move this court for an order transferring the case to the District Court for the District of Delaware.

## II.

## STATEMENT OF FACTS

Plaintiff FORTE CAPITAL PARTNERS, LLC is a limited liability company organized under the laws of the State of Delaware with its principle place of business in San Francisco, California. Plaintiff alleges in the complaint that it was a holder of common stock of SmartVideo Technologies, Inc. ("SmartVideo") in or about 2005. Plaintiff alleges that prior to May, 2005 it became concerned about actions of the board of directors of SmartVideo. In or about May, 2005 plaintiff allegedly contacted defendant ALAN FRANK, a citizen of Pennsylvania and former attorney with the law firm FRANK, ROSEN, SNYDER & MOSS, L.L.P. FRANK, ROSEN, SNYDER & MOSS, L.L.P., a Pennsylvania limited partnership with its principal place of business in Elkins Park, Pennsylvania. FRANK, ROSEN, SNYDER & MOSS, L.L.P. is in the process of winding down its business and Mr. Frank is no longer associated with the firm. Mr. Frank now works for Defendant ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in Elkins Park, Pennsylvania.

Mr. Frank informed plaintiff that he lacked the expertise necessary to counsel plaintiff regarding actions that could be taken with respect to the board of directors of SmartVideo. Mr. Frank referred plaintiff to defendant MICHAEL D. HARRIS of HARRIS CRAMER, LLP. Defendant HARRIS CRAMER, L.L.P. is a Florida partnership with its principal place of business in West Palm Beach, Florida. Defendant MICHAEL D. HARRIS is a citizen of Florida, as are the remaining partners of HARRIS CRAMER, L.L.P.

Mr. Harris allegedly recommended that plaintiff conduct a proxy solicitation and to file a lawsuit in Delaware Chancery Court to replace the SmartVideo board of directors. Subsequent to the initiation of the proxy solicitation and the filing of the related Delaware lawsuit, it came to the attention of the parties that the proxy solicitation had not been conducted properly and plaintiff

dismissed the Delaware action. Plaintiff alleges it was damaged to the extent the value of it's share of stock in SmartVideo was diminished due to the failure of the proxy solicitation and the related Delaware lawsuit.

### III.

### LEGAL ARGUMENT

Section 28 U.S.C. Section 1404(a) sets forth the basis for a transfer of venue: "For the convenience of the parties, in the interest of justice, a district court may transfer and civil action to any other district or division where it might have been brought." The purpose of Section 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." NCR Credit Corp. V. Ye Seekers Horizon, Inc., 17 F. Supp 2d 317 (D.N.J. 1998) (quoting Van Duasen v. Barrack, 376 U.S. 612, 616 (1964)). A district court may transfer a case pursuant to Section 1404(a) if 1) venue is proper in the transferee court and 2) "the transfer will serve the convenience of the parties and witnesses and promote the interest of justice." Lindley v. Caterpillar, Inc., 93 F. Supp 2d 615, 617 (E.D. Pa. 2000)

### A. Venue is proper in the transferee Court

Clearly this action could have been brought in the United States District Court of Delaware - there is complete diversity between the plaintiff's and all defendants and the amount in controversy exceeds $75,000. Defendant Alan Frank is a resident of Delaware and all of the allegations of wrongdoing against the defendants arise out of actions taken in the District of Delaware. See 28 U.S.C. § 1391. This court thus has authority under Section 1040(a) to transfer the case to the United States District Court of Delaware.

### B. Other Section 1404(a) factors

In analyzing the propriety of a Section 1404(a) motion under the second prong outlined above, a district court must consider various factors, all of which relate to the convenience of witnesses, parties, attorneys, and the judicial system as a whole. See generally Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947). In so doing, the Court may consider a variety of factors, including but not limited to "(1) the plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' MOTION TO TRANSFER ACTION TO
UNITED STATES DISTRICT COURT, DISTRICT OF
DELAWARE PURSUANT TO 28 U.S.C. § 1404(A)                3

G:\Data\DOCS\0395\03755\Mot-Ve
nue-MPA.pld

availability of compulsory process for attendance of unwilling witnesses; (4) the possibility of viewing premises, if applicable; (5) the cost of obtaining attendance of willing witnesses; (6) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and (7) 'public interest' factors, including the relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation." Lindley, 93 F. Supp. 2d at 617.

