Robert A. Spanner, Esq., State Bar No. 60308
TRIAL & TECHNOLOGY LAW GROUP
A Professional Law Corporation
545 Middlefield Road, Suite 220
Menlo Park. California 94025
Telephone:    (650) 324-2223
Facsimile:    (650) 324-0178

Attorneys for Plaintiff
FORTE CAPITAL PARTNERS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FORTE CAPITAL PARTNERS. LLC, | ) | Case No.  C 07-01237 MJJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Date: May 8. 2007 |
| HARRIS CRAMER, LLP, *et al.*, | ) | Time: 9:30 a.m. |
| | ) | Courtroom: Hon. Martin J. Jenkins |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER
ACTION PURSUANT TO 28 U.S.C. §1404(A)**

TRIAL &
TECHNOLOGY
LAW GROUP

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    DEFENDANTS' TRANSFER MOTION MUST BE DENIED *AB INITIO*
      BECAUSE THEY HAVE FAILED TO ADDUCE ANY EVIDENCE
      WHATEVER IN SUPPORT OF THEIR MOTION. . . . . . . . . . . . . . . . . . . 2

II.   THIS ACTION CANNOT BE TRANSFERRED TO DELAWARE
      BECAUSE THE CASE COULD NOT HAVE BEEN BROUGHT THERE
      ORIGINALLY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      A.   Defendants Have Made no Evidentiary Showing That Jurisdiction
           Would Have Been Proper in Delaware. . . . . . . . . . . . . . . . . . . . . . 4

      B.   There Is No Evidence Supporting Jurisdiction Over Each and Every
           Defendant in Delaware. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

           1.   There Is No Evidence Supporting Personal Jurisdiction in
                Delaware over Michael Harris. . . . . . . . . . . . . . . . . . . . . . . 5

           2.   There Is No Evidence Supporting Personal Jurisdiction Over
                Defendant Harris Cramer In the District of Delaware . . . . . 7

      C.   There Is No Evidence Supporting Personal Jurisdiction Over
           Defendant Alan Frank In the District of Delaware. . . . . . . . . . . . . 8

      D.   There Is No Evidence Supporting Personal Jurisdiction Over
           Defendant Alan L. Frank Law Associates In Delaware . . . . . . . . . 9

III.  THE FRANK ROSEN DEFENDANTS HAVE FAILED TO PROVE THAT
      AN ANALYSIS OF THE FACTORS RELEVANT TO A TRANSFER
      UNDER 28 U.S.C. §1404(A) WEIGHS STRONGLY IN FAVOR OF
      TRANSFER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      A.   Plaintiff's Choice of Forum is To Be Given Substantial Weight  . 11

      B.   There is No Showing that the Convenience of the Parties
           Weighs in the Moving Parties' Favor. . . . . . . . . . . . . . . . . . . . . . 13

      C.   Defendants Have Presented No Evidence that the Convenience of
           Witnesses Weighs In Favor of Transfer. . . . . . . . . . . . . . . . . . . . 14

TRIAL &
TECHNOLOGY
LAW GROUP

D.   Ease of Access To Books and Records Does Not Weigh
     In Favor Of A Transfer. ................................. 16

E.   Interest of Justice Factors Do not Weigh in Favor of Transfer. .... 18

CONCLUSION ......................................................... 19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abeloff v. Barth*,
119 F.R.D. 315 (D.Mass. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Beverly v. Network Solutions, Inc.,*,
1998 WL. 917526 (N.D.Cal., Dec. 30, 1998) . . . . . . . . . . . . . . . . . . . . . . . 2

*Brayton Purcell LLP v. Recordon & Recordon*,
361 F. Supp. 2d 1135 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10

*British Airways Corp. v. Boeing Co.*,
585 F.2d 946 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*CFA Northern Cal., Inc. v. CRT Partners, LLP*,
378 F. Supp. 2d 1177 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Camasso v. Dorado Beach Hotel Corp.*,
689 F. Supp. 384 (D. Del. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Chapman v. San Francisco Newspaper Agency*,
2002 WL. 31119944 (N.D. Cal., Sept. 20, 2002) . . . . . . . . . . . . . . . . . . . . 8

*Clay Paky. S.p.A. v. Vari-Lite. Inc.*,
2000 WL. 977709 (S.D.N.Y. July 14, 2000) . . . . . . . . . . . . . . . . . . . . . . . 11

*Carolina Casualty Co. v. Data Broadcasting Corp.*,
158 F. Supp. 2d 1044 (N.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13

*Cochran v. NVP Holdings, Inc.*,
58 F. Supp. 2d 1113 (C.D. Cal. 1998) . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 14

*Commodity Futures Trading Commission v. Savage*,
611 F.2d 270 (9th Cir.1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Contratto v. Ethicon, Inc.*,
2005 WL. 289973 (N.D. Cal., Feb. 7, 2005) . . . . . . . . . . . . . . . . . . . . . . . 18, 19

*Davenport v. M/V New Horizon*,
2002 WL. 32098289 (N.D. Cal., Dec. 18, 2002) . . . . . . . . . . . . . . . . . . . . . 19

TRIAL &
TECHNOLOGY
LAW GROUP

*Decker Coal Co. v. Commonwealth Edison Co.,*
    805 F.2d 834 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 10

*Dex Products. Inc. v. Houghteling,*
    2006 WL. 1751903 (N.D. Cal., June 23, 2006) . . . . . . . . . . . . . . . . . . .  10, 13

*Edwards v. Texaco. Inc.,*
    702 F. Supp. 101 (E.D.Pa. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*Federal Management Systems, Inc. v. United States,*
    61 Fed. Cl. 364 (Fed. Cl. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Florens Container v. Cho Yang Shipping,*
    245 F. Supp. 2d 1086 (N.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Gold v. Wolpert,*
    876 F.2d 1327 (7th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

