Robert A. Spanner, Esq., State Bar No. 60308
TRIAL & TECHNOLOGY LAW GROUP
A Professional Law Corporation
545 Middlefield Road, Suite 220
Menlo Park, California 94025
Telephone:   (650) 324-2223
Facsimile:   (650) 324-0178

Attorneys for Plaintiff
FORTE CAPITAL PARTNERS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> HARRIS CRAMER, LLP, *et al.*, <br><br> Defendants. | Case No. C 07-01237 MJJ <br><br> **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (RULE 12(b)(6))** <br><br> Date: May 8, 2007 <br> Time: 9:30 a.m. <br> Courtroom: 11 |

This case involves a proxy solicitation conducted in this District by Plaintiff Forte Capital Partners, LLC ("Forte"), a significant shareholder of SmartVideo Technologies, Inc. ("SmartVideo"), to replace the Board of Directors of SmartVideo in order to prevent corporate waste and unnecessary dilution of shares. Plaintiff retained the services of the Defendant law firms to advise it in connection with the proxy solicitation. Plaintiff

---
Opposition to Def. Motion to Dismiss
Case No. C 07-01237 MJJ                                1

obtained sufficient votes to with the proxy contest. However, because of the professional negligence and non-feasance of the Defendants in failing to advise Plaintiff how to properly conduct a proxy solicitation, hundreds of thousands of shares voted in favor of Plaintiff's slate of directors were disqualified, as a result of which the proxy solicitation failed.

Defendants' motion to dismiss this action pursuant to Rule 12(b)(6) for failure to state a claim, which is supported by one page of briefing and no citation of authority, must be denied because Plaintiff manifestly has stated a claim upon which relief may be granted under applicable law. The contention of the Defendants that Plaintiff must plead the evidence supporting each of its allegations is in derogation of the well-established federal rule of notice pleading.

## I. STATEMENT OF FACTS

In testing the sufficiency of a complaint all factual allegations are assumed to be true. *Doe v. U.S.*, 419 F.3d 1058, 1062 (9th Cir. 2005); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005); *Paulsen v. CNF, Inc.*, 391 F.Supp.2d 804, 807 (N.D. Cal. 2005). The First Amended Complaint alleges that Plaintiff Forte Capital Partners, LLC ("Forte"), a shareholder of SmartVideo Technologies, Inc. ("SmartVideo"), contacted Defendants in 2005 to seek assistance in preventing SmartVideo's Board of Directors from continuing to permit corporate waste, mismanagement, and the dilution of Plaintiff's shareholdings (First Amended Complaint ("FAC"), ¶¶ 12-14). Defendants advised Plaintiff Forte to initiate a proxy solicitation to replace the SmartVideo Board (FAC ¶¶ 15-17, 20). At the direction and under the supervision of Defendant attorneys, Plaintiff Forte sent out consent

Opposition to Def. Motion to Dismiss
Case No. C 07-01237 MJJ                             2

and proxy solicitation materials ("Proxy Materials"), prepared and reviewed by Defendants, to SmartVideo shareholders (FAC, ¶¶ 19-21). Plaintiff Forte received sufficient votes to replace of the SmartVideo Board of Directors (FAC, ¶¶ 24, 30 & 32). Unfortunately, the Defendants, contrary to their representations, did not know a thing about how to conduct a proxy solicitation, and they failed to advise Plaintiff how to obtain valid consents.

Many shareholders do not hold their stock certificates themselves, and hence are not "shareholders of record"; rather, they leave their shares in their brokers' custodial accounts. The shareholder of record for these custodially-held shares is an institution named DTC/Cede & Co. (FAC, ¶26).

