Robert A. Spanner, Esq., State Bar No. 60308
TRIAL & TECHNOLOGY LAW GROUP
A Professional Law Corporation
545 Middlefield Road, Suite 220
Menlo Park, California 94025
Telephone:   (650) 324-2223
Facsimile:    (650) 324-0178

Attorneys for Plaintiff
FORTE CAPITAL PARTNERS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>HARRIS CRAMER, LLP, *et al.*,<br><br>    Defendants. | Case No.  C 07-01237 MJJ<br><br>**DECLARATION OF DANIEL McKELVEY IN SUPPORT OF PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER ACTION TO DELAWARE PURSUANT TO 28 U.S.C. §1404(a)**<br><br>Date: May 8, 2007<br>Time: 9:30 a.m.<br>Courtroom: Hon. Martin J. Jenkins |

TRIAL &
TECHNOLOGY
LAW GROUP

Daniel P. McKelvey states and declares as follows:

1. I am the majority owner of Forte Capital Partners, LLC ("Forte"), and I manage its affairs on a day-to-day basis. This declaration is made on personal knowledge.

2. Forte has its principal and sole place of business is in San Francisco, California.

3. Forte was a shareholder in SmartVideo, Inc., a public company.

4. In or about May, 2005, I called Defendant Alan Frank at the offices of Frank, Rosen, Snyder & Moss, in Elkins Park, Pennsylvania, regarding the appropriate course of action to be taken to achieve removal of SmartVideo's existing directors and to replace them with a new board of directors. Mr. Frank told me that he and his firm possessed the knowledge, skill and expertise necessary to represent and advise Forte with respect to the matter.

5. In or about June, 2005, I engaged the services of Defendant Alan Frank and his law firm to represent Forte in connection with its goal of removing SmartVideo's board of directors and replacing them with new directors. I signed the engagement letter at Forte's San Francisco office and returned it to Frank Rosen's Elkins Park, Pennsylvania office.

6. Throughout the time that Defendant Alan Frank and his law firm were engaged to perform services on behalf of Forte, I always communicated with Mr. Frank and members of his law firm at their office in Elkins Park, Pennsylvania, and I also communicated with Mr. Frank at his home in Pennsylvania.

7. In or about June, 2005, I called the offices of Harris Cramer, LLP in Florida

McKelvey Decl. In Suppt of Plaintiff's Opp.
to Mot. to Transfer– Case No. CGC 06-457399          1

TRIAL &
TECHNOLOGY
LAW GROUP

and spoke to Michael Harris. Shortly thereafter I engaged the services of Harris Cramer, LLP to represent Forte in connection with the securities work associated with the preparation of a consent proxy solicitation to elect new directors. A true and correct copy of the engagement letter that Mr. Harris sent to me is attached hereto as Exhibit 1. I signed the letter at Forte's office in San Francisco. (Harris Cramer, LLP and Michael Harris will be referred to as the "Harris Cramer Defendants.")

8. The Harris Cramer Defendants told me that to accomplish Forte's goals, Forte should commence a consent proxy solicitation. At their request, I sent documents and information to them at their Florida office, from which they prepared consent proxy solicitation materials ("Proxy Materials"), which they sent to Forte's office in San Francisco.

9. I reviewed the Proxy Materials prepared by the Harris Cramer Defendants. The Proxy Materials directed shareholders who held shares in certificate form to contact Forte' directly to vote the shares in favor of the proxy proposal. The Proxy Materials directed shareholders who held shares in a custodial account to contact the person responsible for the account to vote the shares in favor of the proxy proposal. The Proxy Materials requested SmartVideo shareholders to contact Forte with questions. From Forte's office in San Francisco, I communicated by telephone, email and fax with SmartVideo shareholders regarding the Proxy Materials.

10. The Harris Cramer Defendants told me to send the Proxy Materials to SmartVideo's shareholders. To accomplish that, I sent communications from Forte's San Francisco office to ADP, the proxy agent for brokerage firms and custodial banks. The

shareholders returned the proxy consents to Forte's office.

11. During the time that the Harris Cramer Defendants represented Forte, I contacted them from Forte's office in San Francisco and from my home in San Mateo County, California, to their office in Florida and to Mr. Harris' temporary office in North Carolina (at the time of a hurricane). I do not recall receiving any communications from the Harris Cramer Defendants from any place other than Florida and North Carolina. I never requested Harris Cramer to perform any services in Delaware.

12. Before November, 2005, none of the attorneys from Mr. Frank's law firm or from the Harris Cramer law firm had ever told me that Forte was legally required to obtain an omnibus proxy from the shareholder of record in order for individual shareholders to vote their shares held in brokerage accounts, or that the failure to do so would invalidate any votes of those shares.

13. Other than this case, there are no cases between Forte and any defendant named in this case. Forte has not filed any such cases, and it has not been served with a summons by any defendant in this case.

