JEFFREY M. VUCINICH, ESQ. BAR#: 67906
JOSHUA W. ROSE, ESQ. BAR#: 191024
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendants
FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK and MARC H. SNYDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HARRIS CRAMER, L.L.P., a partnership; MICHAEL D. HARRIS; FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK; MARC H. SNYDER; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: C07-01237 MJJ<br><br>**REPLY BY DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP ET AL. TO OPPOSITION BY PLAINTIFF TO THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (RULE 12(b)(6))**<br><br>Date:        05-08-07<br>Time:       9:30 a.m.<br>Courtroom: 11, 19th Floor Honorable Martin J. Jenkins |

Defendants, FRANK, ROSEN, SNYDER & MOSS, LLP, ALAN L. FRANK LAW ASSOCIATES, P.C., ALAN L. FRANK and MARC H. SNYDER (Hereinafter "The Frank Rosen Defendants"), Reply to plaintiff, FORTE CAPITAL PARTNERS, LLC's (Hereinafter "Plaintiff") Opposition to the Frank Rosen defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted.

///

///

REPLY BY DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP ET AL. TO OPPOSITION BY PLAINTIFF TO THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (RULE 12(b)(6))

G:\Data\DOCS\0395\03755\Reply-Mot-Dismiss.pld

I. **PLAINTIFF'S PROFESSIONAL NEGLIGENCE, NEGLIGENT REFERRAL NEGLIGENT MISREPRESENTATION AND BREACH OF CONTRACT CAUSES OF ACTION FAIL AS THEY DO NOT ADEQUATELY ALLEGE DAMAGES.**

A. **PROFESSIONAL NEGLIGENCE**

To state a claim for negligence under California law, a plaintiff must allege that: (1) defendants owed plaintiff a duty, (2) defendants breached that duty, (3) and, as a direct and proximate result of that breach, (4) plaintiff suffered damages. A "legal malpractice [claim] is compounded of the same basic elements as other kinds of actionable negligence: duty, breach of duty, causation, and damage." (*First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 986 (9th Cir. 2000).) Plaintiff's complaint merely states that "...Forte has suffered damages in an amount to be proved..." (See Forte 1st Am. Complaint, page 12, ¶43, lines 11-12.) Plaintiff's professional negligence claim must fail as a matter of law because it fails to state a claim upon which relief can be granted. The element of damages is not appropriately pled. Any calculation of damages could only be based on speculation and conjecture.

B. **NEGLIGENT REFERRAL**

As analyzed above, the negligent referral claim consists of he same elements. Plaintiff's complaint repeats that "...Forte has suffered damages in an amount to be proved..." (See Forte 1st Am. Complaint, page 13, ¶50, lines 18-20.) Since plaintiff's complaint fails to properly allege damages proximately caused by the alleged negligent referral by the Frank Rosen defendants, this claim also fails as a matter of law. Evidence constituting the element of damages is missing.

C. **NEGLIGENT MISREPRESENTATION**

The elements of fraud . . . are: a representation, usually of fact, which is false, knowledge of its falsity, intent to defraud, justifiable reliance upon the misrepresentation, and damage resulting from that justifiable reliance. [N]egligent misrepresentation [is] very similar [but] . . . lacks the element of intent to deceive. (*Anthony v. Yahoo! Inc.*, 421 F. Supp. 2d 1257, 1260 (N.D.Cal. 2006).)

One of the claims in plaintiff's pleading sounds in fraud and thus, must meet the requirements of Federal Rule of Civil Procedure 9(b). Plaintiff's first amended complaint does not meet the Rule

REPLY BY DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP ET AL. TO OPPOSITION BY PLAINTIFF TO THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (RULE 12(b)(6))   2

G:\Data\DOCS\0395\03755\Reply-Mot-Dismiss.pld

9(b) threshold. (*See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1107 (9th Cir. 2003) ("A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.")

Federal Rule of Civil Procedure 9(b) states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Even with regard to complaints that do not specifically plead fraud, the Ninth Circuit has consistently held that cases that are "grounded in fraud" or "sound in fraud" must satisfy the particularity requirement of Rule 9(b), regardless of whether the substantive law at issue is federal or state. (*Vess*, 317 F.3d at 1103-04.)

Moreover, Federal Rule of Civil Procedure 9(g) states "When items of special damage are claimed, they shall be specifically stated." Here, plaintiff's complaint repeats that "...Plaintiff has suffered damages in an amount to be proved..." (See Forte 1st Am. Complaint, page 14, ¶56, lines 21-24.) Here, plaintiff's pleading lacks any evidence of its damages for the alleged negligent misrepresentation by the Frank Rosen defendants. Thus, Forte's claim fails as a matter of law.

### D. PLAINTIFF'S BREACH OF WRITTEN CONTRACT CAUSE OF ACTION FAILS AS IT DOES NOT ADEQUATELY ALLEGE DAMAGES.

Under California law, a plaintiff must establish "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages" to state a breach of contract claim. (*Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1021 (N.D.Cal. 2006)); (*Anthony v. Yahoo! Inc.*, 421 F. Supp. 2d 1257, 1260 (N.D.Cal. 2006).) Here, plaintiff's pleading lacks any evidence of its damages for the alleged breach of written contract by the Frank Rosen defendants. It merely states that "...Forte has suffered damages in an amount to be proved..." (See Forte 1st Am. Complaint, page 17, ¶66, lines 25-27.) The element of damages is not properly pled. Thus, Forte's breach of contract claim fails as a matter of law.

///

REPLY BY DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP ET AL. TO OPPOSITION BY PLAINTIFF TO THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (RULE 12(b)(6))   3

G:\Data\DOCS\0395\03755\Reply-Mot-Dismiss.pld

Respectfully submitted.

DATED: April 23, 2007

CLAPP, MORONEY, BELLAGAMBA
and VUCINICH

By: _____
JEFFREY M. VUCINICH, ESQ.
Attorney for Defendants
FRANK, ROSEN, SNYDER & MOSS, LLP,
a limited partnership; ALAN L. FRANK LAW
ASSOCIATES, P.C., a corporation; ALAN L.
FRANK and MARC H. SNYDER

REPLY BY DEFENDANTS FRANK, ROSEN, SNYDER & MOSS,
LLP ET AL. TO OPPOSITION BY PLAINTIFF TO THEIR
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED (RULE 12(b)(6))    4

G:\Data\DOCS\0395\03755\Reply-Mot-Dismiss.pld