JEFFREY M. VUCINICH, ESQ. BAR#: 67906
JOSHUA W. ROSE, ESQ. BAR#: 191024
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendants
FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK and MARC H. SNYDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HARRIS CRAMER, L.L.P., a partnership; MICHAEL D. HARRIS; FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK; MARC H. SNYDER; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: C07-01237 MJJ<br><br>**REPLY BY DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP ET AL. TO OPPOSITION BY PLAINTIFF TO MOTION TO TRANSFER ACTION TO UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>Date:      05-08-07<br>Time:      9:30 a.m.<br>Courtroom: 11, 19th Floor<br>Honorable Martin J. Jenkins |

Defendants, FRANK, ROSEN, SNYDER & MOSS, LLP, ALAN L. FRANK LAW ASSOCIATES, P.C., ALAN L. FRANK and MARC H. SNYDER (Hereinafter "The Frank Rosen Defendants"), Reply to plaintiff, FORTE CAPITAL PARTNERS, LLC's (Hereinafter "Plaintiff") Opposition to the Frank Rosen defendants' Motion to Transfer Action to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 1404(a).

///

///

REPLY BY DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP ET AL. TO OPPOSITION BY PLAINTIFF TO MOTION TO TRANSFER ACTION TO UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. § 1404(a)

G:\Data\DOCS\0395\03755\Reply-Mot-Trans2.pld

## I. THE FRANK ROSEN DEFENDANTS' MOTION TO TRANSFER ACTION IS SUPPORTED BY ADMISSIBLE EVIDENCE CONTAINED HEREIN.

This Reply contains declarations of Jeffrey M. Vucinich and Alan L. Frank, so the Motion to Transfer Action is supported by admissible evidence. Faced with a rapidly approaching deadline to get a responsive pleading filed, moving defendants did not have all evidence necessary at the time of filing their motion to transfer. It may be received by this court. The Frank Rosen defendants request that plaintiff be allowed to respond to this new evidence if it wishes. The evidence, as shown below, establishes that Delaware is a much superior forum for litigation of this action when compared to California. Forte's attempt to remove the directors of SmartVideo Technologies, Inc. by way of proxy solicitation is based upon Delaware law.

In addition, counsel for the moving defendants mistakenly stated in Section III, subsection A, page 3 lines 18-19 and again in Section III, subsection B, page 4, lines 19-21, of their memorandum of points and authorities in support of this motion that "Defendant Alan Frank is a resident of Delaware." In fact, Mr. Frank is a citizen of Pennsylvania, **not** Delaware. (See Jeffrey M. Vucinich Decl.)

## II. THIS ACTION MAY BE TRANSFERRED TO DELAWARE BECAUSE THE CASE COULD HAVE BEEN BROUGHT THERE ORIGINALLY.

The Unites States District Court in Delaware, located at 844 North King Street, Wilmington, DE 19801, would have had subject matter jurisdiction over this action. Moreover, venue in the Delaware District Court would have been proper. Finally, each defendant would have been subject to personal jurisdiction in Delaware.

Moving defendants are informed and believe that plaintiff, FORTE CAPITAL PARTNERS, LLC, was, at all relevant times, a limited liability company organized under the laws of the State of Delaware and having its principal place of business in San Francisco, California.

HARRIS CRAMER, L.L.P., was at all relevant times a Florida partnership with its principal place of business in West Palm Beach, Florida. On information and belief, the transferring defendants believe that, at all times relevant herein, each partner of defendant, HARRIS CRAMER, L.L.P.,

REPLY BY DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP ET AL. TO OPPOSITION BY PLAINTIFF TO MOTION TO TRANSFER ACTION TO UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. § 1404(a)   2

G:\Data\DOCS\0395\03755\Reply-Mot-Trans2.pld

was/is a citizen of Florida and that no partner was/is a citizen of California.

Defendant, MICHAEL D. HARRIS, was at all relevant times a citizen of Florida.

