JEFFREY M. VUCINICH, ESQ.  BAR#: 67906
JOSHUA W. ROSE, ESQ. BAR#: 191024
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA  94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendants
FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK and MARC H. SNYDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>HARRIS CRAMER, L.L.P., a partnership; MICHAEL D. HARRIS; FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK; MARC H. SNYDER; and DOES 1-50, inclusive,<br><br>    Defendants. | CASE NO.: C07-01237 MJJ<br><br>**REPLY DECLARATION OF ALAN L. FRANK IN SUPPORT OF DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP ET AL'S. MOTION TO TRANSFER ACTION TO UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>Date:        05-08-07<br>Time:        9:30 a.m.<br>Courtroom:   11, 19th Floor Honorable Martin J. Jenkins |

I, ALAN L. FRANK declare as follows:

1.      I am a defendant in the above-referenced matter. I am a resident of Pennsylvania. I am an attorney licensed to practice law in Pennsylvania, New Jersey and New Your. I do not practice law in California. I have personal knowledge of all facts contained in this declaration, except for those matters stated to be on information and belief, and, if called as a witness, could and would competently testify thereto.

2.      Defendant Michael Harris' practice almost exclusively emphasizes SEC compliance

REPLY DECLARATION OF ALAN L. FRANK IN SUPPORT OF
DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP ET
AL'S. MOTION TO TRANSFER ACTION TO UNITED STATES
DISTRICT COURT, DISTRICT OF DELAWARE PURSUANT TO
28 U.S.C. § 1404(a)

G:\Data\DOCS\0395\03755\Dec-frank-reply-mot-trans.pld

1  matters (so-called 1933 and/or 1934 Act filings, including Quarterlies (8-K's), Annuals (10-K's), and significant occurrences (8-K's) filings by his clients with the SEC using EDGAR, the raising of corporate capital through equity and debt offerings by his clients, corporate governance issues, like the contest to dispossess SmartVideo's management (which is what he tried to do in this case), merger and acquisition transactions, and the like. His typical efforts will include the preparation of "term sheets" and the follow up Agreements to consummate the acquisition of a "target" business for one or another of his corporate clients. In fact, Mr. Harris' corporate securities law practice involves substantial representation of clients incorporated in the State of Delaware.

3. Alan L. Frank and Michael D. Harris and/or members of their respective firms personally appeared at least one court hearing in Delaware Chancery Court during their litigation of Case No. 1448-N on behalf of plaintiff. Attendees at the hearing before Judge Strine included Richard Seifert, Jr., who resides in Pennsylvania, but was one of the putative new Directors put forth by the McKelvey group. Mr. Seifert, that day, was the designee of Daniel McKelvey, because Mr. McKelvey apparently did not want to come in from California. In addition, I attended, as did Marc H. Snyder and an attorney from Michael D. Harris' office, who I cannot identify at this time. The remaining attendees included counsel for the management group and for Richard E. Bennett, Jr., who was then a Director and the CEO of the Company. Mr. Bennett also personally appeared that day at the court hearing in Delaware.

4. On or about June 30, 2005, plaintiff and I executed a retention letter agreement. The scope of engagement was and remained quite limited. Plaintiff Forte understood at the inception of the proceeding that defendants would be initiating litigation in Delaware, which was the sole nature of the Frank Rosen defendants' representation of plaintiff. Moreover, it was crystal clear to all parties involved in this action that the Harris Cramer defendants had expertise in corporate and securities law, specifically to a contested proxy solicitation involving a Delaware corporation, such as SmartVideo. A true and correct copy of the June 2005 retention letter is attached hereto as "Exhibit A."

