RUSSELL S. ROECA (State Bar # 97297)
EDWARD D. HAAS (State Bar # 76647)
DANIEL W. HAGER (State Bar # 121515)
ROECA HAAS HAGER LLP
180 Sutter Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 352-0980
Facsimile:  (415) 352-0988

Attorneys for Defendants HARRIS CRAMER, L.L.P.
and MICHAEL D. HARRIS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO)

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>HARRIS CRAMER, L.L.P., a partnership; MICHAEL D. HARRIS; FRANK, ROSEN, SNYDER & MOSS, L.L.P., a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK; MARC H. SNYDER; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. C 07-01237 MJJ<br><br>**REPLY BRIEF IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>Date:      May 8, 2007<br>Time:     9:30 a.m.<br>Location: Courtroom 11, 19th Floor<br>Judge:    Martin J. Jenkins |

**I.    INTRODUCTION**

Plaintiff Forte Capital Partners LLC's ("Forte Capital" or "plaintiff") opposition ignores the fundamental issue raised in defendants' motion: speculative damages are not recoverable and, therefore, a motion to dismiss is proper.

No matter how much discovery is had or how much evidence is ultimately offered, at the end of the day, Forte Capital's claim for damages is, and will always be, purely speculative and uncertain. Speculative damages are not recoverable; damages must be certain. Therefore, this motion to dismiss should be granted.

Roeca Haas Hager LLP
180 Sutter Street, Suite 200, San Francisco, CA 94104
415.352.0980 Fax 415.352.0988

## II. SPECULATIVE DAMAGES ARE NOT RECOVERABLE AND A MOTION TO DISMISS IS PROPER

Damages must be reasonably certain, in the sense that they occurred and were caused by the defendant's actions. (22 Am.Jur.2d Damages § 328.) "Damages which are speculative, remote, imaginary, contingent, or merely possible cannot serve as a legal basis for recovery." (*Frustuck v. City of Fairfax* (1963) 212 Cal.App.2d 345, 367-368; *Goehring v. Chapman University* (2004) 121 Cal.App.4th 353, 367.) Speculative damages include where the "damage depends on the act of a third person or the happening of a certain event." (*Agnew v. Parks* (1959) 172 Cal.App.2d 756, 768.)

Here, no matter how much evidence plaintiff presents in briefs or at trial, damages will always remain impermissibly speculative and, therefore, plaintiff has no legal basis for recovery. In other words, even if plaintiff is correct that it would have succeeded in removing the Board of Directors of SmartVideo, plaintiff simply cannot prove with the requisite certainty – and, in fact, has no way of knowing - that any new board of directors would have created a profit for SmartVideo. Such prospective conjecture involves numerous contingent possibilities, and an abundance of unknown and unknowable factors. Whether damages would have occurred here would depend, at a minimum, upon the ability and success of a new board of directors and favorable market conditions. Both are wholly speculative. As mentioned above, speculative damages include where the damages depend upon the acts of third persons or the happening of an event. Thus, a motion to dismiss is proper.

Nevertheless, plaintiff makes two arguments: 1) Rule 12(b)(6) motions are disfavored; and 2) plaintiff need not allege evidentiary facts in a complaint. Neither argument helps plaintiff overcome the insurmountable obstacle raised in defendants' motion: speculative damages are not recoverable. Moreover, plaintiff's brief contains case law and arguments in support of defendants' motion.

As to plaintiff's first argument, while it is widely accepted that Rule 12(b)(6) motions are disfavored, a Rule 12(b)(6) dismissal is proper where a plaintiff presents only conclusory

| REPLY BRIEF IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED | 2 | FORTE CAPITAL PARTNERS, L.L.C. v. HARRIS CRAMER, L.L.P., et al, Case No. C 07-01237 MJJ |
|---|---|---|

Roeca Haas Hager LLP
180 Sutter Street, Suite 200, San Francisco, CA 94104
415.352.0980  Fax 415.352.0988

allegations. (*Transphase Systems, Inc. v. Southern Calif. Edison Co.* (C.D. Cal. 1993) 839 F.Supp. 711, 718). Furthermore, as stated by the court in the case cited by plaintiff, *U.S. Network Services, Inc. v. Frontier Communications of the West, Inc.* (S.D.N.Y. 2000) 115 F.Supp.2d 353, 358, a court should dismiss a complaint when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." (*Id.* citing *Conley v. Gibson* (1957) 355 U.S. 41, 45-56.). In order to recover damages, a plaintiff must prove those damages to a reasonable certainty. (*Id.*)

Here, plaintiff cannot prove damages to a reasonable certainty. Unlike in *U.S. Network*, even the discovery process would not help plaintiff obtain the requisite evidence on damages in this case. No one – including plaintiff or an expert presented by plaintiff – can predict with any degree of certainty how well a new board of directors would have performed or how hospitable fluctuating market conditions would have been. At best, plaintiff has engaged only in wishful thinking.

For these reasons, plaintiff's second argument – that it need not allege evidentiary facts in a complaint – is irrelevant and also fails. Regardless of the type of pleading, Forte Capital will never be able to prove damages with the requisite certainty, no matter how much evidence it offers in briefs or at trial. Thus, a motion to dismiss is appropriate.

### III. CONCLUSION

Forte Capital's First Amended Complaint fails to state a claim upon which relief can be granted because damages are wholly speculative. Therefore, defendants Harris Cramer, L.L.P. and Michael D. Harris respectfully request that the motion to dismiss be granted.

Dated: April 24, 2007            ROECA HAAS HAGER LLP

By:   /S/
Russell S. Roeca
Attorneys for Defendants Harris Cramer
LLP and Michael Harris

Roeca Haas Hager LLP
180 Sutter Street, Suite 200, San Francisco, CA 94104
415.352.0980  Fax 415.352.0988

**PROOF OF MAILING/E-MAIL SERVICE**

I, Peter Korcsinszky, hereby declare:

I am over the age of 18 years and not a party to or interested in the within entitled cause. I am an employee of Roeca Haas Hager LLP and my business address is 180 Sutter Street, Suite 200, San Francisco, CA 94104. On the date stated below, I served a true copy of:

**REPLY BRIEF IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

**(X)** By mail, by placing said document(s) in an envelope addressed as shown below. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on the date stated below to the addressee stated below, following the firm's ordinary business practices.

Jeffrey M. Vucinich  
Clapp Moroney Bellagamba & Vucinich  
1111 Bayhill Drive, Suite 300  
San Bruno, CA 94066

Robert A. Spanner  
Trial & Technology Law Group  
545 Middlefield Road, Suite 220  
Menlo Park, CA 94025

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Francisco, California on April 24, 2007.

/S/  
Peter Korcsinszky

G:\Forte Capital\Pleadings\Reply Motion to Dismiss.w.pos.doc

**REPLY BRIEF IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**   4   **FORTE CAPITAL PARTNERS, L.L.C. v. HARRIS CRAMER, L.L.P., et al, Case No. C 07-01237 MJJ**