```
1  Robert A. Spanner, Esq. (State Bar No. 60308)
   TRIAL & TECHNOLOGY LAW GROUP
2  A Professional Corporation
3  545 Middlefield Road, Suite 220
   Menlo Park, CA 94025
4  Telephone:    (650) 324-2223
   Facsimile:    (650) 324-0178
5
6  Attorneys for Plaintiff
   FORTE CAPITAL PARTNERS, LLC
7
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC, | Case No. C 07-01237 MJJ |
| Plaintiff, | MOTION TO STRIKE: (1) THE FRANK ROSEN DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER ACTION TO DELAWARE; (2) THE FRANK ROSEN DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS; (3) SUPPORTING MATERIAL SUBMITTED BY THE FRANK ROSEN DEFENDANTS WITH REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER ACTION TO DELAWARE, (4) THE HARRIS CRAMER DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER; AND OBJECTION TO CONSIDERATION OF ARGUMENTS PRESENTED FOR FIRST TIME IN REPLY BRIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| vs. | |
| HARRIS CRAMER, LLP, et al., | |
| Defendants. | |
| | Date: May 8, 2007<br>Time: 9:30 a.m.<br>Courtroom: 11 |

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Forte Capital Partners, LLC moves, pursuant to L.R. 7-5(b), the Federal Rules of Evidence, and the inherent powers of the Court, to strike the evidence, arguments and issues untimely submitted by Defendants Frank, Rosen Snyder & Moss, LLP, Alan L. Frank Law Associates, P.C., Alan L. Frank, and Marc H. Snyder ("the Frank Rosen Defendants") in and with their reply brief in support of their motion to transfer this action to Delaware, to strike and to disregard arguments and issues untimely raised for the first time by the Frank Rosen Defendants in their reply memorandum in support of the motion to dismiss pursuant to F.R. Civ. P. 12(b)(6), and the Reply Brief In Support of Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim Upon Which Relief May Be Granted filed by Defendants Harris Cramer LLP and Michael Harris, all as set forth with particularity below.

## INTRODUCTION

The Frank Rosen Defendants sought an order from this Court transferring this action to Delaware. But, as was set forth in Plaintiff's Memorandum In Opposition To Defendants' Motion To Transfer Action Pursuant to 28 U.S.C. §1404(a) ("Plaintiff's Opposition"), Defendants' motion was filed without any supporting declarations, and hence without admissible evidence to support their motion (Plaintiff's Opposition at pp. 2-3).

Plaintiff pointed out to the Frank Rosen Defendants that supplying the missing evidence with their reply brief would be improper (Plaintiff's Opposition to Motion to Transfer at pp. 19-20, fn. 11). They did it anyway, justifying the absence of evidence in the moving papers with the excuse that they didn't have enough time (Defendants' Reply Mem. at 2:4-6). Without citation of any authority permitting them to do so (Defendants' Reply Mem.. 2:3-6), the Frank Rosen Defendants submitted evidence, in the form of declarations and documents, for the first time with

their reply, and relied heavily on the contents of those declarations and documents in their reply memorandum. Not having enough time is a bogus rationale as well, since there was no reason why Defendants' motion to transfer had to be filed as an initial responsive pleading, hence there was no press of time as Defendants represent. The declarations, the documents, and the reply memorandum to the extent that it relies on this newly-presented evidence and raises new arguments and issues, should be stricken and disregarded.

In addition, the Frank Rosen Defendants raised arguments in their reply memorandum support of the motion to dismiss that were never raised in their moving papers or in Plaintiff's opposition to the motion to dismiss. The new arguments should be stricken and disregarded.

Finally, Defendants Harris Cramer LLP and Michael Harris (the "Harris Cramer Defendants") submitted a reply brief that constitutes new material in its entirety, since the Harris Cramer Defendants never submitted an opening memorandum. Their reply brief should be stricken and disregarded as well.

