RUSSELL S. ROECA (State Bar # 97297)
EDWARD D. HAAS (State Bar # 76647)
DANIEL W. HAGER (State Bar # 121515)
ROECA HAAS HAGER LLP
180 Sutter Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 352-0980
Facsimile:  (415) 352-0988

Attorneys for Defendants HARRIS CRAMER, L.L.P.
and MICHAEL D. HARRIS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**(SAN FRANCISCO)**

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>HARRIS CRAMER, L.L.P., a partnership; MICHAEL D. HARRIS; FRANK, ROSEN, SNYDER & MOSS, L.L.P., a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK; MARC H. SNYDER; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. C 07-01237 MJJ<br><br>**ANSWER OF HARRIS CRAMER, L.L.P. AND MICHAEL D. HARRIS TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Harris Cramer L.L.P. and Michael D. Harris ("Harris Cramer"), for their Answer to the First Amended Complaint of Forte Capital Partners, LLC, admit, deny and allege as follows:

**PARTIES**

1.   Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 1.

2.   Harris Cramer denies the allegation in paragraph 2 that it is a limited partnership. Harris Cramer is a limited liability partnership.

1    3.    Harris Cramer denies the allegation in paragraph 3 that Michael D. Harris is a name partner in Harris Cramer.  Harris admits that at times he was acting in the scope of his role as an attorney with Harris Cramer and that he is a corporate and securities lawyer.  Lacking information and belief Harris Cramer denies the remaining allegations in paragraph 3.

4.    Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 4.

5.    Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 5.

6.    Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 6.

7.    Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 7.

8.    Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 8.

9.    Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 9.

10.   Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 10.

11.   This allegation is no longer pertinent to the allegations as the case has been removed to this court and accordingly there is no basis to admit or deny this allegation.

## OPERATIVE FACTS

12.   Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 12.

13.   Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 13.

14.   Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 14.

Roeca Haas Hager LLP
180 Sutter Street, Suite 200, San Francisco, CA 94104
415.352.0980  Fax 415.352.0988

ANSWER OF HARRIS CRAMER, L.L.P. and MICHAEL D. HARRIS TO FIRST AMENDED COMPLAINT    2    FORTE CAPITAL PARTNERS, L.L.C. v. HARRIS CRAMER, L.L.P., et al, Case No. C 07-01237 MJJ

15. Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 15.

16. Harris Cramer admits that it was engaged by Forte in connection with securities work associated with the preparation of a consent proxy statement. Harris Cramer denies the remaining allegations of paragraph 16.

17. Harris Cramer admits that it reviewed some draft court filings and admits that it was engaged to prepare a consent proxy statement. Defendant denies that it was engaged to file a lawsuit in Delaware Chancery Court and based upon information and belief denies the remaining allegations of paragraph 17.

18. Harris Cramer admits that Harris Cramer communicated with certain Frank Rosen Defendants regarding strategy. Defendant denies the remaining allegations of paragraph 18.

19. Harris Cramer admits that during its representation of Forte it obtained from Forte documents and information in part from which Harris Cramer prepared a consent proxy statement. Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 19.

20. Harris Cramer admits that the consent proxy statement was to be used by Forte as part of Fortes effort to seek the vote of shareholders for the election of a new board of directors and remove control from the existing board. Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 20.

21. Harris Cramer denies each and every allegation in paragraph 21.

22. Harris Cramer denies giving the advice and instruction as alleged in paragraph 22. Based upon information and belief Harris Cramer denies the remaining allegations of paragraph 22.

23. Harris Cramer denies giving the advice and instruction as alleged in paragraph 23 and thus based upon information and belief denies the remaining allegations of paragraph 23.

24. Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 24.

25.  Harris Cramer admits that an action was filed in Delaware. Harris Cramer has insufficient knowledge or information to admit or deny the remaining allegations of paragraph 25.

26.  Harris Cramer has insufficient knowledge to admit or deny the allegations of paragraph 26 as they pertain to the knowledge of other attorneys. However, as to Harris Cramer only, responding defendant admits that the assertions in 26a to 26d are generally believed to be true statements.

