JEFFREY M. VUCINICH, ESQ. BAR#: 67906
JOSHUA W. ROSE, ESQ. BAR#: 191024
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendants
FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK and MARC H. SNYDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HARRIS CRAMER, L.L.P., a partnership; MICHAEL D. HARRIS; FRANK, ROSEN, SNYDER & MOSS, LLP, a limited partnership; ALAN L. FRANK LAW ASSOCIATES, P.C., a corporation; ALAN L. FRANK; MARC H. SNYDER; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: C07-01237 MJJ<br><br>**DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP; ALAN L. FRANK LAW ASSOCIATES, P.C.; ALAN L. FRANK; & MARC H. SNYDER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COME NOW defendants FRANK, ROSEN, SNYDER & MOSS, LLP; ALAN L. FRANK LAW ASSOCIATES, P.C.; ALAN L. FRANK; and MARC H. SNYDER and in answer to the first amended complaint on file herein admit, deny, and allege as follows:

**PARTIES**

1. Answering the allegations contained in Paragraph 1, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP; ALAN L. FRANK LAW ASSOCIATES, P.C.; ALAN L. FRANK; & MARC H. SNYDER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; Case No. C07-01237 MJJ

G:\Data\DOCS\0395\03755\Ans-1stAmendComp.pld

2. Answering the allegations contained in Paragraph 2, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

3. Answering the allegations contained in Paragraph 3, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

4. Answering the allegations contained in Paragraph 4, answering defendants admit that the allegations made therein.

5. Answering the allegations contained in Paragraph 5, answering defendants admit that the allegations made therein.

6. Answering the allegations contained in Paragraph 6, answering defendants admit the first sentence. Defendants deny the remainder of this paragraph. Mr. Frank told plaintiffs that he had a substantial quantity of commercial litigation experience but never said that he had substantial experience in securities litigation.

7. Answering the allegations contained in Paragraph 7, answering defendants admit that the allegations made therein except that FRSM stopped operating on February 20, 2006.

8. Answering the allegations contained in Paragraph 8, answering defendants deny that the allegations made therein.

9. Answering the allegations contained in Paragraph 9, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

10. Answering the allegations contained in Paragraph 10, answering defendants deny each and every allegation contained within.

11. Answering the allegations contained in Paragraph 11, this allegation is no longer pertinent as the case has be removed to Federal Court, so accordingly, there is no basis to admit or deny this allegation.

///

## OPERATIVE FACTS

12. Answering the allegations contained in Paragraph 12, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

13. Answering the allegations contained in Paragraph 13, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

14. Answering the allegations contained in Paragraph 14, answering defendants deny each and every allegation contained within.

15. Answering the allegations contained in Paragraph 15, answering defendants deny each and every allegation contained within. Mr. Frank told plaintiff that Mr. Cramer had securities litigation experience and the scope of Mr. Frank's retention was specifically limited to the prevention of further dilution of SmartVideo shares.

16. Answering the allegations contained in Paragraph 16, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

17. Answering the allegations contained in Paragraph 17, answering defendants deny each and every allegation contained within.

18. Answering the allegations contained in Paragraph 18, answering defendants deny each and every allegation contained within. The scope of Mr. Frank's retention was specifically limited to the prevention further dilution of SmartVideo shares.

19. Answering the allegations contained in Paragraph 19, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

20. Answering the allegations contained in Paragraph 20, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

21. Answering the allegations contained in Paragraph 21, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

22. Answering the allegations contained in Paragraph 22, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

23. Answering the allegations contained in Paragraph 23, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

24. Answering the allegations contained in Paragraph 24, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

25. Answering the allegations contained in Paragraph 23, answering defendants admit that an action was filed in Delaware. They are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

26. Answering the allegations contained in Paragraph 26, and all subsections thereto, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

27. Answering the allegations contained in Paragraph 27, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

28. Answering the allegations contained in Paragraph 28, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

29. Answering the allegations contained in Paragraph 29, answering defendants admit the

allegations of that paragraph, except that defendants do not concede that they ever had any obligation to do so and the scope of Mr. Frank's retention was specifically limited to the prevention of further dilution of SmartVideo shares.

