1  Robert A. Spanner, Esq., State Bar No. 60308
   TRIAL & TECHNOLOGY LAW GROUP
2  A Professional Law Corporation
   545 Middlefield Road, Suite 220
3  Menlo Park, California 94025
   Telephone:    (650) 324-2223
4  Facsimile:    (650) 324-0178

5  Attorneys for Plaintiff
   FORTE CAPITAL PARTNERS, LLC
6

7  Russell S. Roeca, Esq. State Bar No. 97297
   ROECA HAAS HAGER LLP
   180 Sutter Street, Suite 200
8  San Francisco, CA 94104
   Telephone: (415) 352-0980
9  Facsimile: (415)352-0988

10  Attorney for Defendants
    MICHAEL D. HARRIS and HARRIS
11  CRAMER, L.L.P.

12  Jeffrey M. Vucinich, Esq.  State Bar No. 67906
    Joshua W. Rose, Esq. State Bar No. 191024
13  CLAPP, MORONEY, BELLAGAMBA and VUCINICH
    A PROFESSIONAL CORPORATION
14  1111 Bayhill Drive, Suite 300
    San Bruno, CA  94066
15  Telephone: (650) 989-5400
    Facsimile:  (650) 989-5499
16

17  Attorneys for Defendants
    FRANK, ROSEN, SNYDER & MOSS, LLP, ALAN L. FRANK LAW ASSOCIATES, P.C.,
18  ALAN L. FRANK and MARC H. SNYDER

19

20

21

22

23

24

25

26

27

28

_____

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC, | Case No.  C 07-01237 MJJ |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | Date:   June 12, 2007 |
| HARRIS CRAMER, LLP, *et al.*, | Time:   2:00 p.m. |
| Defendants. | Place:  Courtroom 11, 19th Floor |
| | U.S. District Court, Northern District of California |
| | 450 Golden Gate Avenue |
| | San Francisco, CA 94102 |
| | Judge: Hon. Martin J. Jenkins |

Pursuant to Civil L.R. 16-10, Plaintiff Forte Capital Partners, LLC and Defendants Harris Cramer, L.L.P.; Michael D. Harris; Frank, Rosen, Snyder & Moss, L.L.P.; Alan L. Frank Law Associates, P.C.; Alan L. Frank; and Marc H. Snyder submit this Joint Case Management Statement pursuant to the Standing Order of this Court.

1. **Jurisdiction and Service** :  There is diversity jurisdiction over this case, as there is complete diversity between Plaintiff and each defendant and the amount in controversy exceeds $75,000 exclusive of interest and costs.  All parties have been served. This Court has personal jurisdiction over all the parties, in that each defendant has appeared and answered the Complaint.  Venue lay in this Court, as a motion to transfer to the District of Delaware was denied on May 14, 2007.

2. **Statement of the Case**:  Plaintiff, a shareholder in a small public company, SmartVideo, commenced a proxy solicitation to remove the directors of the company and replace the directors with new directors, in order to prevent what it believed to be the directors' continued corporate waste and the dilution of its stock and warrants.  Forte alleges that the Frank Rosen Defendants advised Forte to conduct a proxy solicitation, and

referred Forte to the Harris Cramer Defendants.  Forte engaged the services of the Harris Cramer Defendants to perform securities work associated with the proxy solicitation.  Forte alleges that its attempt to remove SmartVideo's directors and replace them with new directors failed because hundreds of thousands of shares voted in favor of the proxy solicitation were invalidated for failure to obtain an Omnibus Proxy, which is the formal permission by the shareholder of record of custodial shares for the beneficial owner to vote shares.  Forte alleges Defendant attorneys failed to obtain or instruct Forte to obtain an Omnibus Proxy.  In addition, Forte alleges that the Frank Rosen Defendants failed to advise Forte of readily-correctible defects in the form of thousands of shares voted in favor of the proxy before they were submitted, resulting in those proxies being invalidated as well.  Plaintiff alleges causes of action for professional negligence, negligent referral, negligent misrepresentation and breach of written contract.

Defendants deny the allegations of negligence and assert that whatever negligence allegedly may have been committed by the defendant lawyers, it caused no legally-cognizable damages.  In addition, defendants Frank, Rosen, Snyder & Moss, L.L.P., Alan L. Frank Law Associates, P.C., Alan L. Frank and Marc H. Snyder contend that the scope of Mr. Frank's retention was specifically limited to the prevention of further dilution of SmartVideo shares and that the Alan Frank defendants were never retained to effect a proxy solicitation.  Harris Cramer LLP and Michael Harris contend that they were not retained to solicit the proxies and Forte was advised to retain a proxy solicitation service.

3**. Disputed Issues of Law**: At present, the parties have identified no disputed issues of law.

4.  **Motions:** Motions to dismiss pursuant to F.R.Civ.P. 12(b)(6) and to transfer pursuant to 28 U.S.C. §1404 were denied by the Court on May 14, 2007.  There are no motions pending.  Defendants anticipate bringing motion**s** for summary judgment after the

1    close of fact discovery: Plaintiff also anticipates a motion for summary judgment some

2    time during this proceeding.

