Robert A. Spanner, Esq., State Bar No. 60308
TRIAL & TECHNOLOGY LAW GROUP
A Professional Law Corporation
545 Middlefield Road, Suite 220
Menlo Park, California 94025
Telephone:    (650) 324-2223
Facsimile:    (650) 324-0178
Attorneys for Plaintiff
FORTE CAPITAL PARTNERS, LLC

Russell S. Roeca, Esq. State Bar No. 97297
Edward D. Haas, Esq. State Bar No. 76647
ROECA HAAS HAGER LLP
351 California Street, Suite 900
San Francisco, CA 94104
Telephone:    (415) 352-0980
Facsimile:    (415) 352-0988
Attorney for Defendants
MICHAEL D. HARRIS and HARRIS
CRAMER, L.L.P.

Jeffrey M. Vucinich, Esq.  State Bar No. 67906
Joshua W. Rose, Esq. State Bar No. 191024
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA  94066
Telephone:    (650) 989-5400
Facsimile:    (650) 989-5499
Attorneys for Defendants
FRANK, ROSEN, SNYDER & MOSS, LLP,
ALAN L. FRANK LAW ASSOCIATES, P.C.,
ALAN L. FRANK and MARC H. SNYDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC, | Case No.  C 07-01237 SBA |
| Plaintiffs, | |
| vs. | **JOINT CASE MANAGEMENT STATEMENT** |
| HARRIS CRAMER, LLP, *et al.*, | Date: March 13, 2008 |
| Defendants. | Time: 3:15 p.m. |
| | Place: Telephonic Conference |
| | Judge: Hon. Saundra Brown Armstrong |

Joint Case Mgmt Stmt – Case No. C 07-01237 SBA        1

Pursuant to Civil L.R. 16-10(d) and this Court's order dated February 22, 2008, Plaintiff Forte Capital Partners, LLC and Defendants Harris Cramer, L.L.P.; Michael D. Harris; Frank, Rosen, Snyder & Moss, L.L.P.; Alan L. Frank Law Associates, P.C.; Alan L. Frank; and Marc H. Snyder submit this subsequent Joint Case Management Statement.

1. **Progress or Changes Since The Last Case Management Statement Was Filed:**

The parties filed their initial Joint Case Management Statement on June 5, 2007 (Document No. 35 in the Court's ECF System) and a subsequent Joint Case Management Statement on January 7, 2008 (Document No. 48 in the Court's ECF System).  The parties have commenced discovery.  They have propounded and responded to interrogatories and requests for production, and produced documents.  Plaintiff has served and negotiated subpoenas duces tecum with two third parties, and has served seven third-party subpoenas.  The Frank Rosen Defendants served third-party subpoenas on persons presently or formerly affiliated with SmartVideo Technologies (now called uVuMobile, Inc.) in November, 2007.  In addition, to date, more than sixty thousand pages of documents have been exchanged.  The depositions of Plaintiff's person most knowledgeable regarding damages and its alleged consultant, Michael Walsh and the depositions of two third-party witnesses have been taken.

The parties were ordered to ADR, and they completed mediation September 19, 2007.  The parties were unable to resolve the matter through mediation, and it is the parties' contention that further ADR would not be appropriate until a later date.

2. **Proposals For Remainder of Case Development Process**:

**Plaintiff's Position:**

This is an attorney malpractice action.  Plaintiff ran what it contends was a successful proxy solicitation to replace the Board of Directors of an early mobile TV provider, SmartVideo

Technologies, Inc., on account of serious mismanagement and malfeasance. However, due to various acts of malpractice on the part of the Defendants which are not relevant to Plaintiff's request to modify the Scheduling Order, millions of share votes were invalidated, as a result of which the solicitation failed. In the ensuing two years, SmartVideo (which renamed itself uVuMobile) has foundered, and recently ran out of cash, as its share price has wallowed near 0.

A major source of Plaintiff's damages in this case is the loss in the value of Plaintiff's shares of SmartVideo (Plaintiff was a venture investor in SmartVideo). It is the thesis of the case that had Plaintiff gained control of the company following the ill-fated proxy contest for control of SmartVideo in 2005, the company would be much more valuable today. To prove that proposition, Plaintiff seeks to compare the financial results of SmartVideo against a representative sample of competitors (a damages measure well-recognized in the cases), to demonstrate how valuable SmartVideo stock would have been had SmartVideo's performance just met the average of its competitors. However, Plaintiff recently only obtained information regarding the entities that uVuMobile considers to be its direct competitors, following a new investment in the company by Plaintiff in December, 2007; prior to that time, relations with uVuMobile were understandably frigid.

Plaintiff seeks to modify the amended pretrial scheduling order ("Scheduling Order") (Document No. 42 in the Court's ECF System) as to the discovery cut-off dates for both fact and expert witnesses, and the dates by which expert reports are due, on account of circumstances which have just recently arisen. No formal motion to amend the schedule is required: "After consultation with the attorneys for the parties and any unrepresented parties – a formal motion is not necessary – the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." F. R. Civ. P.