Applying these factors to this case shows that this matter should be transferred to the District of Delaware, as follows:

### 1. Plaintiff's choice of forum

Generally, Plaintiff's selection of this Court as his forum choice is entitled to great weight. That choice however, is entitled to considerably less weight where, as here, the operative facts did not occur in this District. See Edwards v. Texaco, Inc., 702 F. Supp. 101, 103 (E.D. Pa. 1988) ("plaintiff's choice of forum is entitled to less weight than is ordinarily the case, where none of the operative facts have occurred in the forum district."); NCR Credit Corp. v. Ye Seekers Horizon, Inc., 17 F. Supp 2d 317, 321 (D. N.J. 1998) ("when the central facts of a lawsuit occur outside of the chosen forum, plaintiff's choice of forum is accorded less weight"); Clay Park, S.p.A. v. Vari-Lite, Inc., 2000 WL 977709, *7 (S.D.N.Y. July 14, 2000) (plaintiff's choice of forum "is accorded less weight to the degree that the case's operative facts have little or no connection with the transferor forum").

Indisputably, all of the operative facts in this case took place in Delaware. Defendant Alan Frank is a resident of Delaware and resided in Delaware at the time he allegedly referred plaintiff to Mr. Harris. Mr. Harris is a resident of Florida and Harris Cramer, L.L.P. is located in Florida. The sole nexus between the complaint and California is the fact that plaintiff's principle place of business is located in California. The fact that all defendants are located outside of California and that all events germane to the complaint occurred outside of California considerably lessens the weight which should be afforded to plaintiff's choice of forum.

### 2. The relative ease of access to sources of proof.

Another factor to be considered is the location of documents and other physical evidence in

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' MOTION TO TRANSFER ACTION TO
UNITED STATES DISTRICT COURT, DISTRICT OF
DELAWARE PURSUANT TO 28 U.S.C. § 1404(A)

4

G:\Data\DOCS\0395\03755\Mot-Ve
nue-MPA.pld

the case. This factor is considered not only in terms of securing documents for trial, but also within the context of conducing discovery in a location near the relevant documents. See Moore's Federal Practice 3d, § 111.13(l)(h). In this case most of the relevant documents are located in Delaware and Florida. All defendants are located in Delaware and Florida and all of the occurrences and transactions giving rise to the complaint occurred in Delaware and Florida. The location of pertinent documents thus weighs in favor of transferring the case to the District of Delaware.

### 3. Availability of compulsory process for attendance of unwilling witnesses.

At this early stage of the litigation, it is too early to identify which non-party witnesses may or may not be willing to testify. However, there are certainly non-party witnesses who will be required to testify, and all of these witnesses, save for those employed by plaintiff, are located in Delaware and Florida.

### 4. The possibility of viewing the premises, if possible

The moving defendants do no anticipate this factor being relevant in this case.

### 5. The Cost of obtaining attendance of willing witnesses

The single most important factor governing the disposition of a Section 1404 motion is the convenience of the witnesses. See Coker v. Bank of America, 984 F. Supp. 757, 765 (S.D.N.Y. 1997); see also Lindley, 93 F. Supp. 2d at 617 ("[t]he convenience of the witnesses [is] a particularly significant factor"); Moore's Federal Practice, § 111.13(l)(f). In this case, residence of the potential witnesses strongly favors a transfer. While it is not possible at this point to provide an exhaustive list of probable witnesses, all of the events giving rise to the complaint occurred in Delaware and all defendants live either in Delaware of Florida. Only plaintiff's principle place of business is located in California.

The defendants will incur great cost if the case is not transferred to Delaware because defendants will be forced to shoulder the cost trying the case in California, including shuttling witnesses, of which there are many, to Court in California. As mentioned above, none of the operative events giving rise to the complaint occurred in California and all defendants reside outside of California. Given the tenanted nexus between the complaint and California, defendants should not

1 │ be forced to bear the burden of trying the case in a distant venue, to which they have virtually no ties.