*Gulf Oil Corp. v. Gilbert,*
    330 U.S. 501 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Hispanic Broadcasting Corp. v. Educational Media Foundation,*
    2003 WL. 22867633 (C.D. Cal., Oct. 30, 2003) . . . . . . . . . . . . . . . . . . . . . .  8

*Hoffman v. Blaski,*
    363 U.S. 335 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 3, 9

*Hutchens v. Hutchens-Collins,*
    2007 WL. 319990 (D. Or., Jan. 30, 2007) . . . . . . . . . . . . . . . . . . . . . . . .  6

*IMS Health. Inc. v. Vality Technology. Inc.,*
    59 F. Supp. 2d 454 (E.D. Pa.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

*Jones v. GNC Franchising. Inc.,*
    211 F.3d 495 (9th Cir., 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

*Lamont v. Haig,*
    590 F.2d 1124 (D.C. App. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Liaw Su Teng v. Skaarup Shipping Corp.,*
    743 F.2d 1140 (5th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Lindley v. Caterpillar, Inc.,*
    93 F. Supp. 2d 615 (E.D. Pa. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

*NCR Credit Corp. v. Ye Seekers Horizons. Inc.,*
    17 F. Supp. 2d 317 (D.N.J. 1998) ............................... 12

*Nautilus Group. Inc. v. Icon Health & Fitness. Inc.,*
    308 F. Supp. 2d 1208 (W.D. Wash. 2003) ......................... 19

*Perfect 10. Inc. v. Cybernet Ventures, Inc.,*
    213 F. Supp. 2d 1146 (C.D. Cal. 2002) ........................... 6

*Reynolds v. Fortis Benefits Insurance Co..*
    2007 WL. 484782 (N.D. Cal., Feb. 9, 2007) .................... 14, 16

*Royal Queentex Enterprises v. Sara Lee Corp.,*
    2000 WL. 246599 (N.D. Cal., Mar. 1, 2000) .............. 1, 9. 10, 13. 14,
                                                                      15, 17, 18
*Shropshire v. Fred Rappoport Co..*
    294 F. Supp. 2d 1085 (N.D. Cal. 2003) ........................... 13

*Silverlit Toys Manufactory. Ltd. v. Absolute Toy Marketing, Inc..*
    2007 WL. 521239 (N.D. Cal., Feb. 15, 2007) ...................... 17

*Smith v. Mack Trucks. Inc.,*
    505 F.2d 1248 (9th Cir. 1974) .................................... 2

*Telewizja Polska USA, Inc. v. Echostar Satellite Corp.,*
    2004 WL. 2367740 (N.D. Ill. Oct. 15, 2004) ...................... 6

*Tiffany v. Hometown Buffet. Inc.,*
    2006 WL. 2792868 (N.D. Cal., Sept. 28, 2006) ................... 16

*Transportes Aeros de Angola v. Ronair, Inc.,*
    544 F. Supp. 858 (D. Del. 1982) ................................. 4

*United States Equal Employment Opportunity Commission v.E.I. Du Pont De Nemours & Co.,*
    2004 WL. 2347559 (E.D. La., Oct. 18, 2004) ...................... 8

*Van Dusen v. Barrack,*
    376 U.S. 612 (1964) ............................................. 13

*Williams v. Bowman,*
    157 F. Supp. 2d 1103 (N.D. Cal. 2001) ...................... 9, 10, 14

TRIAL &
TECHNOLOGY
LAW GROUP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FEDERAL STATUTES**

28 U.S.C. §1404(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 2, 3, 9, 19

TRIAL &
TECHNOLOGY
LAW GROUP

## INTRODUCTION

This case was originally filed in state court.[1] It was removed by the defendants to this Court on March 1, 2007,[2] and on March 19 and 20, 2007 all defendants appeared and joined in a F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim. In addition, Defendants Frank, Rosen Snyder & Moss, LLP, Alan L. Frank Law Associates, P.C., Alan L. Frank, and Marc H. Snyder ("the Frank Rosen Defendants") filed a motion pursuant to 28 U.S.C. §1404(a) to transfer this action to the District of Delaware. Defendants Harris Cramer, LLP and Michael D. Harris ("the Florida Defendants") did not join in the motion to transfer.

As will appear with more particularity below, Defendants bear the burden of proof in §1404(a) motions, and they must show by admissible evidence in the form of declarations that Delaware is a much superior forum. However, Defendants failed to support their §1404(a) motion with any evidence *at all*, and it must be denied for that reason alone. In addition, the evidence presented by Plaintiff demonstrates that not only is jurisdiction in this District superior to any other District, but that this is the *only* District in which this case can proceed. Finally, the only evidence before this Court demonstrates that each and every one of the factors evaluated in a §1404(a) motion dictate that Defendants' motion be denied.

---

[1]  The factual background underlying the lawsuit is set forth in Plaintiff's accompanying Opposition to Defendant's Rule 12(b)(6) motion.

[2]  Defendants Harris Cramer, LLP and Michael Harris filed a joinder in the notice of removal on March 6, 2007.

---

# ARGUMENT

## I.    DEFENDANTS' TRANSFER MOTION MUST BE DENIED *AB INITIO* BECAUSE THEY HAVE FAILED TO ADDUCE ANY EVIDENCE WHATEVER IN SUPPORT OF THEIR MOTION.

Defendants' transfer motion should be denied without a hearing because Defendants have adduced no evidence in support of it.