Only shareholders of record can vote shares. It is therefore necessary to obtain the authorization of DTC/Cede & Co. for the broker-custodians to vote their custodial shares (pursuant to the instructions of the individual shareholder) (FAC, ¶¶26-27). This authorization is obtained by a request to DTC/Cede & Co. for what is called an Omnibus Proxy (FAC, ¶28). However, none of the Defendants obtained an Omnibus Proxy, or advised Plaintiff to do so (FAC, ¶29), as a result of which all of the custodial share proxies received by Forte in favor of its proxy solicitation were invalid, and Forte was as a result unsuccessful in its proxy solicitation (FAC, ¶¶ 35-37). Accordingly, Forte was unable to gain control of the SmartVideo Board of Directors so that it could stop the ongoing corporate waste, the continued mismanagement, and the repeated dilution of its shareholdings (FAC, ¶¶ 38-39). This caused Plaintiff to suffer millions of dollars of

damages when such corporate waste, mismanagement and shareholding dilution continued after the proxy failed (FAC, ¶¶ 40 & 43).

## ARGUMENT

### I. RULE 12(B)(6) MOTIONS TO DISMISS ARE DISFAVORED.

Because of federal courts' notice pleading rules, a motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored and such motions are rarely granted. *Gilligan v. Jamco Development Corporation*, 108 F.3d 246, 249 (9th Cir. 1997) ("The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted", as there is "a powerful presumption against rejecting pleadings for failure to state a claim"): *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) (12(b)(6) motions are granted only in extraordinary cases); *Cauchi v. Brown*, 51 F.Supp.2d 1014, 1016 (E.D.Cal. 1999) (same).

The rule is a strict one: "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). This means that the facts pleaded in the Complaint must be assumed to be true for the purposes of a Rule 12(b)(6) motion, regardless of how improbable the alleged facts are (*Neitzke v. Willliams*, 490 U.S. 319, 328-29 (1989); *Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969)), and regardless of how remote or unlikely recovery appears to be (*Bernheim v. Litt*, 79 F.3d 318, 321 (2nd Cir. 1996); *Allison v. California Adult Authority, supra*, 419 F.2d at 823).

---

Opposition to Def. Motion to Dismiss
Case No. C 07-01237 MJJ                                                      4

TRIAL &
TECHNOLOGY
LAW GROUP

For this reason, Defendants' Rule 12(b)(6) motion to dismiss "on the ground that plaintiff's alleged damages are too speculative is inappropriate." *U.S. Network Services, Inc. v. Frontier Communications of the West, Inc.*, 115 F.Supp.2d 353, 358 (S.D.N.Y. 2000). Proof of the effect of wrongful acts upon the financial position of the Plaintiff is far too complicated an evidentiary issue to be dealt with by a 12(b)(6) motion, which cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *U.S. Network Services, supra* at 358, *quoting from Conley v. Gibson*, 355 U.S. at 45-46. The court in *U.S. Network Services,* after finding the amended complaint sufficient, said that "the specifics of plaintiff's claims for compensatory damages can better be fleshed out through discovery" (*id.* at 358, n. 3).

Here there is no uncertainty whatever that the fact of damages has been adequately alleged. As set forth in Plaintiff's First Amended Complaint and as Defendants acknowledge (Memorandum in Support of Motion to Dismiss at 3 ["Def. Dismissal Mem."]), Plaintiff alleges that Defendants negligently failed to perform their duties (¶¶ 37, 42), which prevented Plaintiff from gaining control of the SmartVideo Board of Directors so that it could stop the ongoing corporate waste, the continued mismanagement, and the repeated dilution of its shareholdings by the issuance of new shares of corporate stock (¶¶ 13, 38 & 39), which actionable acts in turn caused Plaintiff to suffer millions of dollars of damages because such corporate waste, mismanagement and dilution continued after the proxy solicitation failed (¶¶ 40, 43). That the economic injury which had been suffered before, and which Plaintiff sought to address through a proxy solicitation to remove the

TRIAL & TECHNOLOGY LAW GROUP

Board that caused that economic injury, would continue to be suffered afterward because the Board was not removed is the obvious and natural consequence of the failure of the proxy solicitation. In truth, Defendants' argument is frivolous.