14. In addition to myself, there are a number of other witnesses who live in California. They are:

> a) Neil Morris. Dr. Morris was the individual who would have been elected President and CEO of SmartVideo had the election been successful. Dr. Morris, whom I am aware has decades of experience in the telecommunications and semiconductor industries, can testify about the reasons why the proxy solicitation was conducted, and what steps he

---

McKelvey Decl. In Suppt of Plaintiff's Opp.
to Mot. to Transfer– Case No. CGC 06-457399    3

TRIAL &
TECHNOLOGY
LAW GROUP

intended to take to improve SmartVideo's stockholder value following his election. Dr. Morris' testimony is relevant to establish that the SmartVideo shareholders' desire to remove the company's board stemmed from legitimate concerns of corporate waste and poor management, and that had Dr. Morris' election been successful, he would have taken steps to change the company's management in a manner that would have been beneficial to the shareholders;

b) Gary Armitage. Mr. Armitage held an indirect interest in SmartVideo. Had the election been successful, he would have been an advisor to the Board. Mr. Armitage can testify about the reasons why the shareholders were dissatisfied with SmartVideo's directors, about the content of the proxy solicitation;

c) Ralph Meely. Mr. Meely was held an indirect interest in SmartVideo. Had the election been successful, he would have been an advisor to the Board. Mr. Meely can testify about the reasons why the shareholders were dissatisfied with SmartVideo's directors, about the content of the proxy solicitation;

d) Herman Rush, Robert Beaton, Robert Friedman, and Dick Lippin: each of these witnesses were shareholders in SmartVideo with whom Forte communicated before and during the voting process regarding the reasons for the contest and regarding questions that were raised during the time the vote took place.

McKelvey Decl. In Suppt of Plaintiff's Opp.
to Mot. to Transfer– Case No. CGC 06-457399        4

TRIAL &
TECHNOLOGY
LAW GROUP

1  The testimony of Messrs. Rush, Beaton, Friedman and Lippin are relevant to
2  demonstrate that as SmartVideo shareholders they received proxy materials from Forte, and
3  that they communicated with Forte regarding questions that arose during the consent
4  solicitation period, and that they returned their completed proxy materials to Forte. All of
5  the foregoing is relevant to demonstrate that Forte acted in conformance with the advice it
6  received from its counsel. The testimony of Messrs. Armitage, Meely, Rush, Beaton,
7  Friedman and Lippin would be relevant to the issues of corporate waste and
8  mismanagement at SmartVideo.

15. Attached hereto as Exhibit 2 is a true and correct copy of a letter I received from Alan Frank dated September 28, 2006, which I received along with a Banker's box full of documents.

16. Forte keeps all of its documents and records at its office in San Francisco. Among the records related to this case that are at Forte's office are the following: email communications between it and both the Harris Cramer Defendants and the Frank Rosen Defendants; communications between it and the shareholders relating to the proxy vote and the proxy solicitation; proxy materials and drafts thereof; communications with ADP, with the transfer agent and with broker-dealers; and notes related to the vote count.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed April 17, 2007 at San Francisco, California.

Daniel P. McKelvey

McKelvey Decl. In Suppt of Plaintiff's Opp.
to Mot. to Transfer– Case No. CGC 06-457399          5

TRIAL &
TECHNOLOGY
LAW GROUP

# EXHIBIT 1

# HARRIS CRAMER LLP
Attorneys At Law

| HC |

1555 Palm Beach Lakes Boulevard, Suite 310
West Palm Beach, FL 33401-2327
Tel (561) 689-4441
Fax (561) 659-0701
www.harriscramer.com

Michael D. Harris, Esq.
mharris@harriscramer.com

June 8, 2005

**VIA E-MAIL** [mckelvey@fortepartners.com]
Forté Partners, LLC
201 Mission Street, Suite 1930
San Francisco, CA 94105
Attention: Mr. Daniel McKelvey

Re:   SmartVideo Technologies, Inc.

Dear Dan:

It is our policy to prepare an engagement letter for all new matters in order to avoid any possible misunderstandings. Forté Partners, LLC (the "Company") has agreed to retain us and we shall be pleased to represent it and forego other employment opportunities. Our engagement shall involve representing the Company in connection with a consent solicitation and other matters that may arise with SmartVideo Technologies, Inc.

Our fee will be on a time basis using our current rates at the time of performance. Such rates currently range from $75 per hour through $450 per hour depending upon the particular person handling your work. My present hourly rate for your matter is $450 per hour. We require a retainer of $7,500. We will endeavor to use paralegal personnel and lawyers with lower hourly rates to the extent feasible. On an annual basis in January we examine our fee structure and may increase our rates at that time if circumstances warrant it.