Defendant, FRANK, ROSEN, SNYDER & MOSS, LLP, was at all relevant times a Pennsylvania limited partnership and its principal place of business was in Elkins Park, Pennsylvania. No partner of defendant FRANK, ROSEN, SNYDER & MOSS, LLP is a citizen of California.

Defendant, ALAN L. FRANK LAW ASSOCIATES, P.C., is a corporation, incorporated under the laws of the State of Pennsylvania and having its principal place of business in Elkins Park, Pennsylvania.

Defendant, ALAN L. FRANK, is a citizen of Pennsylvania.

Defendant, MARC H. SNYDER, is a citizen of Delaware.

Non-party, SMARTVIDEO TECHNOLOGIES, INC. (hereinafter "SmartVideo"), was at all times relevant hereto a Delaware corporation.

Clearly, diversity exists among and between the parties, thus the transfer of this action to Federal District Court in Delaware is warranted, because the case could have been brought there initially.

### A. JURISDICTION WOULD HAVE BEEN PROPER IN DELAWARE.

Pursuant to 10 Del. Code §3104(b), each defendant transacted business and/or performed some character of work or service in the State of Delaware. Sufficient minimum contacts exist among all defendants and the State of Delaware such that the maintenance of the suit there does not offend traditional notions of fair play and substantial justice. (*Shaffer v. Heitner*, 433 U.S. 186 (1977.) Plaintiff's opposition does not make reference to the lawsuit that all named defendants were involved in filing and maintaining on plaintiff's behalf in Delaware Chancery Court. On June 21, 2005, plaintiff filed a lawsuit against Richard E. Bennett, Jr. and the Company (SmartVideo) in the Chancery Court of the State of Delaware in and for New Castle County, Case No. 1448-N. The lawsuit sought an injunction preventing Mr. Bennett and the Company from issuing more of its shares until after the next annual shareholders' meeting, and from taking other defensive actions involving a breach of

REPLY BY DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP ET AL. TO OPPOSITION BY PLAINTIFF TO MOTION TO TRANSFER ACTION TO UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. § 1404(a)   3

G:\Data\DOCS\0395\03755\Reply-Mot-Trans2.pld

fiduciary duty which would impede this consent solicitation. In that lawsuit, each and every defendant availed themselves to jurisdiction of the Delaware Chancery Court. The lawsuit also sought an order compelling the Company to provide plaintiff with access to the books and records of the Company. (See generally Alan L. Frank Decl.)

### 1. THE EVIDENCE SUPPORTS PERSONAL JURISDICTION OVER MICHAEL D. HARRIS & HARRIS CRAMER IN DELAWARE.

Defendant Michael D. Harris' practice almost exclusively emphasizes SEC compliance matters (so-called 1933 and/or 1934 Act filings, including Quarterlies (8-K's), Annuals (10-K's), and significant occurrences (8-K's) filings by his clients with the SEC using EDGAR, the raising of corporate capital through equity and debt offerings by his clients, corporate governance issues, like the contest to dispossess SmartVideo's management (which is what he tried to do in this case), merger and acquisition transactions, and the like. His typical efforts will include the preparation of "term sheets" and the follow-up Agreements to consummate the acquisition of a "target" business for one or another of his corporate clients. In fact, Mr. Harris' corporate securities law practice involves substantial representation of clients incorporated in the State of Delaware. (See Alan L. Frank Decl.)

Furthermore, according to plaintiff's first amended complaint, "The Harris Cramer Defendants also reviewed and commented upon court filings prepared by the Frank Rosen Defendants in said lawsuit." (See Forte 1st Am. Complaint, page 5, ¶17, lines 1-7; page 5, ¶18, lines 13-17; page 7, ¶25, lines 6-14) Additionally, plaintiff's pleading alleges at page 14, ¶54, lines 11-18, that "the Frank Rosen Defendants referred to Siefert the Harris Cramer Defendants for the purposes set forth above, expressly or impliedly representing that **the Harris Cramer Defendants had the expertise and experience to competently represent a client conducting a contested proxy solicitation with respect to a Delaware corporation such as SmartVideo...**" (Emphasis added.)