5. I was admitted *pro hac vice* in the Court of Chancery so as to represent plaintiff in that litigation. On October 25, 2005, Forte filed a Motion for Temporary Restraining Order and

REPLY DECLARATION OF ALAN L. FRANK IN SUPPORT OF
DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP ET
AL'S. MOTION TO TRANSFER ACTION TO UNITED STATES
DISTRICT COURT, DISTRICT OF DELAWARE PURSUANT TO
28 U.S.C. § 1404(a)                               2

G:\Data\DOCS\0395\03755\Dec-fr
ank-reply-mot-trans.pld

Application with the Court of Chancery, New Castle County, pursuant to Section 225 of the Delaware General Corporation Laws, for a hearing to determine and enforce the replacement of the Company's Board of Directors.

6. In the TRO Motion, Forte requested a hearing to determine whether the consent solicitation it engineered and carried out successfully removed and replaced the Company's Board of Directors. On October 26, 2005, Forte filed a Supplemental Motion for Temporary Restraining Order. In addition to requesting an expedited hearing to determine the validity of its consent solicitation, Forte sought a variety of temporary relief. The Court held a hearing on the TRO Motion and the Supplemental TRO Motion on October 31, 2005. At the hearing, the Court scheduled a November 21, 2005 trial on the merits to determine the validity of the consent solicitation.

7. Pending a determination on the merits, the Court entered a Status Quo Order on November 3, 2005, directing, among other things, that the Company's Board of Directors be left in place and that the Company provide five days notice to Forte prior to entering into certain business transactions outside the ordinary course of business of the Company. On November 19, 2005, the Court dismissed Forte's TRO Motion and the Supplemental TRO Motion with prejudice. In addition, the Court vacated its Status Quo Order.

8. In addition to myself, all defendants and defense witnesses reside in either Florida, Delaware or Pennsylvania. Thus, a Delaware forum is much more convenient to us, as compared to California. All defendants will provide testimony about plaintiff's refusal to retain an outside firm from the beginning to do the collecting, counting and verification of votes, despite this recommendation by defendants. Richard Seifert, Jr., a defense witness, who resides in Pennsylvania, will also provide similar testimony.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I have personal knowledge of all facts contained in this Declaration, except for those matters stated to be on information and belief, and, if called as a witness, I could and would competently testify thereto. Executed on April 23, 2007 at Elkins Park, Pennsylvania.

_____
ALAN L. FRANK, ESQ.

G:\Data\DOCS\0395\03755\dec-frank-reply-mot-trans
REPLY DECLARATION OF ALAN L. FRANK IN SUPPORT OF DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP ET AL'S. MOTION TO TRANSFER ACTION TO UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. § 1404(a)

4

# EXHIBIT "A"

ALAN L. FRANK*+☐
LANCE S. ROSEN*+
MARC H. SNYDER †*+
DANIEL L. MOSS*+
ALEXANDER J. PALAMARCHUK*‡
SAMANTHA A. MILLROOD*+
KYLE M. KULZER*+
THOMAS J. BOGAR*+
GAIL A. WEILHEIMER*+
JILL B. LEVY *+
CHRISTOPHER D. GASDA*
MARSHALL D. BLEEFELD*+