This motion is timely since motions to strike evidence may be raised any time at or before the hearing. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *Pfingston v. Roman Engineering Co.*, 284 F.3d 999, 1003 (9th Cir. 2002); *Perez v. Volvo Car Corp.*, 247 F.3d 303, 314-15 (1st Cir. 2001); Schwartzer, Tashima & Wagstaffe, FEDERAL CIVIL PROCEDURE BEFORE TRIAL (The Rutter Group, 2005), §14:109.

## ARGUMENT

### I. PLAINTIFF'S MOTION TO STRIKE NEW MATERIAL SUBMITTED IN AND WITH DEFENDANTS' REPLY SHOULD BE GRANTED.

**A.    Introducing Evidence for the First Time in a Reply Brief is Prohibited.**

The purpose of a reply brief is to respond to arguments made in an opposition brief – not to write a new brief based on an entirely new evidentiary basis. It is therefore well-established

that evidentiary material and new facts may not be introduced for the first time in a reply brief, and all such evidence must be stricken and disregarded. *Contratto v. Ethicon, Inc.*, 2005 WL 289973, * 6, n. 5 (N.D. Cal., Feb. 7, 2005) ("Defendants' attempt to introduce new evidence in connection with their reply papers is improper. . . .I grant the motion to strike, in part. To the extent that the declaration introduces new evidence *not presented in either the motion or opposition,* I did not consider the declaration . . . ."); *Competitive Technologies, Inc. v. Fujitsu, Ltd.,* 333 F.Supp.2d 858, 863 (N.D. Cal. 2004); *US ex rel. Englund v. Los Angeles County,* 2005 WL 2089216, *6, n. 26 (E.D. Cal., Aug. 30, 2005) (granting motion to strike exhibits, stating "[n]o new arguments or additional exhibits filed concurrently with defendant's reply brief will be considered by the court"), *citing Lujan v. Nat'l Wildlife Federation,* 497 U.S. 871, 894-95 (1990); *Tovar v. U.S. Postal Service,* 3 F.3d 1271, 1273 (9th Cir. 1993) *Nautilus Group v. Icon Health & Fitness, Inc.,* 308 F.Supp.2d 1208, 1215 (W.D. Wash. 2003) (declaration ordered stricken); *Davenport v. M/V New Horizon,* 2002 WL 32098289, *3 (N.D.Cal., Dec. 18, 2002); *Schwartz v. Upper Deck Co.,* 183 F.R.D. 672, 682 (S.D. Cal. 1999). Violations may be adressed by a motion to strike. *Contratto v. Ethicon, Inc.,* 2005 WL 289973, * 6, n. 5; *Nautilus Group v. Icon Health & Fitness, Inc.,* 308 F.Supp.2d at 1215.

**B.    All of the Evidence Introduced for the First Time in Defendants' Reply Brief Should be Stricken.**

The Frank Rosen Defendant submitted two declarations – one of their counsel and one by a defendant, both containing new facts and evidence. The Reply Declaration of Jeffrey M. Vucinich In Support of Defendants' Motion To Transfer ("Reply Declaration of Vucinich") should be stricken because it contains the following new facts and evidence: the content of Plaintiff's website (Vucinich Reply Decl., ¶2 and Exh. A thereto), and the content of an SEC filing made by a corporation wholly unrelated to this case which identifies the Harris Cramer

Defendants as counsel for the filer, and which Mr. Vucinich contends subjects the Harris Cramer Defendants to jurisdiction in Delaware (Vucinich Reply Decl., ¶4 and Exh. B thereto). Plaintiff has had no opportunity to respond to this evidence, or to brief its legal effect.