27.  Harris Cramer admits the allegations in paragraph 27 that the shareholder of record for shares held in Street name is DTC and Cede & Co. is a nominee name.

28.  Harris Cramer admits the allegations in paragraph 28.

29.  Harris Cramer admits that it did not perform the services alleged in paragraph 29 and adds that it advised plaintiff to engage a proxy solicitation firm for this purposes. Harris Cramer has insufficient knowledge or information to admit or deny the remaining allegations of paragraph 29.

30.  Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 30.

31.  Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 31.

32.  Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 32.

33.  Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 33.

34.  Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 34.

35.  Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 35.

36.  Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 36.

37.  Harris Cramer denies each and every allegation in paragraph 37.

ANSWER OF HARRIS CRAMER, L.L.P. and MICHAEL D. HARRIS TO FIRST AMENDED COMPLAINT

4

FORTE CAPITAL PARTNERS, L.L.C. v. HARRIS CRAMER, L.L.P., et al, Case No. C 07-01237 MJJ

1    38.    Harris Cramer denies each and every allegation in paragraph 38.

2    39.    Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 39.

4    40.    Harris Cramer denies each and every allegation in paragraph 40.

### FIRST CAUSE OF ACTION
### Professional Negligence
### (Against All Defendants)

41.    Harris Cramer incorporates herein by reference its responses to paragraphs 1 through 40 as though fully set forth herein.

42.    Harris Cramer denies each and every allegation in paragraph 42 and that the wrong alleged is beyond the scope of Harris Cramer's engagement.

43.    Harris Cramer denies each and every allegation in paragraph 43.

### SECOND CAUSE OF ACTION
### Negligent Referral
### (Against the Frank Rosen Defendants and Does 1-50, inclusive)

44.    Harris Cramer incorporates herein by reference its responses to paragraphs 1 through 40 as though fully set forth herein.

45.    Although the allegation is not directed at Harris Cramer, Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 45.

46.    Although the allegation is not directed at Harris Cramer, Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 46.

47.    Although the allegation is not directed at Harris Cramer, Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 47.

48.    Although the allegation is not directed at Harris Cramer, Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 48.

49.    Although the allegation is not directed at Harris Cramer, Harris Cramer denies each and every allegation in paragraph 49.

50.    Although the allegation is not directed at Harris Cramer, Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 50.

Roeca Haas Hager LLP
180 Sutter Street, Suite 200, San Francisco, CA 94104
415.352.0980  Fax 415.352.0988

### THIRD CAUSE OF ACTION
### Negligent Misrepresentation
### (Against the Frank Rosen Defendants and Does 1-50, inclusive)

51. Harris Cramer incorporates herein by reference its responses to paragraphs 1 through 40 and 45 through 50 as though fully set forth herein.

52. Although the allegation is not directed at Harris Cramer, Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 52.

53. Although the allegation is not directed at Harris Cramer, Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 53.

54. Although the allegation is not directed at Harris Cramer, Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 54.

55. Although the allegation is not directed at Harris Cramer, Harris Cramer admits that it was engaged by Forte. Harris Cramer has insufficient information or knowledge to admit or deny the remaining allegations of paragraph 55.

56. Although the allegation is not directed at Harris Cramer, Harris Cramer denies each and every allegation in paragraph 56.

### FOURTH CAUSE OF ACTION
### Breach of Contract
### (Against Defendant Harris Cramer)

57. Harris Cramer incorporates herein by reference its responses to paragraphs 1 through 40 as though fully set forth herein.

58. Harris Cramer admits that Harris Cramer entered into a written agreement with Forte to provide legal services to Forte, that Forte agreed to pay Harris Cramer for such services, and Harris Cramer would provide services with reasonable care and skill. Except as expressly so admitted, Harris Cramer denies each and every allegation in paragraph 58.

59. Harris Cramer denies each and every allegation in paragraph 59.

60. Harris Cramer denies each and every allegation in paragraph 60 and that the wrong alleged is beyond the scope of Harris Cramer's engagement.