30. Answering the allegations contained in Paragraph 30, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

31. Answering the allegations contained in Paragraph 31, answering defendants deny each and every allegation contained within.

32. Answering the allegations contained in Paragraph 32, answering defendants deny each and every allegation contained within.

33. Answering the allegations contained in Paragraph 33, answering defendants deny each and every allegation contained within.

34. Answering the allegations contained in Paragraph 34, answering defendants deny each and every allegation contained within.

35. Answering the allegations contained in Paragraph 35, answering defendants admit each and every allegation contained within, except the scope of Mr. Frank's retention was specifically limited to the prevention further dilution of SmartVideo shares and the Alan Frank defendants were never retained to effect a proxy solicitation.

36. Answering the allegations contained in Paragraph 36, answering defendants deny each and every allegation contained within.

37. Answering the allegations contained in Paragraph 37, answering defendants deny each and every allegation contained within.

38. Answering the allegations contained in Paragraph 38, answering defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein

39. Answering the allegations contained in Paragraph 39, and all subsections thereto, answering defendants allege that they are without sufficient information or belief to enable them to

DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP; ALAN L. FRANK LAW ASSOCIATES, P.C.; ALAN L. FRANK; & MARC H. SNYDER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; Case No. C07-01237 MJJ

5

G:\Data\DOCS\0395\03755\Ans-1stAmendComp.pld

answer each and every allegation of that paragraph and, basing their denial on that ground, deny the allegations therein.

40. Answering the allegations contained in Paragraph 40, answering defendants deny each and every allegation contained within.

## FIRST CAUSE OF ACTION

## PROFESSIONAL NEGLIGENCE

## (AGAINST ALL DEFENDANTS)

41. Answering the allegations contained in Paragraph 41, answering defendants incorporate by reference their responses to Paragraphs 1 through 40, inclusive, as if said responses were fully set forth herein.

42. Answering the allegations contained in Paragraphs 42 and 43, answering defendants deny each and every allegation contained within.

## SECOND CAUSE OF ACTION

## NEGLIGENT REFERRAL

## (AGAINST THE FRANK ROSEN DEFENDANTS AND DOES 1-50, INCLUSIVE)

43. Answering the allegations contained in Paragraph 44, answering defendants incorporate by reference their responses to Paragraphs 1 through 42, inclusive, as if said responses were fully set forth herein.

44. Answering the allegations contained in Paragraphs 45, 46, 47, 48, 49 and 50, answering defendants deny each and every allegation contained within.

## THIRD CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

## (AGAINST THE FRANK ROSEN DEFENDANTS AND DOES 1-50, INCLUSIVE)

45. Answering the allegations contained in Paragraph 51, answering defendants incorporate by reference their responses to Paragraphs 1 through 44, inclusive, as if said responses were fully set forth herein.

46. Answering the allegations contained in Paragraphs 52, 53, 54, 55 and 56, answering

defendants deny each and every allegation contained within.

## FOURTH CAUSE OF ACTION

## BREACH OF WRITTEN CONTRACT

## (AGAINST DEFENDANT HARRIS CRAMER)

47. The allegations contained in Paragraphs 57 through 61 are directed at defendants other than the answering defendants and therefore no response is required from these answering defendants.

## FIFTH CAUSE OF ACTION

## BREACH OF WRITTEN CONTRACT

## (AGAINST THE FRANK ROSEN DEFENDANTS)

48. Answering the allegations contained in Paragraph 62, answering defendants incorporate by reference their responses to Paragraphs 1 through 47, inclusive, as if said responses were fully set forth herein.

49. Answering the allegations contained in Paragraphs 63, 64, 65 and 66, answering defendants deny each and every allegation contained within.

50. Answering the allegations contained in Plaintiff's prayer, answering defendants deny that Plaintiff is entitled to monetary damages, attorneys' fees, interest and costs.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

### (Failure To State A Claim)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that the first amended complaint fails to state a cause of action against these answering defendants.