3        5. **Amendment**: The parties do not currently anticipate amendment of the

4    pleadings.  The parties propose a deadline for amendment nine months prior to trial.

5        6. **Evidence Preservation:** All counsel have instructed their respective clients, and

6    the respective clients have agreed, not to delete or to intentionally alter any electronic

7    documents such as emails and word processing documents that may be relevant to this

8    case, not to destroy paper documents that may be relevant to this case, not to destroy or

9    erase a data tape that may be relevant to this case, and to discontinue routine overwriting of

10   data on devices and media used to back up data.  To the extent that it may exist, the parties

11   also agree to preserve data and/or documents that reside in or on portable drives, personal

12   data assistants or other handheld devices and voicemail systems.  The foregoing retention

13   obligations will be conveyed to each current employee of each client and to each client's IT

14   person(s).

15       7**. Initial disclosures:** The parties will exchange initial disclosures on June 14,

16   2007 in accordance with F.R.Civ.P. 26 and stipulation of counsel.

17       8. **Discovery:** There has been no discovery to date due to the pendency of the

18   aforementioned motion to transfer.  The principal issues for discovery include, *inter alia,* a)

19   the reasons SmartVideo has been unable to generate any revenue since the failure of the

20   proxy solicitation; b) the extent to which SmartVideo would have generated revenues had

21   the proxy solicitation succeeded; c) whether the lawyer-defendants were negligent in their

22   advice to Plaintiff; d) whether the Pennsylvania-based attorneys were negligent in

23   recommending the Florida attorneys to handle securities work; e) whether Plaintiff suffered

24   cognizable legal injury; f) the amount of damages suffered by Plaintiff; g) whether Plaintiff

25   was negligent in refusing to hire/retain an experienced proxy solicitation firm to carry out

26   the proxy solicitation process, as recommended by its counsel; h) how many shares of

27

28

1  SmartVideo Technologies, Inc. (SMVD) stock Forte acquired, possessed and had; how

2  many warrants it executed; when Forte sold its shares; when Forte exercised its warrants;

3  and for what price(s) to confirm how much Forte sold the shares for, and whether the sales

4  actually did occur (i.e. the actual and/or proposed trading activity by Forte in SmartVideo

5  shares and warrants at any time); i) whether Plaintiff owes defendants past due and unpaid

6  billings for services rendered and if so, the amount of damages suffered by defendants; j)

7  identification of Plaintiff's non-party "partners" in the subject litigation; k) Plaintiff's

8  capital raises and proxy solicitations before and after its retention of defendants; l) the

9  scope of Plaintiff's undertaking with SmartVideo and the negotiations leading up to the

10  initial engagement; m) the dealings between Plaintiff and SmartVideo; n) the nature of the

11  dispute between Plaintiff and SmartVideo through which Plaintiff's activities were

12  terminated by SmartVideo; o) the negotiations leading up to, and the consummation of, a

13  settlement between Plaintiff and SmartVideo evidencing that Plaintiff's alleged damages

14  have already been partly or wholly satisfied.

15       Based on the average time from inception to trial, the parties propose 20 months for

16  fact discovery, 60 days after which experts would be named, to be deposed on ten days'

17  notice, with rebuttal experts to be named 30 days after experts are named.

18       The parties have discussed alteration of the discovery rules regarding

19  interrogatories and depositions, but could not agree on the number of each.  Plaintiff

20  proposes that the Order provide that the issue be left open with additional interrogatories or

21  depositions to be allowed upon a showing of good cause.  The parties do agree to allowing

22  two days for party depositions only.

23       d) Plaintiff proposes that each party's counsel noticing a deposition agrees that,

24  upon request by opposing counsel, he will make arrangements for opposing counsel to

25  attend the deposition by videoconference, in accordance with the Federal Rules.

26  Defendants do not agree to this proposal at this time.

27

28

9. **Class Actions:** not applicable.

10. **Related cases:** not applicable.

11. **Relief Sought:** Damages are sought for the difference in market capitalization that would have occurred had the proxy succeeded and the board and directors been replaced with a more experienced management team.  Given the size of Plaintiff's holding, the damages sought would amount to several million dollars, but the issue is one for expert consultation and analysis and an expert has not yet been retained by Plaintiff.  Defendants contend that Plaintiff's damages figure of "several million dollars" is unsupported by the evidence.  Defendants Frank, Rosen, Snyder & Moss, LLP, Alan L. Frank Law Associates, P.C., Alan L. Frank, and Marc H. Snyder contend that Plaintiff owes them approximately $48,000.00 in unpaid fees due and owing to them for legal services rendered.

12. **Settlement and ADR**:  The parties have proposed a private mediation at JAMS in nine months so that the damages issues can be developed and discovery on damages conducted.  The parties have complied with ADR L.R. 3-5.

13. **Consent to Magistrate Judge:** The parties do not consent to a magistrate judge.

14. **Other References:** Not applicable.