16(b)(4); Adv. Comm. Notes on 1983 Amendment thereto.  A moving party's diligence is demonstrated by showing that it "was diligent in seeking the amendment once it became apparent that extensions were necessary."  *Caplan v. CNA Short Term Disability Plan*, 2007 WL 1593214, *3 (N.D. Cal., June 1, 2007), *citing Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

During a status conference in this case held on January 15, 2008 before the Hon. Martin J. Jenkins, the Court inquired, *sua sponte*, whether the parties would be able to complete discovery by the discovery cut-off date he had set.  Plaintiff's counsel had just a couple days earlier received notice of the identity of SmartVideo's competitors, to whom subpoenas duces tecum would have to be sent to obtain data for Plaintiff's damages analysis.  Plaintiff's counsel expressed reservations about being able to meet the discovery deadline, due to anticipated problems with obtaining compliance from third-party competitors with the aforementioned third-party subpoenas.  Accordingly, Judge Jenkins issued an order directing the parties to confer with the Court by telephone on May 20, 2008 on whether to extend the discovery cut-off date.  However, it is now apparent that Plaintiff cannot possibly meet the discovery cut-off date.  As of the date of this filing, counsel for one of the subpoenaed competitor third parties has indicated his intention to object to all of the document requests, counsel for two of the subpoenaed parties have served responses consisting entirely of objections, and there has been no response whatever from one of the subpoenaed parties as to their intention to produce documents.  If the meet-and-confer process with each of these third parties is concluded within thirty days, it will then be necessary to file motions to compel in the various jurisdictions around the country where the competitors are located.  That process could hopefully conclude within six weeks, depending on court schedules in the various District Courts and barring any continuances.  The various District

Courts would almost certainly be loathe to grant motions to compel production in anything less than thirty days.  So Plaintiff would, at best, just be getting documents from these third parties as discovery closes on May 30, 2008, leaving no time to review the documents produced, to seek further responsive documents, or to take depositions of the subpoenaed parties.  That also leaves an expert witness no time in which to review the documents and prepare an expert report, as expert reports are currently due on June 20, 2008.

Defendants have also had difficulty obtaining compliance with third-party subpoenas.  To date, none of the persons and entities that the Frank Rosen Defendants subpoenaed have produced requested documents, so motions to compel in Atlanta, GA, Miami, FL and other locations is necessary.

There is thus good cause in this case to extend the cut-off dates for fact and expert witness discovery (currently May 30, 2008 and July 22, 2008, respectively) by 120 days because despite Plaintiff's diligent attempt to comply with the discovery deadlines set forth in the Scheduling Order, Plaintiff will not be able to complete discovery by the dates set forth therein.

There have been no extensions of the discovery deadlines to date.  Should the Court grant Plaintiff's motion to extend the discovery cutoff dates, the new discovery cutoff dates would be September 28, 2008 for non-expert discovery and November 19, 2008 for expert discovery.  To accommodate the new discovery deadlines, the remaining dates set forth in the Scheduling Order will need to be re-considered. In particular, Defendants request (see below) that the dispositive motions date be extended by a like amount as well.  While Plaintiff does not oppose this request, granting it will obviously require adjustment of the trial date as well.

**Defendants' Position**:

Defendants assert that whatever negligence may have been committed by the defendant lawyers, it caused no legally-cognizable damages. In addition, defendants Frank, Rosen, Snyder & Moss, L.L.P., Alan L. Frank Law Associates, P.C., Alan L. Frank and Marc H. Snyder contend that the scope of Mr. Frank's retention was specifically limited to the prevention of further dilution of SmartVideo shares and that the Alan Frank defendants were never retained to effect a proxy solicitation.

Further, defendants Harris Cramer LLP and Michael Harris contend that the scope of their retention was limited to drafting filings with governmental authorities in connection with the proxy solicitation, and had no involvement in the solicitation. Instead, plaintiff took that duty upon itself, notwithstanding Harris's recommendation that they retain a proxy solicitation service for that job.

Millions of share votes were not invalidated, as alleged by Plaintiff. The solicitation failed because of Plaintiff's refusal to retain an Omnibus Proxy Solicitation Firm after repeated recommendations by Defendants. In November 2007, Plaintiff's member, Daniel McKelvey, as well as two of his handpicked associates were elected to the Board of Directors of uVuMobile. In effect, Plaintiff now runs the company it tried to take over in October 2005.

Plaintiff actually made money as a result of the failed consent solicitation. The price of SmartVideo stock sharply rose in late 2005 and early 2006, when Plaintiff sold its shares and warrants for a profit. Plaintiff's contention that had it gained control of the company following the proxy contest, the company would be much more valuable today is based purely on speculation and conjecture. Defendants believe that the discovery sought from third parties includes confidential and sensitive trade secrets that plaintiff is unlikely to obtain. Further,

defendants believe that plaintiff's theory of damages of trying to compare the results of so-called competitors is speculative and irrelevant.

Notwithstanding, if the court is inclined to extend the discovery cut-off dates as requested by plaintiff, defendants respectfully request that the court similarly extend the time for filing and hearing dispositive motions. Both defendants anticipate filing such motions.

Dated: _____	TRIAL & TECHNOLOGY LAW GROUP
	A Professional Corporation
	Attorneys for Plaintiff
	FORTE CAPITAL PARTNERS, LLC


	By: _____
	       Robert A. Spanner

Dated: _____	ROECA HAAS HAGER LLP
	Attorney for Defendants
	MICHAEL D. HARRIS and HARRIS
	CRAMER, L.L.P.


	By: _____
	       Edward D. Haas, Esq.

Dated: _____	CLAPP, MORONEY, BELLAGAMBA &
	VUCINICH
	Attorney for Defendants
	ALAN L. FRANK, MARC H. SNYDER,
	FRANK, ROSEN, SNYDER & MOSS L.L.P.,
	 and ALAN L. FRANK LAW ASSOCIATES, P.C.


	By: _____
	       Joshua Rose, Esq.

_____
Joint Case Mgmt Stmt – Case No. C 07-01237 SBA      - 7 -

## DECLARATION OF CONSENT

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Joshua Rose and Edward Haas.

Dated: _____

TRIAL & TECHNOLOGY LAW GROUP
A Professional Corporation
Attorneys for Plaintiff
FORTE CAPITAL PARTNERS, LLC

By: _____
   Robert A. Spanner