2 │ **6. Practice problems and "public interest" factors**

3 │ The convenience of the parties weighs strongly in favor of transfer. Simply put, there is one

4 │ plaintiff and five defendants. Although the plaintiff has its principle place of business in California,

5 │ all five defendants, both incorporated and individual, are located in Delaware and Florida. It would

6 │ thus clearly be more convenient for the parties as a whole if the case were litigate in the District Court

7 │ of Delaware.

8 │ It cannot be said, do the lack of any nexus between the complaint and California, that this court

9 │ has a special interest in providing plaintiff with a venue within the state of California. As described,

10 │ all events giving rise to the complaint occurred outside of California and all defendants are located

11 │ outside of California.

12 │ **IV.**

13 │ **CONCLUSION**

14 │ All events giving rise to the complaint occurred outside of California and all of the Defendants

15 │ reside outside of California. Based on the forgoing, Defendants respectfully move this court for an

16 │ order transferring the case to the District Court for the District of Delaware.

17 │

18 │ DATED: March 19, 2007                   CLAPP, MORONEY, BELLAGAMBA
   │                                          and VUCINICH

19 │

20 │

21 │                                          By: _____

22 │                                          JEFFREY M. VUCINICH, ESQ.
   │                                          Attorney for Defendants

23 │                                          FRANK, ROSEN, SNYDER & MOSS, LLP,
   │                                          a limited partnership; ALAN L. FRANK

24 │                                          LAW ASSOCIATES, P.C., a corporation;
   │                                          ALAN L. FRANK and MARC H. SNYDER

25 │

26 │

27 │

28 │

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' MOTION TO TRANSFER ACTION TO
UNITED STATES DISTRICT COURT, DISTRICT OF                    6          G:\Data\DOCS\0395\03755\Mot-Ve
DELAWARE PURSUANT TO 28 U.S.C. § 1404(A)                                nue-MPA.pld

**FORTE CAPITAL PARTNERS, LLC v. HARRIS CRAMER, LLP, et al.**
United States District Court, Northern District of California Case No. C07-01237 MJJ

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action.  My business address is 1111 Bayhill Drive, Suite 300, San Bruno, CA  94066.  On the date indicated below, I served the within:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER ACTION TO UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. § 1404(A)**

on the parties in this action by transmitting a true copy of the foregoing document(s) in the following manner:

| | |
|---|---|
| Robert A. Spanner, Esq.<br>Trial & Technology Group<br>545 Middlefield Road, Suite 220<br>Menlo Park, CA 94025<br>Tel: (650) 324-2223<br>Fax: (650) 324-0178<br>***Attys for Plaintiff Forte Capital Partners, LLC*** | Russell S. Roeca, Esq.<br>Edward D. Haas, Esq.<br>Daniel Hager, Esq.<br>**Roeca Haas Hager LLP**<br>180 Sutter Street, Suite 200<br>San Francisco, CA 94104<br>Tel: (415) 352-0980<br>Tel: (415) 901-4201 (Roeca direct)<br>Fax: (415)352-0988<br>e-mail: rroeca@r2hlaw.com<br>www.r2hlaw.com<br>***Atty for Defendants MICHAEL D. HARRIS and HARRIS CRAMER, L.L.P., a partnership*** |

☐    (BY MAIL) Pursuant to Code of Civil Procedure §1013(a), I placed a true copy thereof enclosed in a sealed envelope, addressed as set forth above, and deposited each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Clapp, Moroney, Bellagamba & Vucinich. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing of in affidavit.

☐    (BY PERSONAL SERVICE) I caused to be delivered by hand this date each of the above documents, to the following:

☐    (BY FACSIMILE) I caused each of the above documents to be faxed this date to the offices of the following:

☐    (BY FEDEX) I caused each of the above documents to be sent by FedEx this date to the offices of the following:

☒    (BY ECF Pacer) I caused to be delivered by ECF Pacer this date each of the above documents, for which our office will maintain the ECF Pacer filing receipt, to the following:

G:\Data\DOCS\0395\03755\POS-District

1    Executed on March 19, 2007 at San Bruno, California. I declare under penalty of perjury
2  under the laws of the State of California that the foregoing is true and correct.

3
                                                          _____
4                                                          Claudia Gomez

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

G:\Data\DOCS\0395\03755\POS-District