Section 1404(a) provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). Thus, to prevail on a motion to transfer, the moving party bears the burden of showing a transfer would be for the convenience of the parties, would be for the convenience of witnesses, and would be in the interest of justice *in fact*. *See Hoffman v. Blaski*, 363 U.S. 335, 366 (1960): "the defendant must satisfy a very substantial burden of demonstrating where 'justice' and 'convenience' lie"; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Brayton Purcell LLP v. Recordon & Recordon*, 361 F.Supp.2d 1135, 1144 (N.D. Cal. 2005); *Royal Queentex Enterprises v. Sara Lee Corp.*, 2000 WL 246599, *2 (N.D. Cal., Mar. 1, 2000).

The Frank, Rosen Defendants did not even attempt to meet their burden of persuasion; they have not supplied the Court with *any* supporting declarations or admissible documentation whatever. A motion to transfer under 28 U.S.C. §1404(a) requires the Court to engage in a fact-intensive analysis of numerous evidentiary factors. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir., 2000). Since it is the moving party's burden of proof to show that transfer is justified, and since no proof has been submitted to the

---

Court in support of that proposition, Defendants' motion should be denied without consideration on the merits.

Defendants' motion to transfer must be denied without consideration of the merits for a related reason independent of §1404(a) jurisprudence. The Frank Rosen Defendants' supporting Memorandum is replete with naked allegations of fact unsupported by a single declaration or affidavit.[3] Civ. L.R. 7-5(a) states in pertinent part: "Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record". Since there aren't any affidavits or declarations submitted with Defendants' motion (nor any other evidentiary record), it is clear that all of Defendants' factual contentions are unsupported, and must be disregarded under Civ. L.R. 7-5(a). "Statements in ... [a] memorandum are not evidence. These are unverified statements. Unsworn statements appearing in the body of a motion or supporting memorandum cannot be considered as evidence." *Beverly v. Network Solutions. Inc.*, 1998 WL 917526, *5 (N.D.Cal., Dec. 30, 1998). *Accord. Smith v. Mack Trucks. Inc.*, 505 F.2d 1248, 1249 (9th Cir. 1974); *British Airways Corp. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978). Accordingly, none of the factual statements made in the Frank Rosen Defendants' legal memorandum but unsupported by declaration or affidavit can be considered. Manifestly Defendants' transfer motion can and should be denied without consideration on the merits.

---

[3]    These unsupported contentions can be found in Defendants' Memorandum at 1:27-2:1; 2:11-17; 2:20-23; 3:18-19; 4:19-21; 5:3-4; 5:9-11; 5:21-25; 5:26-27;6:5; and 6:10-11.

## II.   THIS ACTION CANNOT BE TRANSFERRED TO DELAWARE BECAUSE THE CASE COULD NOT HAVE BEEN BROUGHT THERE ORIGINALLY.

### A.   Defendants Have Made no Evidentiary Showing That Jurisdiction Would Have Been Proper in Delaware.

A case may only be transferred to another district "where it might have been brought." 28 U.S.C. §1404(a). In other words, a case can only be transferred to a court in which Defendants have demonstrated that the plaintiff had an unqualified right to bring his action in the first place. That unqualified right exists only if at the time of commencement of the action the transferee court would have had personal jurisdiction over all of the defendants. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *Camasso v. Dorado Beach Hotel Corp.*, 689 F.Supp. 384, 386 (D. Del. 1998). Personal jurisdiction in the transferee court must be established as to each and every defendant. *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984), *overruled on other grounds*, *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147 (5th Cir. 1987); *Lamont v. Haig*, 590 F.2d 1124, 1131, n. 45 (D.C. App. 1978).

As was noted above, the Defendants made no evidentiary showing that jurisdiction would have properly lay in Delaware as to *any* defendant. For that reason alone, the motion to transfer this action to Delaware must be denied, because a prerequisite for transfer – proof that there would have been personal jurisdiction over each of the defendants in the transferee court – has not been satisfied.

### B.   There Is No Evidence Supporting Jurisdiction Over Each and Every Defendant in Delaware.

In fact, the only evidence before this Court is that jurisdiction in Delaware did *not*

---

1    exist as to each and every defendant.

2    The determination of whether Delaware courts have personal jurisdiction over

3    nonresident defendants requires a court to confirm that the provisions of the Delaware long-

4    arm statute apply. *Transportes Aeros de Angola v. Ronair. Inc.*, 544 F. Supp. 858, 864-65

5    (D. Del. 1982). Delaware's long-arm statute enumerates the acts that "constitute legal

6    presence within the state" (10 Del. Code §3104(b)) sufficient to allows a court to "exercise

7    jurisdiction over any nonresident" defendant.[4]

8

9          **1.    There Is No Evidence Supporting Personal Jurisdiction in**
              **Delaware over Michael Harris.**

10

11   There is no evidence before this Court which would indicate that Mr. Harris is a

12   resident of Delaware. Mr. Harris is a partner in the law firm of Harris Cramer, LLP (Exh. 1

13   to Kalra Decl.), which has its principal place of business in Florida (Exh. 1 to Kalra Decl.).

14

15   ───────────────

16   [4]  The statute specifies that a nonresident defendant may be subject to jurisdiction if
     he:

17

18      (1) Transacts any business or performs any character of work or service in the State;

19      (2) Contracts to supply services or things in this State;

20      (3) Causes tortious injury in the State by an act or omission in this State;

21      (4) Causes tortious injury in the State or outside of the State by an act or omission
     outside the State if the person regularly does or solicits business, engages in any other
22   persistent course of conduct in the State or derives substantial revenue from services, or
     things used or consumed in the State;
23

24      (5) Has an interest in, uses or possesses real property in the State; or

25      (6) Contracts to insure or act as surety for, or on, any person, property, risk,
     contract, obligation or agreement located, executed or to be performed within the State at
26   the time the contract is made, unless the parties otherwise provide in writing.