## II. THE FEDERAL RULES DO NOT REQUIRE THAT *ANY* EVIDENCE BE PLEADED IN A COMPLAINT.

Under the Federal Rules, the plaintiff need not allege the evidentiary facts constituting his claim for relief. *Conley v. Gibson, supra*, 355 U.S. at 47-48; *Fanucchi & Limi Rams v. United Agri Products*, 414 F.3d 1075, 1082 (9th Cir. 2005) federal notice pleading does not require factual detail); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("a complaint is not required to allege all, *or any*, of the facts logically entailed by the claim") (emphasis in original). Thus, the plaintiff is not required to set forth evidentiary details under the "simplified pleading system" adopted by the federal rules. *Swierkewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993); *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

Defendants' argument is based on the misconception that a Rule 12(b)(6) dismissal can be granted based on an alleged "lack of evidence" to support the allegations in the complaint. *See* Def. Dismissal Mem. at 4:8 (arguing about what "the evidence suggests"); Def. Dismissal Mem. at 4:11 ("There is no evidence that plaintiff would have succeeded in removing the Board of Directors of SmartVideo even absent Defendants' alleged negligence"); Def. Dismissal Mem. at 4:15 ("There is no evidence which suggests that any diminution in the value of plaintiff's interest in SmartVideo would not have occurred had plaintiff successfully removed SmartVideo's Board of Directors"); Def. Dismissal Mem.

at 4:17-19 ("There is no evidence demonstrating one way or another whether any loss suffered by plaintiff was do [sic] to market factors beyond the control of any board of directors or other factors which would not have been affected by a change in the [B]oard of Directors of SmartVideo"). As noted above, a federal complaint need not (and should not) plead evidentiary details. *Bennett v. Schmidt, supra*, 153 F.3d at 518; *Swierkewicz v. Sorema N.A., supra*, 534 U.S. at 514; *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, supra*, 507 U.S. at 168-69; *Bautista v. Los Angeles County, supra*, 216 F.3d at 840.

Indeed, the Court cannot even consider the kind of speculation about the evidence outside the four corners of the First Amended Complaint, since "the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Isuzu Motors Ltd. v. Consumers Union*, 12 F.Supp.2d 1035, 1042 (C.D.Cal. 1998).

Moreover, as noted above, Plaintiff Forte *has* pleaded the nature of its damages claims in detail in its First Amended Complaint indulged in by Defendants, and these allegations must be assumed to be true for the purposes of this Rule 12(b)(6) motion. *See Neitzke v. Willliams, supra*, 490 U.S. at 328-29; *Allison v. California Adult Authority, supra*, 419 F.2d at 823. Thus, contrary to Defendants' argument (Def. Dismissal Mem. at 3-4), the Court must decline Defendants' invitation to disregard the allegations in Plaintiff's First Amended Complaint that Plaintiff would have succeeded in removing the Board of Directors of SmartVideo absent Defendants' negligence, that the damages to Plaintiff's interest in SmartVideo would not have continued to occur had Plaintiff

successfully removed SmartVideo's Board of Directors, and that Plaintiff's damages are therefore attributable to the malfeasance and nonfeasance of Defendants. As the Ninth Circuit has stated repeatedly: "[w]e accept all allegations of material fact stated in the complaint as true and construe the allegations in favor of the non-moving party." *National Audubon Society, Inc. v. Cavis*, 307 F.3d 835, 855 (9th Cir. 2002); *accord, Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989); *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998) ("the complaint must be construed favorably to the plaintiff").

Defendants' motion must be denied because the First Amended Complaint pleads the facts underlying Forte's claims and the damages incurred by Forte in great detail, far surpassing Federal courts' notice pleading requirements.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss must be denied.

Dated: April 17, 2007               Respectfully submitted.

                                    TRIAL & TECHNOLOGY LAW GROUP
                                    A Professional Corporation
                                    Attorneys for Plaintiff
                                    FORTE CAPITAL PARTNERS, LLC


                                    By: _____
                                          Robert A. Spanner