The Company agrees to reimburse us for all actual out-of-pocket costs and expenses incurred by us in our representation hereunder such as, but not limited to, messenger and express delivery service, travel expenses, secretarial overtime (when necessary), long-distance telephone charges, facsimile charges, duplicating costs and postage. We shall bill you for the actual costs charged by unaffiliated third parties. For non-legal services provided by this firm which involves staff time such as outgoing facsimiles, we charge a reasonable service fee. We do not charge for ordinary word processing costs except where overtime is incurred either at your express request or as a result of the nature of the engagement and time considerations which costs are billed at the actual cost paid out to our staff (excluding any employer contributions). When secretarial or word processing staff incurs overtime charges as a result of our inability to reasonably complete the engagement within normal business hours, we do not bill for such costs. All costs are payable as incurred.

In order to reduce our bookkeeping cost, we would appreciate it if you would provide us with your Federal Express or other overnight delivery service number so that we may bill overnight delivery charges directly to you.

Forté Partners, LLC
June 8, 2005
Page 2

       Number:_____
       Name of Overnight Delivery Service:_____

    I strongly believe that our most important asset is our ability to serve our clients' needs in a rapid yet thorough manner. I am often unavailable during the business day either because I am in conference, on an extensive conference call or because I must carefully review long documents which require my undivided attention. I feel very badly when I am not able to take telephone calls of our clients or return them during business hours. However, I will under normal circumstances be able to return your telephone call later if you will leave with my secretary your mobile and home telephone numbers. In addition, **I encourage** you to feel free to call me after hours and on weekends at one of the following numbers:

       Mobile:     561-644-2222
       BlackBerry: 561-307-1782

    Our obligation to complete our engagement is dependent upon prompt payment of all invoices. In addition, you agree that if any statement is not paid within 30 days after it is rendered, we may, at our option, charge interest at the rate of 1 ½% per month, or the prevailing prime rate of Citibank, whichever is higher.

    In the event it is necessary for this firm to bring legal action to collect any legal fee earned and/or costs expended in connection with the above-referenced matter, the prevailing party shall be entitled to collect its costs expended and attorneys' fees incurred in connection with such collection.

    Please execute a copy of this letter agreement in the appropriate place reflecting your agreement, fill in your overnight delivery service number and return it to us with the retainer. Our wire transfer instructions are enclosed.

    Thank you very much for retaining this firm. We trust that you will be satisfied with our services. Our policy is to encourage our clients to consult freely with us and ask questions. Please avail yourself of this right.

                                                      Very truly yours,

                                                    Michael D. Harris

MDH/cdv
Enclosure

Forté Partners, LLC
June 8, 2005
Page 3


We hereby agree to the contents of the foregoing letter agreement.


Dated: June 9, 2005                    Forté Partners, LLC

                                       BY: *[signature]*


G:\Forte\Letters\Eng.doc

### WIRE INSTRUCTIONS FOR
### HARRIS CRAMER LLP
### TRUST ACCOUNT

To:    Grand Bank & Trust of Florida
       (at Federal Reserve Bank – Miami Branch)
       3601 PGA Boulevard
       Palm Beach Gardens, Florida 33410

ABA (R/T#) 067014466

Credit Account: Harris Cramer LLP Trust Account

Account Number: 10098440

G:\Office\Harris Cramer LLP\Grand Bank\Wire Instructions HC Trust.doc

# EXHIBIT 2

LISA G. FADEN\*+
JOEL L. FISHBEIN\*+
ALAN L. FRANK\*+□
KYLE M. KULZER\*+
JILL B. LEVY\*
SAMANTHA A. MILLROOD\*+
ALEXANDER J. PALAMARCHUK\*

PARALEGALS
DEBRA E. MCGUCKIN

\* MEMBER PA BAR
+ MEMBER NJ BAR
□ MEMBER OF NY BAR

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
### Attorneys at Law

8380 OLD YORK ROAD
SUITE 410
ELKINS PARK, PA 19027
(215) 935-1000
FAX NO. (215) 935-1110

NEW JERSEY OFFICE

GLENDALE EXECUTIVE CAMPUS
1000 WHITEHORSE ROAD
SUITE 914
VOORHEES, NJ 08043
(856) 321-1120
FAX NO. (856) 321-1233

SOUTHAMPTON OFFICE

LAKE SIDE OFFICE PARK
206 LAKESIDE DRIVE
SOUTHAMPTON, PENNSYLVANIA 18966
(215) 935-1000
FAX NO. (215) 935-1110

CENTER CITY PHILADELPHIA OFFICE

1500 WALNUT STREET
SUITE 900
PHILADELPHIA, PA 19102
(215) 546-3426
FAX NO. (215) 546-3429

E-MAIL ADDRESS:
afrank@alflaw.net

September 28, 2006

Mr. Daniel McKelvey
Forte' Partners, LLC
456 Montgomery Street, Suite 2200
San Francisco, CA 94104

    RE:    Smart Video

Dear Daniel:

    As per your request enclosed please find your file in connection with the Smart Video matter.

Very truly yours,

ALAN L. FRANK

ALF/dem