Moreover, on or about April 17, 2007, counsel for moving parties accessed the website for The United States Securities and Exchange Commission, EDGAR, http://www.sec.gov/edgar/searchedgar/webusers.htm A search of "Harris Cramer" yielded results that

REPLY BY DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP ET AL. TO OPPOSITION BY PLAINTIFF TO MOTION TO TRANSFER ACTION TO UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. § 1404(a)   4

G:\Data\DOCS\0395\03755\Reply-Mot-Trans2.pld

establish defendants Harris Cramer and Michael D. Harris' exposure to personal jurisdiction in Delaware, by way of their representation of a Delaware corporation, Ecosphere Technologies, Inc. This is just one further example of why Delaware courts certainly have personal jurisdiction over nonresident Harris Cramer defendants under the Delaware long-arm statute. The Harris Cramer defendants transacted business and/or performed some character of work or service in the State of Delaware by way of their representation of Delaware corporation Ecosphere. (See Jeffrey M. Vucinich Decl.); (10 Del. Code §3104(b).)

Finally, Alan L. Frank and Michael D. Harris and/or members of their respective firms personally appeared at least one court hearing in Delaware Chancery Court during their litigation of Case No. 1448-N on behalf of plaintiff. Mr. Frank recalls that the attendees at the hearing before Judge Strine included Richard Seifert, Jr., who resides in Pennsylvania, but was one of the putative new Directors put forth by the McKelvey group. Mr. Seifert, that day, was the designee of Daniel McKelvey, because Mr. McKelvey apparently did not want to come in from California. In addition, Mr. Frank was there, as was Marc H. Snyder and an attorney from Michael D. Harris' office, who Mr. Frank cannot identify at this time. The remaining attendees included counsel for the management group and for Richard E. Bennett, Jr., who was then a Director and the CEO of the Company. Mr. Bennett also personally appeared that day at the court hearing in Delaware. (See Alan L. Frank Decl.)

Thus, Delaware courts surely have personal jurisdiction over all of the defendant – Alan L. Frank, the Frank Rosen law firm defendants, Michael D. Harris, the Harris Cramer law firm and Marc H. Snyder, a resident of Delaware. There are sufficient minimum contacts between all defendants and the State of Delaware, such to support a finding that jurisdiction would have been proper there.

  **2. THE EVIDENCE SUPPORTS PERSONAL JURISDICTION OVER ALAN L. FRANK & ALAN L. FRANK LAW ASSOCIATES IN DELAWARE.**

Attached as "Exhibit A" to the declaration of Alan L. Frank is a true and correct copy of the executed retention letter agreement between plaintiff Forte and Mr. Frank's firm in June 2005. The scope of engagement was and remained quite limited. Plaintiff Forte understood at the inception of

REPLY BY DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP ET AL. TO OPPOSITION BY PLAINTIFF TO MOTION TO TRANSFER ACTION TO UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. § 1404(a)   5

G:\Data\DOCS\0395\03755\Reply-Mot-Trans2.pld

the proceeding that defendants would be initiating litigation in Delaware, which was the sole nature of the Frank Rosen defendants' representation of plaintiff. Moreover, it was crystal clear to all parties involved in this action that the Harris Cramer defendants had expertise in corporate and securities law, specifically to a contested proxy solicitation involving a Delaware corporation, such as SmartVideo. (See Exh. 1 to Alan L. Frank Decl.); (See Forte 1st Am. Complaint, page 14, ¶54, lines 11-18.)