OF COUNSEL
JOEL I. FISHBEIN*+

PARALEGALS
DEBRA E. MCGUCKIN
JUDITH A. TAIMANGLO
JENNIFER L. THOMPSON
HOLLY L. PERLOFF

* MEMBER PA BAR
+ MEMBER NJ BAR
† MEMBER DE BAR
‡ MEMBER OF WV BAR
☐MEMBER OF NY BAR

# FRANK, ROSEN, SNYDER & MOSS, L.L.P.
## Attorneys at Law

8380 OLD YORK ROAD
SUITE 410
ELKINS PARK, PA 19027
(215) 935-1000
FAX NO. (215) 935-1110

**NEW JERSEY OFFICE**

1040 NORTH KINGS HIGHWAY
SUITE 202
CHERRY HILL, NJ 08034
(856) 321-1120
FAX NO. (856) 321-1233

**DELAWARE OFFICE**

1813 MARSH ROAD
SUITE D
WILMINGTON, DELAWARE 19810
(302) 475-8060
FAX NO. (302) 475-8182

**SOUTHAMPTON OFFICE**

LAKE SIDE OFFICE PARK
206 LAKESIDE DRIVE
SOUTHAMPTON, PENNSYLVANIA 18966
(215) 935-1000
FAX NO. (215) 935-1110

**BRISTOL OFFICE**

132 MILL STREET
BRISTOL, PENNSYLVANIA 19007
(215) 788-6110
FAX NO. (215) 788-6256

**BLUE BELL OFFICE**

1360 DEKALB PIKE
BLUE BELL, PENNSYLVANIA 19422
(610) 270-9500
FAX NO. (215) 239-8300

E-MAIL ADDRESS:
afrank@frankandrosenlaw.com

June 20, 2005

**VIA UPS OVERNIGHT DELIVERY**
Daniel P. McKelvey, Managing Partner
Forté Capital Partners, LLC
201 Mission Street
San Francisco, CA 94105

Re: *Forte Capital Partners, LLC, v. Richard Bennett and SmartVideo Technologies, Inc.*

Dear Mr. McKelvey:

This will confirm the retention of Frank, Rosen, Snyder & Moss, LLP ("FRS&M") to pursue a claim against SmartVideo Technologies, Inc. ("SmartVideo") and its current officers and directors to enjoin any Board actions which dilute the shares of stock owned by Forte´ Capital Partners, LLC ("Forte´ Partners").

The terms of the representation are as follows:

1. Scope of Engagement

We will be filing a Complaint and Motion for Preliminary and Permanent Injunction against SmartVideo Technologies, Inc. and its current officers and directors to enjoin any future board actions, which dilutes the shares of the Forte´ Partners.

Mr. Daniel P. McKelvey
June 20, 2005
Page 2

2.   Fees and Disbursements

You will be billed for fees and costs incurred on this matter. The fees will be based on the time devoted to this matter at the prevailing hourly rates for the attorney or paralegal performing the services. For your information, my time is currently billed at the rate of $320.00 per hour and Joel I. Fishbein's time is billed at $250. The firm's fees range from $220 to $320. In addition to the time charged, our monthly invoices will include, as separate cost items, any expenditures which we have incurred on your behalf such as long-distance telephone calls, court filing fees, special mailing, telecopier and messenger fees, photocopies of documents, court reporters fees, computerized research expenses and similar disbursements. We expect that you will either pay the costs directly or reimburse us for such costs.

3.   Monthly Statements

We will be sending you monthly statements reflecting fees and costs through the end of each calendar month in which legal services are performed. Our invoices generally are prepared and mailed during the middle of the month following the month in which the services are rendered and costs expended. All invoices are payable in full within 30 days of your receipt. Naturally, if you ever have any question whatsoever concerning a bill, you should not hesitate to contact us.

4.   Retainer

Because of the nature of this matter, you have agreed to pay a retainer of $15,000 upon your receipt of this retainer agreement. In the event the initial retainer is consumed, we reserve the right to require an additional retainer to be applied on account of attorney's fees and costs. As I have explained, I anticipate that the fees and costs will likely exceed $50,000 and could even exceed six figures.

5.   Conflict of Interests

It is understood and agreed that FRS&M shall continue to represent Richard Seifert in his arbitration against SmartVideo. It is further understood that, to the extent that any conflict arises in FRS&M's representation of Forte' Partners and Richard Seifert with respect to the arbitration between Seifert and SmartVideo, and with respect to any related litigation, Forte' Partners agrees to prospectively waive any such claim of conflict of interests.

Please call me immediately if you have any questions about the foregoing.

Mr. Daniel P. McKelvey
June 20, 2005
Page 3

    Also, please send the retainer check of $15,000 by overnight mail, or if you prefer, you can wire the funds to my firm's account. If you wish to wire the funds, please call Debbie McCuckin of my office for wiring instructions.

                                      Very truly yours,

ALF/jif                                   ALAN L. FRANK

*[Signature]*

Accepted
For Forte Capital Partners, LLC