In addition, the Reply Declaration of Alan L. Frank In Support of Defendants' Motion To Transfer ("Reply Declaration of Frank") should be stricken because it contains the following new facts and allegations:

– Mr. Frank's description of Defendant Michael Harris' law practice and Mr. Harris' clients (Reply Declaration of Frank, ¶2);

– events that occurred at a hearing before the Delaware Chancery Court, on an unknown date, with several persons in attendance including an unidentified individual from Defendant Harris' law firm (*id.*, ¶3);

– Plaintiff's engagement of Defendant Frank's legal services and the scope of services to be rendered. Mr. Frank's opinion regarding the state of mind of Plaintiff when the engagement was entered into and Mr. Frank's opinion regarding the state of mind of all parties regarding the level of expertise the Harris Cramer Defendants possessed in connection with contested proxy solicitations (*id.*, ¶4);

– a recitation of facts regarding events relating to the filing of a Temporary Restraining Order on Plaintiff's behalf and a Status Quo Order issued pending resolution of the motion (*id*, ¶¶5-7)

– a recitation of the residence of witnesses and defendants, the subject of witness testimony and Mr. Frank's opinion regarding the convenience of the parties of litigating the case in Delaware (*id.*, ¶8).

The Reply Declarations of Mr. Vucinich and Defendant Frank and all of the attached exhibits should be stricken, and the arguments in Defendants' reply memorandum based on the new evidence set forth in them should be disregarded.

## II. DEFENDANTS' DECLARATIONS SHOULD ALSO BE STRICKEN FOR VIOLATION OF THIS COURT'S LOCAL RULES REGARDING ADMISSIBILITY OF EVIDENCE.

Under this Court's rules, declarations "may contain only facts, must conform as much as possible to the requirements of F.R. Civ. P 56(e), and must avoid conclusions and argument." Civ. L.R. 7-5(b). F.R. Civ. P. 56(e), in turn, requires that declarations "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." A declaration not made in compliance with Civ.L.R. 7-5(b) "may be stricken in whole or in part." Civ. L.R. 7-5(b). Indeed, failure to move to strike based on absence of personal knowledge would be waived if not now asserted. *Allen v. Scribner*, 812 F.2d 426, 435, n. 18 (9th Cir. 1987); *In re Teltronics Services. Inc.*, 762 F.2d 185, 192 (2nd Cir. 1985).

A summary allegation of personal knowledge, as appears in the Reply Declaration of Alan Frank is not legally adequate; rather, the facts establishing personal knowledge must be set forth in the declaration. F.R.Ev. 602; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The Reply Declaration of Alan Frank is defective because it contains only a summary allegation of personal knowledge (Reply Declaration of Frank, ¶1). Based only on that summary attestation of personal knowledge, Mr. Frank purports to describe the law practice of Defendant Michael Harris (Reply Declaration of Frank, ¶2), without first setting forth any facts demonstrating that he has any personal knowledge upon which to base the statements that he makes. For example, Mr. Frank states that Mr. Harris' "practice almost exclusively emphasizes SEC compliance matters" (Reply

Pl. Mot. to Strike Reply – Case No. C 07-01237 MJJ     5

Declaration of Frank, ¶2, 1:27-2:1), what Mr. Harris' "typical efforts" are in representing Mr. Harris' own clients (*id.* at 2:57), and who Mr. Harris' clients are (*id.* at 2:7-8), without demonstrating personal knowledge for any of those statements. Indeed, this evidence could only be hearsay. In addition, in Paragraph 8, Mr. Frank attests to the residence of defendants and a defense witness, Mr. Siefert, without explaining how he knows where any of the defendants or the witness reside. Mr. Frank's lack of personal knowledge renders Paragraphs 2 and 8 of his declaration inadmissible.

Similarly defective is Paragraph 3 of Mr. Frank's declaration to the extent that that paragraph is offered to prove that Mr. Harris or Defendant Harris Cramer LLP are subject to jurisdiction in Delaware. Mr. Frank purports to attest to his attendance at a hearing before the Delaware Chancery Court, and that some unidentified person from Mr. Harris' law firm appeared also. Conspicuously absent from the description of the purported hearing is any identification of specifically who from Mr. Harris' office appeared because Mr. Frank cannot recall who that person was (Reply Declaration of Frank, ¶3, 2:14-15). Accordingly, to the extent that Paragraph 3 of Mr. Frank's declaration is offered to prove that Mr. Harris or Defendant Harris Cramer LLP are subject to jurisdiction in Delaware, Mr. Frank's declaration fails to demonstrate that he has personal knowledge sufficient to connect Mr. Harris or his law firm with the jurisdiction, and Paragraph 3 of Mr. Frank's declaration should be stricken as well.