61. Harris Cramer denies each and every allegation in paragraph 61.

Roeca Haas Hager LLP
180 Sutter Street, Suite 200, San Francisco, CA 94104
415.352.0980  Fax 415.352.0988

Roeca Haas Hager LLP
180 Sutter Street, Suite 200, San Francisco, CA 94104
415.352.0980  Fax 415.352.0988

**FIFTH CAUSE OF ACTION**
**Breach of Written Contract**
**(Against the Frank Rosen Defendants)**

62. Harris Cramer incorporates herein by reference its responses to paragraphs 1 through 40 as though fully set forth herein.

63. Although the allegation is not directed at Harris Cramer, Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 63.

64. Although the allegation is not directed at Harris Cramer, Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 64.

65. Although the allegation is not directed at Harris Cramer, Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 65.

66. Although the allegation is not directed at Harris Cramer, Harris Cramer has insufficient knowledge or information to admit or deny the allegations of paragraph 66.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Cause of Action)

The First Amended Complaint, and each purported cause of action in it, fails to state facts sufficient to constitute a cause of action against Harris Cramer.

### Second Affirmative Defense
### (Comparative Fault)

If plaintiff sustained any injury, damage or loss by reason of any act, error or omission by Harris Cramer, which Harris Cramer denies, said injury, damage or loss, if any, must be apportioned according to the negligence or fault of plaintiff, which contributed to and proximately caused any such injury, damage or loss incurred by plaintiff, if any.

### Third Affirmative Defense
### (Comparative and Intervening Fault)

Harris Cramer denies that plaintiff has sustained any injury, damage or loss, by reason of any act, error or omission by Harris Cramer. If, however, it is established that plaintiff has

ANSWER OF HARRIS CRAMER, L.L.P. and MICHAEL D. HARRIS TO FIRST AMENDED COMPLAINT    7    FORTE CAPITAL PARTNERS, L.L.C. v. HARRIS CRAMER, L.L.P., et al, Case No. C 07-01237 MJJ

suffered any injury, damage or loss, and that Harris Cramer is liable in any amount, any such injury, damage or loss was proximately caused by or contributed to by the negligence or fault by the plaintiff or others not named in the counter-complaint, and any such injury, damage or loss must be apportioned, according to their comparative negligence or fault, among plaintiff and others whose negligence or other improper acts caused or contributed to any such injury, damage or loss suffered by plaintiff, if any.

### Fourth Affirmative Defense
### (Unclean Hands)

Harris Cramer alleges on information and belief that plaintiff has come into Court with unclean hands in that it has violated a number of rights and duties owing to the Harris Cramer and others, and cannot now complain of the acts alleged in their First Amended Complaint.

### Fifth Affirmative Defense
### (Waiver)

Without in any way acknowledging that Harris Cramer committed any of the acts alleged in the First Amended Complaint or that such acts occurred in the manner alleged or at all, Harris Cramer alleges that plaintiff both expressly and through its conduct, waived its right to complain of the conduct alleged in the First Amended Complaint.

### Sixth Affirmative Defense
### (Estoppel)

Without in any way acknowledging that Harris Cramer committed any of the acts alleged in the First Amended Complaint or that such acts occurred in the manner alleged or at all, Harris Cramer alleges that because of its acts and conduct, plaintiff is estopped from complaining of Harris Cramer's conduct.

### Seventh Affirmative Defense
### (Doctrine Of Laches)

The First Amended Complaint and each cause of action in it is barred by the doctrine of laches in that plaintiff unreasonably delayed in bringing this action and such delay caused prejudice to Harris Cramer.

ANSWER OF HARRIS CRAMER, L.L.P. and          8     FORTE CAPITAL PARTNERS, L.L.C. v.
MICHAEL D. HARRIS TO FIRST AMENDED                HARRIS CRAMER, L.L.P., et al,
COMPLAINT                                         Case No. C 07-01237 MJJ

**Eighth Affirmative Defense**
**(Failure to Perform)**

If as is alleged in the First Amended Complaint, Harris Cramer failed to perform an obligation as alleged by plaintiff, such failure resulted from plaintiff's own failure to perform its duties and obligations, and performance by plaintiff of its duties and obligations was a condition precedent to the performance of Harris Cramer's obligations to plaintiff, if any.