## **SECOND AFFIRMATIVE DEFENSE**

### (Comparative Fault–Plaintiff)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that plaintiff was careless, negligent and at fault in and about the matters complained of, and that such carelessness, negligence and fault proximately and concurrently caused the alleged

damages sustained by plaintiff. Under principles of comparative fault, plaintiff must bear sole, or partial responsibility for its alleged injuries, damages, or other alleged loss, if any, using a percentage allocation of plaintiff's fault or negligence.

### THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault–Third Parties)

As a separate and distinct affirmative defense to the Complaint, these answering defendants allege that the happening of the incidents complained of, and loss and damage, if any, which the plaintiff allegedly sustained, was caused wholly or in part by the fault of persons, firms, corporations, or entities other than these answering defendants, and such fault is imputed to the plaintiff and either eliminates or comparatively reduces the percentage of fault, if any, of defendants with respect to the matters complained of in the First Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that plaintiff acted with full knowledge of all the facts and circumstances surrounding their injuries and that said matters of which plaintiff assumed the risk proximately contributed to and proximately caused the injuries, if any.

### FIFTH AFFIRMATIVE DEFENSE

### (Superseding Cause/Sole Proximate Cause)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that the damages, if any, suffered by plaintiff were caused by the acts and/or omissions of persons or entities other than answering defendants, which acts were the superseding and/or sole proximate cause of plaintiff's alleged damages. Accordingly, any recovery by plaintiff from answering defendants should be barred or reduced to the extent of such responsibility.

///

///

DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP; ALAN L. FRANK LAW ASSOCIATES, P.C.; ALAN L. FRANK; & MARC H. SNYDER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; Case No. C07-01237 MJJ

8

G:\Data\DOCS\0395\03755\Ans-1stAmendComp.pld

## SIXTH AFFIRMATIVE DEFENSE

### (Privileged Acts)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege their actions concerning plaintiff were reasonable and privileged as necessary for valid purposes.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lawful Acts)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that at all times relevant herein, each of the acts alleged to have been committed by the answering defendants were committed in good faith and in the exercise of a good faith belief that said acts were proper and lawful and within their legal responsibility and discretion.

## EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiff's Wilful Misconduct)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that plaintiff was guilty of willful and gross carelessness, misconduct and negligence in and about the matters set forth in the first amended complaint, and that said willful and gross behavior proximately caused and contributed to the happening of the incident and to the injuries, loss and damages complained of, and plaintiff's willful and gross behavior either bars or reduces any potential recovery.

## NINTH AFFIRMATIVE DEFENSE

### (Plaintiff's Intentional Acts)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that plaintiff by its own conduct, induced and intentionally caused and brought about the conduct of which plaintiff complains, and the injuries, loss and damages complained

of, and plaintiff's intentional conduct either bars or reduces any potential recovery.

## TENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Consent/Ratification)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that plaintiff consented to, authorized and ratified the acts complained of in the first amended complaint and that said consent was both express and implied.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that plaintiff's causes of action are barred by virtue of the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mitigation)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that plaintiff has failed to mitigate the alleged damages, if any, which it claims to have sustained, and its recovery, if any, should be barred or diminished accordingly.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Periods of Limitation)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that each and every cause of action is barred by virtue of plaintiff's failure to comply with the requirements of Code of Civil Procedure §§ 335 et seq. including, but not limited to 335.1, 340.6 and 337.

///

DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP; ALAN L. FRANK LAW ASSOCIATES, P.C.; ALAN L. FRANK; & MARC H. SNYDER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; Case No. C07-01237 MJJ

10

G:\Data\DOCS\0395\03755\Ans-1stAmendComp.pld

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that each and every cause of action is barred by qualified immunity. Answering defendants acted at all relevant times with a reasonable and good faith belief in the validity of their conduct, and are immunized from liability for plaintiff's claims by qualified immunity.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that plaintiff directed, ordered, approved and ratified defendants' conduct and plaintiff is therefore estopped from asserting any claim based thereon.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Defendants' Entitled To Attorneys' Fees)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that plaintiff's action is frivolous, unreasonable and without foundation and therefore defendants are entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and Code of Civil Procedure §§ 1021.7 and 1038.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that this action is barred due to the doctrines of res judicata and/or collateral estoppel.