15. **Narrowing of Issues:** None of the parties made any proposal for narrowing of issues during the Rule 26 conference.

16. **Expedited Schedule:** The parties do not believe this case is susceptible to expediting.

17. **Scheduling:** The parties propose the following schedule:

Completion of fact discovery: November 3, 2008

Summary Judgment Motions Due on or before  December 29, 2008

Identification of experts: January 2, 2009

Identification of rebuttal experts: February 2, 2009

1    Summary Judgment Motions Hearing deadline: February 18, 2009

2    Pre-trial Conference: May 18, 2009

3    Trial: July 6, 2009.

4    18. **Trial:** The trial will be by jury.  The duration of the case will be 2-3 weeks.

5    19. **Disclosure of Non-Party Interested Entities:** Each party has filed a

6 certification in accordance with Civ. L.R. 3-16.  No interested entities were identified.

7
Dated: June 5, 2007                    TRIAL & TECHNOLOGY LAW GROUP
8                                       A Professional Corporation
                                        Attorneys for Plaintiff
9                                       FORTE CAPITAL PARTNERS, LLC

10

11                                      By: _____
                                                 Robert A. Spanner
12

13 Dated: June 5, 2007                  ROECA HAAS HAGER LLP
                                        Attorney for Defendants
14                                      MICHAEL D. HARRIS and HARRIS
                                        CRAMER, L.L.P.
15

16
                                        By: _____
17                                               Russell S. Roeca, Esq.

18

19 Dated: June 5, 2007                  CLAPP, MORONEY, BELLAGAMBA &
                                        VUCINICH
20                                      Attorney for Defendants
                                        ALAN L. FRANK, MARC H. SNYDER,
21                                      FRANK, ROSEN, SNYDER & MOSS L.L.P.,
                                        and ALAN L. FRANK LAW ASSOCIATES, P.C.
22

23                                      By: _____
                                                 Jeffrey M. Vucinich, Esq.
24

25

26

27

28

1   Summary Judgment Motions Hearing deadline: February 18, 2009

2   Pre-trial Conference: May 18, 2009

3   Trial: July 6, 2009.

4   18. **Trial:** The trial will be by jury. The duration of the case will be 2-3 weeks.

5   19. **Disclosure of Non-Party Interested Entities:** Each party has filed a

6   certification in accordance with Civ. L.R. 3-16. No interested entities were identified.

7

8   Dated: June 5, 2007                 TRIAL & TECHNOLOGY LAW GROUP
                                        A Professional Corporation
                                        Attorneys for Plaintiff
9                                       FORTE CAPITAL PARTNERS, LLC

10

11                                      By: _____
                                            Robert A. Spanner
12

13  Dated: June 5, 2007                 ROECA HAAS HAGER LLP
                                        Attorney for Defendants
14                                      MICHAEL D. HARRIS and HARRIS
                                        CRAMER, L.L.P.
15

16

17                                      By: _____
                                            Russell S. Roeca, Esq.
18

19  Dated: June 5, 2007                 CLAPP, MORONEY, BELLAGAMBA &
                                        VUCINICH
20                                      Attorney for Defendants
                                        ALAN L. FRANK, MARC H. SNYDER,
21                                      FRANK, ROSEN, SNYDER & MOSS L.L.P.,
                                        and ALAN L. FRANK LAW ASSOCIATES, P.C.
22

23                                      By: _____
                                            Jeffrey M. Vucinich, Esq.
24

25

26

27

28

1    Summary Judgment Motions Hearing deadline: February 18, 2009

2    Pre-trial Conference: May 18. 2009

3    Trial: July 6, 2009.

4        18. **Trial:** The trial will be by jury.  The duration of the case will be 2-3 weeks.

5        19. **Disclosure of Non-Party Interested Entities:** Each party has filed a

6    certification in accordance with Civ. L.R. 3-16.  No interested entities were identified.

7

8    Dated: June 5, 2007                 TRIAL & TECHNOLOGY LAW GROUP
                                         A Professional Corporation
9                                        Attorneys for Plaintiff
                                         FORTE CAPITAL PARTNERS, LLC

10

11                                       By: _____
                                              Robert A. Spanner
12

13   Dated: June 5, 2007                 ROECA HAAS HAGER LLP
                                         Attorney for Defendants
14                                       MICHAEL D. HARRIS and HARRIS
                                         CRAMER, L.L.P.
15

16                                       By: _____
17                                            Russell S. Roeca, Esq.

18

19   Dated: June 5, 2007                 CLAPP, MORONEY, BELLAGAMBA &
                                         VUCINICH
20                                       Attorney for Defendants
                                         ALAN L. FRANK, MARC H. SNYDER,
21                                       FRANK, ROSEN, SNYDER & MOSS L.L.P.,
                                         and ALAN L. FRANK LAW ASSOCIATES, P.C.
22

23                                       By: _____
                                              Jeffrey M. Vucinich, Esq.
24

25

26

27

28

Joint CMC Statement– Case No. C 07-01237 MJJ        7