27

28   ───────────────
     Plaintiff's Opposition to Motion to Transfer
     – Case No. CGC 06-457399                          5

TRIAL &
TECHNOLOGY
LAW GROUP

1  Thus, there is no evidence that Mr. Harris is a resident of Delaware.

2  Nor is there evidence before the Court that Defendant Harris transacted business or

3  contracted to perform any services in Delaware. The contract by which Defendant Harris'

4  services were engaged was entered into by Defendant Harris in the State of Florida and by

5  Plaintiff in the State of California (McKelvey Decl., ¶7 and Exh. 1 thereto). It provides for

6  advising Plaintiff in connection with a proxy solicitation to be conducted from San

7  Francisco. There is no evidence that Defendant Harris performed any work on Plaintiff's

8  behalf anywhere other than in Florida and North Carolina (*see* McKelvey Decl., ¶¶7-11).

9  Mr. Harris is a member of the Florida State Bar (Exh. 1 to Kalra Decl.); he is not identified

10  on his firm's website as being a member of the Delaware Bar Association (*id.*).

11  Communications relating to the events in this case between Plaintiff and Defendant Harris

12  were exchanged between Plaintiff's office in San Francisco, California on the one hand,

13  and Defendant Harris' office in Florida and his temporary office in North Carolina on the

14  other hand (McKelvey Decl., ¶¶7-11). These facts demonstrate the absence of jurisdiction

15  over Michael Harris in Delaware.

16  The omission by Defendant Harris was principally his failure to advise Plaintiff that

17  Plaintiff was required to obtain an omnibus proxy to authorize SmartVideo shareholders to

18  vote their shares in connection with Plaintiff's efforts to remove the directors of

19  SmartVideo and replace the board with directors proposed by Plaintiff (McKelvey Decl.,

20  ¶12). Plaintiff engaged Defendant Harris to perform the securities work in connection with

21  the proxy contest (McKelvey Decl., ¶7 and Exh. 1 thereto). The Frank Rosen Defendants

22  have introduced no evidence showing that the acts or omissions giving rise to Plaintiff's

TRIAL &
TECHNOLOGY
LAW GROUP

1    claims against Michael Harris and his firm occurred in Delaware.

2        Nor do the Frank Rosen Defendants even argue, much less provide evidence, that

3    Defendant Harris' acts falls within any of the other subsections of the Delaware long-arm

4    statute. Accordingly, there is no evidence before this Court sufficient to enable it to find

5    that the District of Delaware could have exercised jurisdiction over Michael Harris under

6    any provision of the Delaware Long-Arm statute.

7

8                    2.    **There Is No Evidence Supporting Personal Jurisdiction Over
                          Defendant Harris Cramer In the District of Delaware**

9

10       The Frank Rosen Defendants introduced no evidence regarding the citizenship of

11   Defendant law firm Harris Cramer. However, according to Defendant Harris Cramer's

12   website its office is located in West Palm Beach, Florida (Exh. 1 to Kalra Decl.), and none

13   of its lawyers are identified as residents of Delaware (*id.*).[5] As with Defendant Harris, since

14   there is no evidence to demonstrate that Defendant Harris Cramer is a resident of Delaware,

15   the District of Delaware would not have had jurisdiction over the law firm, and as is true

16   for Defendant Harris, there is simply no evidence submitted by the Frank Rosen Defendants

17

18   that Harris Cramer did business in Delaware, contracted to supply services in the State of

19   Delaware, or did any of the other activities enumerated under Delaware's long-arm statute.

20   The contract between Plaintiff and Defendant Harris Cramer was entered into by Plaintiff in

21

22       [5]   The factual content of a website of an opposing party constitutes admissions of
     that party. F.R. Evid. 801(d)(2)(A) (a statement is not hearsay if it is "offered against a
23   party and is. . . the party's own statement"); *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213
     F.Supp.2d 1146 (C.D. Cal. 2002); *Federal Management Systems, Inc. v. United States*, 61
24   Fed.Cl. 364, 367 n. 2 (Fed. Cl. 2004); *Hutchens v. Hutchens-Collins*, 2007 WL 319990, *5
     (D. Or., Jan. 30, 2007); *Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, 2004 WL
25   2367740 (N.D. Ill. Oct. 15, 2004).

26

27

28

TRIAL &
TECHNOLOGY
LAW GROUP

San Francisco, California (McKelvey Decl., ¶7) and by Defendant Harris Cramer in Florida

(Exh. 1 to McKelvey Decl.), and communications between them in connection with the

proxy solicitation emanated from California (McKelvey Decl., ¶¶8-10) and took place only

in California, Florida and North Carolina (McKelvey Decl., ¶11). There would have been

no basis for jurisdiction over Harris Cramer in Delaware.[6]

### D. There Is No Evidence Supporting Personal Jurisdiction Over Defendant Alan Frank In the District of Delaware.

The Frank Rosen Defendants inconsistently assert that Defendant Frank is "a citizen

of Pennsylvania" (Def. Mem. at 2:11) and that he is a resident of Delaware (Def. Mem. at

3:18, 4:19-20). They introduced no evidence to support either assertion, or to reconcile

these inconsistent allegations. In fact, the Frank Rosen Defendants' representation that

Defendant Alan Frank is a resident of Delaware is a falsehood. Mr. Frank lives in

Pennsylvania, not Delaware (Gloyd Decl., ¶¶2-3 and Exh. 1 thereto). He also practices law

in Pennsylvania (Gloyd Decl., ¶6 and Exh. 3 thereto; Exh. 2 to McKelvey Decl.), and is not

admitted to practice law in Delaware (Gloyd Decl., ¶¶4-5 and Exh. 2 thereto). (Although

not relevant, it is equally true that he was a resident of Pennsylvania at the time the events

in question took place (McKelvey Decl., ¶6), contrary to Defendants' assertion (Def. Mem.

at 4:19-21).)