Defendant Alan L. Frank was admitted *pro hac vice* in the Court of Chancery so as to represent plaintiff in that litigation. On October 25, 2005, Forte filed a Motion for Temporary Restraining Order and Application with the Court of Chancery, New Castle County, pursuant to Section 225 of the Delaware General Corporation Laws, for a hearing to determine and enforce the replacement of the Company's Board of Directors. (See Alan L. Frank Decl.)

In the TRO Motion, Forte requested a hearing to determine whether the consent solicitation it engineered and carried out successfully removed and replaced the Company's Board of Directors. On October 26, 2005, Forte filed a Supplemental Motion for Temporary Restraining Order. In addition to requesting an expedited hearing to determine the validity of its consent solicitation, Forte sought a variety of temporary relief. The Court held a hearing on the TRO Motion and the Supplemental TRO Motion on October 31, 2005. At the hearing, the Court scheduled a November 21, 2005 trial on the merits to determine the validity of the consent solicitation. (See Alan L. Frank Decl.)

Pending a determination on the merits, the Court entered a Status Quo Order on November 3, 2005, directing, among other things, that the Company's Board of Directors be left in place and that the Company provide five days notice to Forte prior to entering into certain business transactions outside the ordinary course of business of the Company. On November 19, 2005, the Court dismissed Forte's TRO Motion and the Supplemental TRO Motion with prejudice. In addition, the Court vacated its Status Quo Order. (See Alan L. Frank Decl.)

Since the Frank Rosen defendants and the Harris Cramer defendants represented plaintiff Forte in the litigation described above, the evidence surely supports a finding that Delaware courts have personal jurisdiction over all defendants.

REPLY BY DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP ET AL. TO OPPOSITION BY PLAINTIFF TO MOTION TO TRANSFER ACTION TO UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. § 1404(a)    6

G:\Data\DOCS\0395\03755\Reply-Mot-Trans2.pld

### III. THE EVIDENCE WEIGHS STRONGLY IN FAVOR OF TRANSFER TO DELAWARE PURSUANT TO A 28 U.S.C.§ 1404(a) ANALYSIS OF RELEVANT FACTORS.

While plaintiff's choice of forum must be given substantial weight, litigation of this action in California is inconvenient. California lacks a significant connection to the activities alleged in the complaint. Forte's attempt to remove the directors of SmartVideo Technologies, Inc. by way of proxy solicitation is based upon Delaware law. Among other things, defendants filed a lawsuit on behalf of plaintiffs in Delaware, in an attempt to effectuate this result. Plaintiff's tort allegations arise out of activities that occurred in Delaware, pursuant to defendants' litigation filed on behalf of plaintiff Forte, before the Court of Chancery.

Moreover, all defendants and defense witnesses will suffer significant inconvenience by way of a California forum. Each defendant will testify as to plaintiff's failure to retain an outside firm from the beginning to do the collecting, counting and verification of votes, despite this recommendation by defendants. Each defendant resides in either Florida, Delaware of Pennsylvania, so Delaware is much more convenient forum in terms of distance. Defendants and their witnesses will be forced to incur the costs associated with traveling to California from Florida, Pennsylvania and Delaware during the discovery phase of this action and of course trial. (Alan L. Frank Decl.).

In addition, significant documentation and records bearing directly on the issues raised in the subject action are located in the Delaware Court of Chancery. Thus, it is the more convenient forum.

Therefore, based on the foregoing, Delaware is clearly the more convenient forum. The interests of justice indeed weigh in favor of transfer.

Respectfully submitted.

DATED: April 23, 2007

CLAPP, MORONEY, BELLAGAMBA and VUCINICH

By: _____
JEFFREY M. VUCINICH, ESQ.
Attorney for Defendants
FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK and MARC H. SNYDER

REPLY BY DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP ET AL. TO OPPOSITION BY PLAINTIFF TO MOTION TO TRANSFER ACTION TO UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. § 1404(a)    7

G:\Data\DOCS\0395\03755\Reply-Mot-Trans2.pld