Finally, Paragraph 4 of Mr. Frank's declaration contains both statements for which Mr. Frank failed to set forth any facts demonstrating he had personal knowledge, and conclusory statements in violation of this Court's Local Rules. Mr. Frank attests to Plaintiff Forte's knowledge (Reply Declaration of Frank, ¶4, 2:20-22 ["'Plaintiff Forte understood at the inception of the proceeding that Defendants would be initiating litigation in Delaware. . . ."]) and to the

Pl. Mot. to Strike Reply – Case No. C 07-01237 MJJ    6

knowledge of Plaintiff and all of the defendants in the case (*id.* at 2:22-24 ["it was crystal clear to all parties involved in this action that the Harris Cramer defendants had expertise in corporate and securities law, specifically to a contested proxy solicitation. . . ."]). But Mr. Frank's declaration fails to set forth a single fact sufficient to demonstrate that he had any understanding of what knowledge Plaintiff or any of the other parties to this action possess. Furthermore, Mr. Frank's explanation that the "scope of engagement was and remained quite limited" is conclusory (Reply Decl. of Alan L. Frank, ¶4, 2:19-20).

The Reply Decl. of Jeffrey Vucinich should be stricken because it is conclusory. Mr. Vucinich attaches pages from the Securities and Exchange Commission website, and attests that the pages he printed "evidence a further example of Defendants Harris Cramer and Michael D. Harris' exposure to personal jurisdiction in Delaware by way of their representation of a Delaware Corporation, Ecosphere Technologies, Inc." (Reply Del. of Jeffrey Vucinich, ¶4, 2:10-12). This statement constitutes a legal conclusion and should be stricken.

### III. THE COMPLETELY NEW ARGUMENTS INTRODUCED FOR THE FIRST TIME IN THE FRANK ROSEN DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO TRANSFER SHOULD BE STRICKEN.

Raising new legal arguments for the first time in a reply is prohibited. As the court wrote in *United States v. Boyce*, 148 F.Supp.2d 1069, 1084 (S.D. Cal. 2001): "[Defendants'] argument was not presented in their moving papers and therefore should not be considered now, as it is improper for a party to raise a new argument in a reply brief." *See also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n. 4 (9th Cir.2000); *Eberle v. City of Anaheim*, 901 F.2d 814, 817-18 (9th Cir. 1990); *Gold v. Wolpert*, 876 F.2d 1327, 1331 n. 6 (7th Cir. 1989) ("[i]t is well settled that new arguments cannot be made for the first time in reply"); *Serpa v. SBC Telecommunications, Inc.*, 2004 WL 2002444, *5, n. 4 (N.D. Cal. 2004). The law is clear that a motion lies to strike

new arguments and issues introduced for the first time in a reply brief. *Dietrich v. Trek Bicycle Corp.*, 297 F.Supp.2d 1122, 1128 (W.D. Wis. 2003); *Zenith Electronics Corp. v. WH-TV Broadcasting Corp.*, 2003 WL 1627458 (N.D. Ill. 2003).

The Frank Rosen Defendants ran afoul of the foregoing authority by raising new arguments and issues in their reply memoranda. Relying almost exclusively on the inadmissible evidence contained in the Reply Declarations of Mr. Frank and Mr. Vucinich as set forth below for the first time in their reply brief, the Frank Rosen Defendants argue for the first time that legally sufficient minimum contacts exist among the transferee District and all of the defendants to satisfy both the Constitutional requirements and Delaware law (Reply Br. at 3:18-6:27), because:

- the nature of Mr. Harris' practice is sufficient to enable the Delaware court to exercise jurisdiction over him;

- each defendant transacted business and/or performed some work in Delaware

- Plaintiff's complaint alleges that the Harris Cramer Defendants reviewed and commented on court filings that they did not prepare;

- an unidentified attorney from Mr. Harris' firm appeared at an unidentified hearing on an unidentified date before the Delaware Chancery Court in an unidentified case; and

- the engagement letter between Plaintiff and Defendant Frank Rosen Snyder & Moss (Exh. A to Vucinich Decl.) is sufficient to enable the Delaware Court to exercise jurisdiction over Defendant Alan L. Frank and Alan L. Frank Law Associates since Plaintiff understood litigation would be filed in Delaware.