**Ninth Affirmative Defense**
**(Failure to Mitigate Damages)**

Plaintiff failed and neglected to use reasonable care to protect itself and to minimize and mitigate its losses, injuries and damages, if any.

**Tenth Affirmative Defense**
**(Assumption of Risk)**

Plaintiff assumed the risk at the time and place of the incidents referred to in the First Amended Complaint.

**Eleventh Affirmative Defense**
**(Unwarranted Action)**

Harris Cramer alleges on information and belief that this action was not warranted by existing law as against Harris Cramer and/or was brought for an improper purpose and Harris Cramer is entitled to sanctions for plaintiff's violation of Federal Rule of Procedure 11.

**Twelfth Affirmative Defense**
**(Performance Excused)**

The First Amended Complaint, and each cause of action in it, is barred and fails to state a cause of action in that the contract, if any, upon which the First Amended Complaint is based was never fully performed by plaintiff and therefore Harris Cramer's performance is excused.

**Thirteenth Affirmative Defense**
**(Consent/Ratification)**

Plaintiff by and through its agent or agents expressly and impliedly consented to the conduct described in the First Amended Complaint, authorized Harris Cramer's conduct and ratified the actions undertaken by Harris Cramer on plaintiff's behalf thereby barring plaintiff from maintaining the present action against Harris Cramer.

### Fourteenth Affirmative Defense
### (Statute of Limitations)

The First Amended Complaint, and each and every cause of action alleged in it, is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure section 340.6.

### Fifteenth Affirmative Defense
### (Set-Off/Reduction)

The First Amended Complaint, and each and every cause of action alleged in it, is barred and the amount plaintiff may recover is reduced, because Harris Cramer is entitled to a set-off from any recovery to the extent of the value of all benefits received by, available to, paid, incurred or payable on plaintiff's behalf, and for the value of legal services rendered and costs advanced by Harris Cramer on plaintiff's behalf in the event of a finding of any labiality in favor of plaintiff.

### Sixteenth Affirmative Defense
### (Insufficient Knowledge/Unstated Defenses)

Harris Cramer presently has insufficient knowledge or information on which to form a belief as to whether Harris Cramer may have additional, as yet unstated, defenses available. Additionally, plaintiff has not pled their claims with sufficient particularity and detail to allow Harris Cramer to determine all the affirmative defenses available to Harris Cramer. Harris Cramer thus reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

### PRAYER FOR RELIEF ON HARRIS CRAMER'S ANSWER

Wherefore, Harris Cramer prays for judgment against plaintiff as follows:

1. That plaintiff take nothing by its First Amended Complaint, and that it be dismissed with prejudice;

2. That Harris Cramer be awarded Harris Cramer's costs of suit incurred in this action;

ANSWER OF HARRIS CRAMER, L.L.P. and MICHAEL D. HARRIS TO FIRST AMENDED COMPLAINT

10

FORTE CAPITAL PARTNERS, L.L.C. v. HARRIS CRAMER, L.L.P., et al, Case No. C 07-01237 MJJ

3. That Harris Cramer be awarded attorney fees; and

4. For such other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants Harris Cramer L.L.P. and Michael D. Harris ("Harris Cramer") hereby demand a trial by jury.

Dated: May 17, 2007

ROECA HAAS HAGER LLP

By: ____/S/____
Russell S. Roeca
Attorneys for Defendants HARRIS CRAMER, L.L.P. and MICHAEL D. HARRIS

G:\Forte Capital\Pleadings\Answer.doc

Roeca Haas Hager LLP
180 Sutter Street, Suite 200, San Francisco, CA 94104
415.352.0980  Fax 415.352.0988

ANSWER OF HARRIS CRAMER, L.L.P. and MICHAEL D. HARRIS TO FIRST AMENDED COMPLAINT

11

FORTE CAPITAL PARTNERS, L.L.C. v. HARRIS CRAMER, L.L.P., et al,
Case No. C 07-01237 MJJ