///

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that at all times herein mentioned, there is no proximate causation between any act or omission by answering defendants and plaintiffs' alleged damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Negligent Misrepresentation)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that they had no knowledge of the alleged falsity of any representations complained of by plaintiff. In addition, answering defendants allege that they believed to be true the representations, if any, made by these answering defendants to or concerning plaintiff and plaintiff had reasonable grounds for believing any and all representations made by these defendants to plaintiff, and that they were true representations. Moreover, answering defendants suppressed no facts or representations which they were bound to disclose, and gave no information or other facts which were likely to mislead for want of communication of said first mentioned facts or representations. Furthermore, defendants allege that with respect to the acts, omissions and other conduct complained of by plaintiff, and with respect to the resulting actions taken, or other actions not taken by plaintiff, there does not exist and/or was not justifiable reliance by plaintiff. Finally, answering defendants entertained and had no interest to practice deceit upon and/or defraud or oppress plaintiff by making any representations complained of by plaintiff and/or by making any actual representations, if any, by these defendants to plaintiff.

///

///

DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP; ALAN L. FRANK LAW ASSOCIATES, P.C.; ALAN L. FRANK; & MARC H. SNYDER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; Case No. C07-01237 MJJ

12

G:\Data\DOCS\0395\03755\Ans-1stAmendComp.pld

## TWENTIETH AFFIRMATIVE DEFENSE

**(Defendants' Full Performance Under Contract)**

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that prior to the commencement of this action, these answering defendants duly performed, satisfied and discharged all duties and obligations that it may have owed to the plaintiff arising out of any and all agreements, representations or contracts made by it or on behalf of this answering defendant and this action is therefore barred by the provisions of California Civil Code Section 1473. In addition, plaintiff had full knowledge that these defendants had not breached the contract, if any, and had not waived their right to performance on the dates agreed upon, in that plaintiff elected to treat the contract as still alive, viable, and binding, and thereafter plaintiff accepted further performance of the contract from these defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Passive Negligence)**

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that if plaintiff in fact sustained any damages or injuries by reason of any alleged act, omission or negligence on the part of these defendants, such acts, omissions or negligence were passive or secondary in nature, whereas the plaintiff was active and primary in character, as a result of which plaintiff is not entitled to recovery from these defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Plaintiff's Breach of Contract)**

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that plaintiff failed to meet and perform all necessary covenants, conditions and promises required by it to be performed in accordance with the terms and conditions

of the contract. Thus, plaintiff breached the alleged contract(s) that is (are) the subject of this alleged First Amended Complaint. Moreover, these answering defendants allege that the actions of the plaintiff prevented the defendants from performing in any way, and released defendants from any duty or liability to plaintiff. Should any breach of duty have occurred on the part of the defendants, said breach was waived by the conduct and actions of the plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Set-Off/Reduction)**

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that plaintiff's First Amended Complaint is barred and the amount plaintiff may recover is reduced, because these answering defendants are entitled to a set-off from any recovery to the extent of the value of all benefits received by, available to, paid, incurred, or payable on plaintiff's behalf, and for the value of legal services rendered and costs advanced by these answering defendants on plaintiff's behalf in the event of a finding of any liability in favor of plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Waiver)**

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that without acknowledging that defendants committed any of the acts alleged in the First Amended Complaint, or that such matters occurred in the manner alleged, or at all, defendants contend that plaintiff, both expressly and through its conduct, waived the right to complain of the conduct alleged in the First Amended Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Doctrine of Laches)**

As a separate and distinct affirmative defense to the First Amended Complaint, these

answering defendants allege that each cause of action in the First Amended Complaint are barred by the doctrine of laches in that plaintiff unreasonably delayed in bringing this action and such delay caused prejudice to defendants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Failure To Perform)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that any failure by defendants to perform resulted from plaintiff's own failure to perform its duties and obligations, and performance by plaintiff of its duties and obligations was a condition precedent to the performance of defendants' obligations to plaintiff, if any.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Unwarranted Action)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that this action was not warranted by existing law as against defendants and/or was brought for an improper purpose and defendants are entitled to sanctions for plaintiff's violation of Federal Rule of Civil Procedure 11.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Performance Excused)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants allege that the First Amended Complaint fails to state a cause of action for breach of contract, and the contract, if any, was not fully performed by plaintiff, thus defendants' performance is excused.