There is simply no basis in the record for this Court to find that Delaware could

have exercised jurisdiction over Alan Frank under its long-arm statute. Since it was

Defendant's burden to make such a showing as a prerequisite for the granting of its motion,

---

[6] The Harris Cramer Defendants implicitly acknowledge this in failing to join in the motion to transfer to the District of Delaware.

TRIAL &
TECHNOLOGY
LAW GROUP

the fact that all of the evidence before the Court indicates that Alan Frank is a resident of Pennsylvania dictates that the motion to transfer be denied.

### E.    There Is No Evidence Supporting Personal Jurisdiction Over Defendant Alan L. Frank Law Associates In Delaware

As with Mr. Frank, the District of Delaware does not have personal jurisdiction over Defendant Alan L. Frank Law Associates, P.C. It is a Pennsylvania professional corporation (Exh. 2 to Kalra Decl.)[7], and its office is located in Elkins Park, Pennsylvania (Exh. 3 to Gloyd Decl.; Exh. 2 to Kalra Decl.; Exh. 2 to McKelvey Decl.). It does not have an office in Delaware (Exh. 2 to McKelvey Decl.). The Frank Rosen Defendants also admit that Defendant Alan L. Frank Law Associates, P.C. is "a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in Elkins Park, Pennsylvania" (Def. Mem. at 2:15-17).

As is true for the Harris Cramer Defendants, the Frank Rosen Defendants offered no evidence to support the District of Delaware's assertion of jurisdiction over Defendant Alan L. Frank Law Associates, P.C. pursuant to the Delaware long-arm statute, 10 Del. Code §3104(c).

---

[7] Records printed from government websites are admissible. F.R. Evid. 803(8) and 902(5); *Hispanic Broadcasting Corp. v. Educational Media Foundation*, 2003 WL 22867633, *5, n. 5 (C.D. Cal., Oct. 30, 2003) (printouts from Federal Communications Commission website admissible); *United States Equal Employment Opportunity Commission v.E.I. Du Pont De Nemours & Co.*, 2004 WL 2347559, *1 (E.D. La., Oct. 18, 2004) (Census Bureau records admissible because "[p]ublic records and government documents are generally considered not to be subject to reasonable dispute." and "[t]his includes public records and government documents available from reliable sources on the Internet"); *Chapman v. San Francisco Newspaper Agency*, 2002 WL 31119944, *2 (N.D. Cal., Sept. 20, 2002) (printout of tracking information from United States Postal Service website admissible to prove delivery date of letter).

---

TRIAL &
TECHNOLOGY
LAW GROUP

1    The record before the Court demonstrates that the moving parties have utterly failed

2    to prove that Defendants Michael Harris, Harris Cramer, LLP, Alan Frank and Alan L.

3    Frank Law Associates, PC, were susceptible to jurisdiction in the District of Delaware.

4    Accordingly, this action cannot be transferred there.

5
### III.    THE FRANK ROSEN DEFENDANTS HAVE FAILED TO PROVE
6    THAT AN ANALYSIS OF THE FACTORS RELEVANT TO A
        TRANSFER UNDER 28 U.S.C. §1404(A) WEIGHS STRONGLY IN
7        FAVOR OF TRANSFER.

8    In adjudicating a motion to transfer pursuant to 28 U.S.C. §1404(a), a court is to
9
10   consider a number of factors, including the following: (1) plaintiff's choice of forum, (2)

11   convenience of the parties, (3) convenience of witnesses, (4) ease of access to evidence, and

12   (5) the interests of justice, including relative familiarity with applicable law, feasibility of

13   consolidation with other claims, any local interest in the controversy, and relative court

14   congestion. *Royal Queentex Enterprises v. Sara Lee Corp.*, 2000 WL 246599 at *2;
15
16   *Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001).

17   The burden of proving that transfer is appropriate lies with the moving parties.

18   *Carolina Casualty Co. v. Data Broadcasting Corp.*, 158 F. Supp.2d 1044, 1048 (N.D. Cal.

19   2001). The moving party must demonstrate "that the convenience of parties and witnesses

20   and the interest of justice require transfer to another district." *CFA Northern Cal., Inc. v.*

21   *CRT Partners, LLP*, 378 F.Supp.2d 1177, 1185 (N.D. Cal. 2005), *citing Commodity*
22
23   *Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Florens*

24   *Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1088 (N.D. Cal. 2002). The burden

25   on the moving party is substantial. *Hoffman v. Blaski*, 363 U.S. 335, 366 (1960) ("the

26   defendant must satisfy a very substantial burden of demonstrating where 'justice' and
27
28   Plaintiff's Opposition to Motion to Transfer
     – Case No. CGC 06-457399                    10

TRIAL &
TECHNOLOGY
LAW GROUP

1   'convenience' lie, in order to have his objection to a forum of hardship, in the particular

2   situation, respected."), and the moving party must prove that the factors on balance *clearly*

3   favor a transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th

4   Cir.1979): *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 846 (9th Cir.

5   1986); *Royal Queentex Enterprises v. Sara Lee Corp., supra*, 2000 WL 246599 at *3.

6

7          As was noted above, the Frank Rosen Defendants have not even attempted to meet

8   their burden of proof by admissible evidence that the balance of the factors set forth above

9   clearly weigh in favor of a transfer.  Accordingly, the motion must be denied without

10  consideration on the merits.  And in fact, Plaintiff's declarations – the only evidence before

11  the Court – demonstrate that virtually all of the aforementioned factors weigh against a

12  transfer.