None of these arguments and issues have ever been raised before; the reply brief is essentially a new opening brief.

All of the foregoing new arguments in the Frank Rosen Defendants' reply memorandum in support of their motion to transfer should be stricken and disregarded.

## IV. THE ARGUMENTS INTRODUCED FOR THE FIRST TIME IN THE FRANK ROSEN DEFENDANTS' REPLY BRIEF IN SUPPORT OF THE MOTION TO DISMISS SHOULD ALSO BE STRICKEN AND DISREGARDED.

There are only two arguments raised in the Frank Rosen Defendants' motion to dismiss – that Plaintiff's complaint contains no statement of damages and that any calculation of damages would be based on speculation and conjecture (Docket Item No. 6). In their reply memorandum, the Frank Rosen Defendants argue for the first time that Plaintiff's claim of negligent misrepresentation is required to comply with the heightened pleading requirements of F.R. Civ. P. 9(b) (Reply By Defendants Frank, Rosen, Snyder & Moss LLP, et al. To Opposition By Plaintiff To Their Motion To Dismiss For Failure To State A Claim Upon Which Relief May Be Granted ("Dismissal Reply Mem."), at 2:22 - 3:11). The Frank Rosen Defendants also raise for the first time in their reply an argument that damages sought in a claim for negligent misrepresentation must be specifically pled under F.R. Civ. P. 9(g) (Dismissal Reply Mem. at 3:12-16). Both of these arguments should be stricken and disregarded. *See ProBatter Sports, LLC v. Joyner Technologies, Inc.* 2006 WL 140655, *4 (N.D. Iowa, Jan. 17, 2006) (disregarding argument raised for first time in reply memorandum that fraud count should be dismissed for failure to comply with F.R. Civ. P. 9(b)).

## V. THE REPLY BRIEF SUBMITTED BY THE HARRIS CRAMER DEFENDANTS IN SUPPORT OF THE MOTION TO DISMISS SHOULD BE STRICKEN.

The Harris Cramer Defendants originally joined in the Frank Rosen Defendants' motion to dismiss pursuant to F.R. Civ. P. 12(b)(6) (Docket Item No. 10), and they did not submit a memorandum of points and authorities. Yet despite having submitted no opening memorandum,

1  the Harris Cramer Defendants submitted a reply brief in support of the motion to dismiss. A party
2  that does not submit an opening memorandum obviously cannot submit one in reply.
3        Because the Harris Cramer Defendants' reply brief necessarily consists of entirely new
4  arguments and issues, it should be stricken in its entirety and should not be considered.
5  
6  **CONCLUSION**
7        All of the declarations and exhibits presented by the Frank Rosen Defendants with their
8  reply memorandum in support of their motion to transfer should be stricken. The new arguments
9  and issues raised for the first time in the Frank Rosen Defendants' reply memoranda should be
10  stricken and disregarded. The Harris Cramer Defendants' reply brief in support of the motion to
11  dismiss should be stricken because it consists entirely of new arguments and issues submitted for
12  
13  the first time in their reply.
14  Dated: April 26, 2007         Respectfully submitted,
15  
16                              TRIAL & TECHNOLOGY LAW GROUP
                            A Professional Corporation
17                              Attorneys for Plaintiff
                            FORTE CAPITAL PARTNERS, LLC
18  
                            By: _____
19                                  Robert A. Spanner
20
21
22
23
24
25
26
27
28

Pl. Mot. to Strike Reply – Case No. C 07-01237 MJJ    10