///

///

DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP; ALAN L. FRANK LAW ASSOCIATES, P.C.; ALAN L. FRANK; & MARC H. SNYDER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; Case No. C07-01237 MJJ

15

G:\Data\DOCS\0395\03755\Ans-1stAmendComp.pld

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Insufficient Knowledge/Unstated Defenses)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering defendants presently have insufficient knowledge or information on which to form a belief as to whether defendants may have additional, as yet unstated defenses available. Additionally, plaintiff had not pled its claims with sufficient particularity and detail to allow defendants to determine all of the affirmative defenses available to them. Defendants, therefore, reserve the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, these answering defendants pray for judgment against plaintiff as follows:

1. That the plaintiff takes nothing by way of its First Amended Complaint;
2. That all costs of suit, including attorneys' fees, be awarded to the answering defendants;
3. That judgment be entered in favor of the answering defendants; and
4. That this Court award such further relief it deems just an proper.

### DEMAND FOR JURY TRIAL

These answering defendants hereby demand a trial by jury in this action.

DATED: May 18, 2007

CLAPP, MORONEY, BELLAGAMBA
and VUCINICH

By: _____
JEFFREY M. VUCINICH
JOSHUA W. ROSE
Attorneys for Defendants
FRANK, ROSEN, SNYDER & MOSS, LLP,
a limited partnership; ALAN L. FRANK
LAW ASSOCIATES, P.C., a corporation;
ALAN L. FRANK and MARC H. SNYDER

**FORTE CAPITAL PARTNERS, LLC v. HARRIS CRAMER, LLP, et al.**
United States District Court, Northern District of California Case No. C07-01237 MJJ

**PROOF OF SERVICE**

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066. On the date indicated below, I served the within:

**DEFENDANTS FRANK, ROSEN, SNYDER & MOSS, LLP; ALAN L. FRANK LAW ASSOCIATES, P.C.; ALAN L. FRANK; & MARC H. SNYDER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the parties in this action by transmitting a true copy of the foregoing document(s) in the following manner:

| | |
|---|---|
| Robert A. Spanner, Esq.<br>Trial & Technology Group<br>545 Middlefield Road, Suite 220<br>Menlo Park, CA 94025<br>Tel: (650) 324-2223<br>Fax: (650) 324-0178<br>***Attys for Plaintiff Forte Capital Partners, LLC*** | Russell S. Roeca, Esq.<br>Edward D. Haas, Esq.<br>Daniel Hager, Esq.<br>**Roeca Haas Hager LLP**<br>180 Sutter Street, Suite 200<br>San Francisco, CA 94104<br>Tel: (415) 352-0980<br>Tel: (415) 901-4201 (Roeca direct)<br>Fax: (415)352-0988<br>e-mail: rroeca@r2hlaw.com<br>www.r2hlaw.com<br>***Atty for Defendants MICHAEL D. HARRIS and HARRIS CRAMER, L.L.P., a partnership*** |

☐ (BY MAIL) Pursuant to Code of Civil Procedure §1013(a), I placed a true copy thereof enclosed in a sealed envelope, addressed as set forth above, and deposited each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Clapp, Moroney, Bellagamba & Vucinich. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing of in affidavit.

☐ (BY PERSONAL SERVICE) I caused to be delivered by hand this date each of the above documents, to the following:

☐ (BY FACSIMILE) I caused each of the above documents to be faxed this date to the offices of the following:

☐ (BY FEDEX) I caused each of the above documents to be sent by FedEx this date to the offices of the following:

☒ (BY ECF Pacer) I caused to be delivered by ECF Pacer this date each of the above documents, for which our office will maintain the ECF Pacer filing receipt, to the following:

G:\Data\DOCS\0395\03755\POS-District

Executed on May 21, 2007 at San Bruno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Claudia Gomez