13

14         **A.    Plaintiff's Choice of Forum is To Be Given Substantial Weight.**

15         The most heavily-weighted factor in the analysis is Plaintiff's choice of forum.  It is

16  well-recognized that "[a] plaintiff's choice of forum should rarely be disturbed," *Gulf Oil*

17  *Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *CFA Northern California. Inc. v. CRT Partners*

18  *LLP.* 378 F.Supp.2d 1177, 1185 (N.D. Cal. 2005); *Brayton Purcell LLP v. Recordon &*

19  *Recordon,* 361 F.Supp.2d 1135, 1144 (N.D. Cal. 2005).  To overcome a plaintiff's choice

20  of forum, "[t]he defendant must make a strong showing of inconvenience." *Decker Coal*

21  *Co. v. Commonwealth Edison Co., supra,* 805 F.2d at 843; *accord.  Williams v. Bowman,*

22  *supra*, 157 F.Supp.2d at 1106; *Royal Queentex, supra,* at *3;  *Dex Products, Inc. v.*

23  *Houghteling.* 2006 WL 1751903, *8 (N.D. Cal., June 23, 2006).

24         The Frank Rosen Defendants contend (Def. Mem. at 4:10-25) that the degree to

25

26

27

28  ───────────────
Plaintiff's Opposition to Motion to Transfer
– Case No. CGC 06-457399                    11

1    which courts defer to the plaintiff's choice of forum is reduced where the plaintiff does not

2    reside in the forum or where the forum lacks a significant connection to the activities

3    alleged in the complaint. But neither circumstance is present here. First, Plaintiff is

4    located in this District (McKelvey Decl., ¶2), as the moving parties admit (Def. Mem. at

5    2:7). Second, the moving parties introduce no admissible evidence whatever that this

6    forum lacks a connection to the activities alleged in the First Amended Complaint;

7    Defendants' contention to that effect is pure unsupported argument, and as was discussed

8    above contentions unsupported by admissible evidence must be disregarded. *Cochran v.*

9    *NVP Holdings, Inc.,* 58 F.Supp.2d 1113, 1119 (C.D. Cal. 1998) (reliance on "vague

10   generalizations" of inconvenience rather than proof through "affidavits or declarations

11   containing admissible evidence" prohibited in transfer motion). Third, there is in fact a

12   substantial connection between this forum and the acts alleged in the First Amended

13   Complaint. The proxy lawyers were engaged here, the proxy solicitation at issue emanated

14   from here, communications between Plaintiff and shareholders regarding the proxy

15   solicitation took place here, and the proxy consents were received back in this District

16   (McKelvey Decl., ¶¶2, 8-10). It is absurd to contend in a case involving a failed proxy

17   solicitation that the origination of a proxy solicitation from this District lacks a connection

18   to this forum.

19        The Frank Rosen Defendants' citation of authority is inapposite as well as out-of-

20   circuit. In *Edwards v. Texaco, Inc.,* 702 F.Supp. 101, 103 (E.D.Pa. 1988) and *Clay Paky,*

21   *S.p.A. v. Vari-Lite, Inc.,* 2000 WL 977709, *7 (S.D.N.Y. July 14, 2000) the moving party

22   proved by declaration that Plaintiff's choice of forum was outweighed by evidence of lack

---

of any connection between the chosen forum and the acts that gave rise to the action. Here the contrary is true; the only evidence on the point demonstrates that there *is* a connection between the forum and the acts giving rise to the action.[8]

Since Defendants have submitted no evidence to overcome the great weight accorded Plaintiff's choice of forum, this factor weighs against transfer.

**B.    There is No Showing that the Convenience of the Parties Weighs in the Moving Parties' Favor.**

The Frank Rosen Defendants' motion requests this Court to transfer the case to the District of Delaware because "defendants will incur great costs if the case is not transferred to Delaware because defendants will be forced to shoulder the cost [of] trying the case in California." (Def. Mem. at 5:23-24). But wholly absent from Defendants' motion is any evidence as to why the Defendants would incur greater cost defending this action in the Northern District of California than in Delaware, whether the difference in cost is material, and whether this action is being defended under a malpractice policy and if so, why Defendants themselves would incur any greater cost litigating in this District at all. As was noted above, general unsupported allegations as to "great cost" will not be entertained without such an evidentiary showing. *Cochran v. NVP Holdings, Inc. supra,* 58 F.Supp.2d at 1119.

Second, it is clear that the Frank Rosen Defendants are seeking to do nothing but

---

[8]    In the third case cited by Defendants, *NCR Credit Corp. v. Ye Seekers Horizons, Inc.,* 17 F.Supp.2d 317, 321 (D.N.J. 1998), the court denied the defendant's motion for transfer, according great weight to the plaintiff's choice of forum because the plaintiff brought its action where  its principal place of business was – as does Plaintiff here.

---

make the case more convenient for themselves at the expense of Plaintiff. Plaintiff is located in this District, while Defendants Harris Cramer, LLP and Michael Harris are residents of Florida (Exh. 1 to Kalra Decl.), and did *not* join the motion to transfer. The Frank Rosen Defendants are obligated to show that the overall inconvenience and cost to *all* parties in the aggregate would be minimized by a transfer – not simply that it would be more convenient *for them*. Merely shifting inconvenience to another party does not justify a transfer. *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964); *Dex Products. Inc. v. Houghteling, supra* 2006 WL 1751903 at *8 ("a mere shifting of inconvenience from defendant to plaintiff is not allowed under 28 U.S.C.A. §1404(a)"); *Shropshire v. Fred Rappoport Co.*, 294 F.Supp.2d 1085, 1095 (N.D. Cal. 2003) (rejecting transfer because inconvenience to plaintiff in transferee district would be about the same as inconvenience to defendant in the forum).

The Frank Rosen Defendants have failed to present any admissible evidence regarding the balance of convenience amongst all the parties, and have utterly failed even to argue – much less support – the proposition that the overall inconvenience to the parties as a whole would be minimized by a Delaware forum. Accordingly, this factor too weighs against transfer.

### C. Defendants Have Presented No Evidence that the Convenience of Witnesses Weighs In Favor of Transfer.

To establish inconvenience of witnesses, the moving party, through admissible evidence, must "produce information regarding the identity and location of the witnesses, the content of their testimony, and why such testimony is relevant to the action." *Royal Queentex Enterprises v. Sara Lee Corp., supra,* at *6; *Carolina Casualty Co. v. Data*

---

Plaintiff's Opposition to Motion to Transfer
– Case No. CGC 06-457399                    14

*Broadcasting Corp.*. 158 F.Supp.2d 1044, 1049 (N.D. Cal. 2001); *Williams v. Bowman*, *supra*, 157 F.Supp.2d at 1108. The moving parties did not identify their witnesses, did not describe the content of the testimony of a single witness, and did not explain how this unidentified testimony would be relevant to the case. In fact, the Frank Rosen Defendants failed to identify a single witness who would be inconvenienced by litigation in this District, not only in declarations (of which there are none) but even in their memorandum. Instead, their "showing" consists entirely of the conclusory statement that "there are certainly nonparty witnesses who will be required to testify, and all of those witnesses, save for those employed by plaintiff, are located in Delaware or Florida" (Def. Mem. at 5:9-11) and the assertion that there are "many" witnesses that reside outside of California (Def. Mem. at 5:24-25). Such conclusory statements must be disregarded because they are unsupported by admissible evidence.[9] *Reynolds v. Fortis Benefits Ins. Co.*, 2007 WL 484782. *6 (N.D. Cal., Feb. 9, 2007) ("Plaintiff is correct that Defendants' mere conclusory statements regarding inconvenience to potential witnesses are insufficient"); *Cochran v. NYP Holdings. Inc., supra.* 58 F.Supp.2d at 1120 (the statement that "most of the witnesses . . . are located in New York" "utterly fails the particularity requirement set forth in *Commodity Futures [Trading Comm'n]*"); *Abeloff v.Barth,* 119 F.R.D. 315, 331 (D.Mass. 1988) ("conclusory statements are not enough"). In *Royal Queentex* this Court found that the moving party had made "an inadequate record . . . in failing to specify its third party

---

[9] *Lindley v. Caterpillar, Inc.*, 93 F.Supp.2d 615, 617-18 (E.D. Pa. 2000), cited by the Frank Rosen Defendants (Def. Mem. at 5:17-18), is inapposite because there the moving party submitted a declaration specifically identifying the party witnesses and the subjects of their testimony.

---

witnesses by identity. location, and testimonial content." (*Id.* at 6).[10] Unlike the moving parties, Plaintiff has identified its California witnesses, identified the subjects of their testimony and explained the relevance of such testimony (McKelvey Decl.. ¶14).

To the extent that the Frank Rosen Defendants argue for inconvenience because of the presence of witnesses in Florida, the argument is unavailing. As this Court recognized in *Royal Queentex*, "[t]raveling to another state for any of these parties for the purpose of attending trial is inconvenient and burdensome. These witnesses will be inconvenienced whether they must travel to [the transferee District] or California" (*id.* at *7). Moreover, since one party's witnesses or the other would have to travel. transfer "would merely 'shift' the inconvenience from one party to another"; but shifting inconvenience is not a permissible purpose of a motion to transfer (*id.*).

Since the Frank Rosen Defendants have failed to identify any nonparty witnesses, have failed to describe the testimony of any of their witnesses or its relevance, and have failed to demonstrate that a transfer would be more convenient to all witnesses, the Frank Rosen Defendants have failed to meet their burden of showing that the convenience of witnesses weighs in favor of transfer.

**D.     Ease of Access To Books and Records Does Not Weigh In Favor Of A Transfer.**

Without submitting supporting declarations describing the relevance or importance of documents located in Delaware, the Frank Rosen Defendants' memorandum simply

---

[10]     In *Royal Queentex*. the moving party had at least identified the third party witnesses and what the general subject matter of their testimony would be; here, the Frank Rosen Defendants have identified neither.

1    states in conclusory fashion that "most of the relevant documents are located in Delaware

2    and Florida" (Def. Mem. at 5:3-4).

3        The first defect in this contention is that as for Florida-situated documents, their

4    location is irrelevant to a motion to transfer an action to the District of Delaware. Second,

5    the presence of voluminous documents in California (McKelvey Decl., ¶16) is thus

6    dispositive of this factor, since there is no contrary admissible evidence of the identity and

7    location of documents elsewhere. Third, the fact that documents may be located in at least

8    three separate locations means that the parties will be collecting documents from multiple

9    locations regardless of where this case is tried. That fact alone weighs against a transfer.

10   *Reynolds v. Fortis Benefits Ins. Co., supra,* 2007 WL 484782 at *6.

11       Moreover, the claim based on the location of documents in Delaware is bogus. The

12   Frank Rosen Defendants foreclosed application of this contention by providing to Plaintiff,

13   pursuant to Plaintiff's request. what they represented to be the entire case file in the

14   underlying action (McKelvey Decl., ¶15 and Exh. 2 thereto). Taking this representation at

15   face value, it is hard to imagine what Delaware-situated documents are not now also

16   situated in California. and the Frank Rosen Defendants offer the Court no illumination on

17   this matter. On the current record, the Court should presume. based on Alan Frank's

18   representation to Plaintiff, that all of the Delaware-situated documents are now also in

19   California. Accordingly, access to books and records weighs against transfer.

20       The moving party has the burden of proving that in the aggregate, access to

21   evidence would be easier in the transferee forum. *Reynolds v. Fortis Benefits Ins. Co.,*

22   *supra,* 2007 WL 484782 at *6; *Tiffany v. Hometown Buffet, Inc.,* 2006 WL 2792868, *3

(N.D. Cal., Sept. 28, 2006). That clearly is not the case, since Plaintiff's records are in California (McKelvey Decl., ¶16), the Frank Rosen Defendants' documents are in California (McKelvey Decl., ¶15 and Exh. 2 thereto), and the Florida-situated documents are not located in Delaware.

Finally, "[a]bsent any other grounds for transfer, the fact that records are located in a particular district is not itself sufficient to support a motion for transfer." *Royal Queentex Enterprises v. Sara Lee Corp., supra*, 2000 WL 246599 at *7, *citing STX, Inc. v. Trik Stik, Inc.*, 708 F.Supp. 1551, 1556 (N.D. Cal. 1988). The ease of access to evidence "is no longer weighed heavily given the modern advances in communication and transportation." *Silverlit Toys Manufactory, Ltd. v. Absolute Toy Marketing, Inc.*, 2007 WL 521239, *11 (N.D. Cal., Feb. 15, 2007), *citing Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998).

Because the Frank Rosen Defendants introduced no declarations supporting the general conclusory language of their memorandum, because the Delaware-based documents have already been transferred to California, and because documents are located in multiple locations, the location of documents does not weigh in favor of transfer, but rather weighs against transfer.

E.    **Interest of Justice Factors Do not Weigh in Favor of Transfer.**

The Frank Rosen Defendants have introduced no declarations regarding the public interest factors, so these factors fall of their own weight for want of evidence. In addition, the various public interest factors weigh against transfer. First, consolidation with another action is not an alternative because there are no other actions between these parties

(McKelvey Decl., ¶13). Second, relative court congestion is at best a minor factor in the

section 1404 calculus, *Royal Queentex Enterprises v. Sara Lee Corp., supra*, 2000 WL

246599 at *8; *IMS Health. Inc. v. Vality Technology, Inc.*, 59 F.Supp.2d 454, 471 (E.D.

Pa.1999), and it does not weigh in favor of transfer here in any event, as the difference

between time of filing and time of trial in the Northern District of California and the

District of Delaware in 2006 were virtually the same: 25.0 months in the Northern District

of California and 26.0 months in the District of Delaware (Kalra Decl., Exhs. 3 and 4).

Third, some of the claims (the contract claims) would be governed by California law, so

familiarity of each forum with applicable law is neutral. Finally, this forum has a

substantial interest in the controversy. The Plaintiff is located here. The proxy solicitation

which is at the heart of the entire lawsuit was mailed from California, the proxy consents

were returned by shareholders to California, and communications with shareholders

involved in the voting process during the consent solicitation period took place in

California. (McKelvey Decl., ¶¶2, 7-11).

Since there is no evidence submitted by the Frank Rosen Defendants regarding the

interest of justice factors, the public interest factor clearly weighs against transfer.

**CONCLUSION**

The motion of the Frank Rosen Defendants is frivolous because they submitted no

evidence in support of it.[11] Thus, the only admissible evidence submitted regarding the

---

[11] Defendants cannot of course remedy their failure to provide evidence to support
their transfer motion by supplying the missing evidence with their reply. It is well-
established that evidentiary material and new facts may not be introduced for the first time
in a reply. *See, e.g., Contratto v. Ethicon, Inc.*, 2005 WL 289973,* 6, n. 5 (N.D. Cal., Feb.
7, 2005) ("Defendants' attempt to introduce new evidence in connection with their reply

1   various §1404(a) factors has been submitted by Plaintiffs, and all of that evidence weighs

2   against transfer. In addition, the Frank Rosen Defendants are seeking to transfer this action

3   to a forum which has no jurisdiction over almost any of the defendants, so this action could

4   not have been brought originally in Delaware and hence can't be transferred there.

5          For all of the above reasons, Defendants' motion to transfer should be denied.

6   Dated: April 17, 2007                    Respectfully submitted,

7

8                                            TRIAL & TECHNOLOGY LAW GROUP
                                             A Professional Corporation
9                                            Attorneys for Plaintiff
                                             FORTE CAPITAL PARTNERS, LLC
10

11

12                                           By: _____
13                                               Robert A. Spanner

14

15

16

17

18

19

20   _____

21   papers is improper"); *Davenport v. M/V New Horizon,* 2002 WL 32098289, *3 (N.D. Cal.,
     Dec. 18, 2002) ("[t]he Court refuses to consider the evidence Tosco presented in support of
22   its reply brief"); *Gold v. Wolpert,* 876 F.2d 1327, 1331 n. 6 (7th Cir. 1989) ("[i]t is well
     settled that new arguments cannot be made for the first time in reply. This goes for new
23   facts too"); *Nautilus Group, Inc. v. Icon Health & Fitness, Inc.,* 308 F.Supp.2d 1208, 1215
24   (W.D. Wash. 2003) (declaration ordered stricken). Indeed, a motion lies to strike evidence
     submitted for the first time with a reply brief. *Contratto v. Ethicon, Inc., supra,* 2005 WL
25   289973 at * 6, n.5 (motion to strike evidence submitted with reply brief granted); *Nautilus
     Group v. Icon Health & Fitness, Inc.,* 308 F.Supp.2d 1208, 1215 (W.D. Wash. 2003)
26   (same).

27   _____

28   Plaintiff's Opposition to Motion to Transfer
     – Case No. CGC 06-457399                    20

TRIAL &
TECHNOLOGY
LAW GROUP