1  Robert A. Spanner, Esq., State Bar No. 60308
2  Susan Kalra, Esq., State Bar No. 167940
   TRIAL & TECHNOLOGY LAW GROUP
3  A Professional Law Corporation
   545 Middlefield Road, Suite 220
4  Menlo Park, California 94025
   Telephone:   (650) 324-2223
5  Facsimile:   (650) 324-0178

6
   Attorneys for Plaintiff
7  FORTE CAPITAL PARTNERS, LLC

8

9                         UNITED STATES DISTRICT COURT

10                       NORTHERN DISTRICT OF CALIFORNIA

11

12 FORTE CAPITAL PARTNERS, LLC,      )  Case No.  C 07-01237 SBA
                                     )
13         Plaintiffs,                )  **NOTICE OF MOTION AND**
                                     )  **MOTION TO COMPEL FRANK**
14                                   )  **ROSEN DEFENDANTS TO**
       vs.                           )  **PRODUCE EMAILS TOGETHER**
15                                   )  **WITH ATTACHMENTS OR, IN THE**
   HARRIS CRAMER, LLP, *et al.*,     )  **ALTERNATIVE, FOR**
16                                   )  **IDENTIFICATION OF EMAILS**
17         Defendants.                )  **AND ATTACHMENTS;**
   _____    )  **MEMORANDUM OF POINTS AND**
18                                      **AUTHORITIES; DECLARATION**
19                                      **OF ROBERT A. SPANNER;**
                                        **DECLARATION OF SUSAN KALRA**
20

21                                      Date: _____
                                        Time: _____
22

23
           TO ALL PARTIES AND THEIR COUNSEL OF RECORD:
24
           PLEASE TAKE NOTICE THAT Plaintiff Forte Capital Partners, LLC ("Plaintiff") will
25

26 appear before the Honorable _____ at the United States District Court, 1301 Clay

27 Street, Oakland, CA on _____, 2008 at _____ or as soon thereafter as the matter can

28 _____
   Mot. To Compel Production–
   Case No. C 07-01237 SBA            1

1  be heard, and will move and hereby and hereby does move, for an order compelling Defendants
2  Frank, Rosen, Snyder & Moss, LLP, Alan L. Frank Law Associates, P.C., Alan L. Frank and
3  Marc H. Snyder (the "Frank Rosen Defendants") to produce documents in compliance with F.R.
4  Civ. P. 34's direction to produce electronically stored information as kept in the usual course of
5  business.  In the alternative, Plaintiff moves for an order directing the Frank Rosen Defendants
6  to identify, by Bates number and file name, the attachments that correspond to the emails
7  produced by the Frank Rosen Defendants to Plaintiff on DVD-ROMS.

This motion is made on the ground that the Frank Rosen Defendants produced emails on DVD-ROM to Plaintiff without producing the emails and attachments thereto in the manner in which they were kept in the ordinary course of business or in any reasonably-usable manner, in that the emails and the attachments were not produced together, nor is there any information contained in the emails themselves that indicate clearly which of the thousands of documents produced by the Frank Rosen Defendants constitute specific attachments to specific emails.

This motion is based on this Notice, the accompanying memorandum of points and authorities, the accompanying declarations and exhibits, and the pleadings and records on file in this action.

Dated: August 26, 2008         TRIAL & TECHNOLOGY LAW GROUP
                               A Professional Corporation
                               Attorneys for Plaintiff
                               FORTE CAPITAL PARTNERS, LLC


                               By: _____
                                     Susan Kalra

_____
Mot. To Compel Production–
Case No. C 07-01237 SBA                    2

## MEMORANDUM OF POINTS AND AUTHORITIES

In this case, Defendants Frank, Rosen, Snyder & Moss, LLP, Alan L. Frank Law Associates, P.C., Alan L. Frank and Marc H. Snyder (the "Frank Rosen Defendants") have produced tens of thousands of pages of electronically stored information to Plaintiff, consisting of (according to representations by counsel to the Frank Rosen Defendants) 3,700 multi-page PDF's, 5,593 Converted Files and 25,703 Images. But the manner in which the emails were produced in those electronically-stored documents and images render the Frank Rosen Defendants' production indecipherable, because the attachments to the emails have been stripped from the emails themselves, and there is no way to determine which attachments go with which emails.

On July 6, 2007, Plaintiff Forte Capital Partners, LLP ("Plaintiff") served its First Set of Requests For Production of Documents ("Document Requests") on, *inter alia*, the Frank Rosen Defendants (Exh. A to Kalra Decl.). In their Document Requests, Plaintiff included the following instruction:

> 14. When a Request calls for the production of a DOCUMENT or category of DOCUMENTS in "ELECTRONIC FORMAT", the Responding Party shall produce the electronic file or files containing the DOCUMENTS called for in the Request, in native file format.

The Document Requests sought production of, *inter alia*:

**REQUEST NO. 1**:
> All DOCUMENTS consisting [of] and/or RELATING TO any COMMUNICATION between YOU and anyone else regarding FORTE, including but not limited to DOCUMENTS created in connection with representation of FORTE and/or FORTE's proxy solicitation at any time since January 1, 2005. The DOCUMENTS are to be produced in ELECTRONIC FORMAT.

---
Mot. To Compel Production–
Case No. C 07-01237 SBA                3

The Frank Rosen Defendants served their responses on Plaintiff on August 27, 2007 (Exh. B to Kalra Decl.). Their response to Request No. 1 was as follows:

> Objection. This request is compound, vague, ambiguous, vastly overbroad in scope and time, therefore it is oppressive and burdensome. Compliance would be unreasonably difficult and expensive (exceeding $3,190 to date), so cost shifting to Plaintiff may be warranted. This request further seeks information which is neither relevant to the case nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Without waiving said objections and subject to them, the responding defendants answer that follows is based on currently available information and belief:
>
> On or about September 28, 2006 these responding defendants provided plaintiff with defendants' original files concerning their representation of plaintiff in connection with the SmartVideo matter. See AF 1 - 3245, already within plaintiff's possession and control. The documents will not be produced again.
>
> Defendants' counsel is also in possession of additional pages of documents, identified as AF 3246 - AF 21770, some of which will be responsive to this request. These are pdf files on a DVD-Rom. In addition, defendants have a separate DVD-Rom containing native files of the same documents noted above, identified as AFNF000001 - AFNF025073. However, to date, counsel for responding parties has not had the opportunity to review all of these pages, due to their sheer volume and recent receipt. Responding parties do not waive their rights under the Stipulated Protective Order should confidential or otherwise privileged or private documents be inadvertently produced. Defendants reserve the right to amend this response as new information is discovered, as discovery has just begun, is ongoing and defendants have not completed their investigation. The responding defendants agree to make all documents in their possession and control, that they understand to be responsive to this request, available to plaintiff.

Plaintiff takes issue not with the quantity of data and documents produced by the Frank Rosen Defendants, but rather with the quality of the production. On August 29, 2007, the Frank Rosen Defendants produced two DVD-ROMs to Plaintiff (Exh. C to Kalra Decl.). According to its label, the first DVD-ROM contains 3,700 multi-page PDF's, which have been Bates numbered AF03246-AF21770 (*id.*). (This DVD-ROM will be referred to as the "PDF DVD")

According to its label, the second DVD-ROM contains 5593 Converted Files and 25,703 Images (*id.*). (The second DVD-ROM will be referred to as the "Converted Files DVD.")

The documents on the two DVD-ROMs consist of a variety of files, including text files, WordPerfect documents, Excel documents, tiff images and Adobe Acrobat documents (Kalra Decl., ¶4). Emails on the two DVD-ROMS have been produced as pdf documents, tiff images and text (.txt) files.

Examination of the contents of the two DVD-ROMs produced by the Frank Rosen Defendants' counsel reveals that the documents and information produced on the DVD-ROMs do not comply with F.R. Civ. P. 34(b)(2)(E)(i) or (ii), in that they were not produced as they were kept in the usual of business, nor are they produced in a reasonably useable form. On both DVD-ROMs, the emails produced by the Frank Rosen Defendants have been stripped of their attachments, and it is impossible to determine which documents constitute the attachments to which emails. Email messages purporting to contain attachments were not produced with attachments immediately following the email, in any of the produced formats. And conspicuously absent from the emails produced by the Frank Rosen Defendants is any information in the header of the email showing the existence, number or type of attachments thereto. A few examples will illustrate the issues (and are attached as Exhibits D - I to Kalra Decl.):

1) an email from Joel Fishbein to Alan Frank dated November 1, 2005 purporting to attach a "letter to DTC" (AFNF005268-AFNF005269; AF7699-AF7701, Exh. D). On both DVD-ROMs, the document following that is not a letter, but another email (AFNF005270-AFNF005272, AF07702-AF07704, Exh. E);

Mot. To Compel Production–
Case No. C 07-01237 SBA                  5

2) an email from Michael Harris to Joel Fishbein dated July 15, 2005, produced by both the Alan Frank Defendants and the Harris Cramer Defendants (AF19304-AF19306, HC004869-HC004874, Exh. F).  The document produced by the Frank Rosen Defendants contains no information, either in the header or in the body of the email, that there are any attachments to the email whatsoever; but the same email produced by the Harris Cramer Defendants clearly demonstrates that there is, in fact, an attachment, and it was produced sequentially; and

3) an email from Cindy Vasiliou (an employee of defendant Harris Cramer, LLP) to Joel Fishbein dated November 9, 2005 purporting to attach letters to attorney Croland (AFNF005278-AFNF005279, AF7711-AF7714, Exh. G).  There is a second email from Cindy Vasiliou to Joel Fishbein also dated November 9, 2005 purporting to attach letters (AFNF005280-AFNF005281, AF18028-AF19029, Exh. H).  Since both email from Ms. Vasiliou are dated the same day, there is no way to determine which documents constitute the letters that are the appropriate attachment to either of these emails.  The next documents on both DVD-ROMs are not letters, but another email, from Michael Harris (a defendant in this case) to the Frank Rosen Defendants and others dated October 28, 2005 (AFNF019339 - AFNF019340, AF18030-AF18031, Exh. I).

Plaintiff's counsel sent the Frank Rosen Defendants' DVD-ROMs to Plaintiff's copy service, which also performs digital services such as electronic data discovery and digital document imaging, and the copy service informed Plaintiff's counsel that it was unable to match up the attachments with the emails either (Kalra Decl., ¶5).

When the issue was raised with Defendants' counsel in July, 2008, Defendants' counsel proposed lending Plaintiff's counsel the original DVD-ROMs, but Defendants' counsel has since

Mot. To Compel Production–
Case No. C 07-01237 SBA                6

confirmed that the DVD-ROMs in their possession suffer from the same defects as those in Plaintiff's possession (Kalra Decl., ¶7).

Defendants' proposed resolution is an offer to provide the identity of the attachments if Plaintiff identifies the email at issue (Exh. J to Kalra Decl.). But, as is set forth below, this offer is not a solution because Plaintiff cannot determine which of the emails produced by the Frank Rosen Defendants actually have attachments (*id.*).

## ARGUMENT

### I. THE FRANK ROSEN DEFENDANTS' PRODUCTION FAILS TO COMPLY WITH THEIR OBLIGATIONS UNDER THE FEDERAL RULES OF CIVIL PROCEDURE.

F.R. Civ. P. 34(b)(2)(E) directs a party responding to a request for production of documents to either produce documents and electronic information "as they are kept in the usual course of business" or "organize[d] and label[ed] to correspond with the categories in the discovery request." F.R. Civ. P. 34(b)(2)(E)(i) and (ii).

Since the Frank Rosen Defendants stated in their responses to Plaintiff's Documents Requests that the documents and images on both the PDF DVD and the Converted Images DVD are responsive to Requests 1-4 and 8, it is clear that the documents and images have not been "organize[d] and label[ed] to correspond with the categories in the discovery request." Accordingly, the Frank Rosen Defendants were obligated under F.R. Civ. P. 34(b)(2)(E) to produce the documents and images "as they are kept in the usual course of business" (*id.*).

The producing party bears the burden of demonstrating that documents were produced as they were kept in the ordinary course of business. *DE Technologies, Inc. v. Dell, Inc.*, 238 F.R.D. 561, 566 (D. W. Va. 2006); *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 618 (D. Kan. 2005). The Comments to the 2006 amendments to F.R. Civ. P. 34 Subdivision (b)

---

Mot. To Compel Production–
Case No. C 07-01237 SBA                          7

states: "The production of electronically stored information should be subject to comparable requirements to protect against deliberate or inadvertent production in ways that raise unnecessary obstacles for the requesting party."

Here, there is little doubt that counsel for the Frank Rosen Defendants did not produce documents in compliance with the Federal Rules of Civil Procedure. Plaintiff sought production of emails "in native format, i.e., in the format that they were stored during Defendants' usual course of business" (*In re Verisign, Inc. Securities Litigation*, 2004 WL 2445243, * 3 (N.D. Cal., March 10, 2004). In this case, there is no ready way to ascertain whether there are even *any* attachments, much less what the attachments may be. Emails such as those stored in Microsoft Outlook ordinarily contain some information in each email sent or received conveying to the reader that one or more documents are attached to the email, such as the word "Attachment" in the header (the information showing the sender, recipient, date, subject matter and attachment(s)) (Kalra Decl., Exhs F [at HC04869-HC004874], J), or an icon on the face of the email (*id.*); those produced by the Frank Rosen Defendants here are devoid of such information. It is inconceivable that the Frank Rosen Defendants in the ordinary course of business store its emails in a manner that would make it impossible to determine the identity and number of attachments to emails.

Another indicia that the Frank Rosen Defendants did not produce their emails as they were stored originally can be inferred from the name given to the DVD-ROM by the Frank Rosen Defendants, which belies the representation made by their counsel that the documents on the DVD-ROM were produced in native format (*see* Exh. B to Kalra Decl., Responses to Requests 1-4 and 8): the label on the DVD indicates that it contains "5593 *Converted* Files"

(emphasis added) (Exh. C to Kalra Decl.) and "20,573 *Images*" (emphasis added) (*id.*) – not native files.

Finally, the contents of the "Data" file[1] on the Converted Images DVD prevent Plaintiff from establishing which emails and attachments belong together. When the "Data" file is converted to a more easily readable format (Exh. K to Kalra Decl.), under the column headed "Attachmt" there is not a single document listed. In other words, not a single email appears to have an attachment associated with it. After reviewing the "Data" file, Plaintiff's copy service confirmed that the data in that file does not contain any information that would enable one to match the emails and attachments either (Kalra Decl., ¶5).

Finally, the fact that the state of the data in possession of counsel for the Frank Rosen Defendants is the same as that in the possession of Plaintiff does not excuse Defendants from having to produce the emails in a form that is readable and useable by Plaintiff. *CP Solutions PTE, Ltd. v. General Electric Co.*, 2006 WL 1272615, *3 (D. Conn., Feb. 6, 2006). What matters is the state of the data in the possession of the *parties*. As set forth above, the Frank Rosen Defendants' production of emails without their attachments fails to comply with their obligations to produce documents as kept in the ordinary course of business, in a useable format.

## II. THE FRANK ROSEN DEFENDANTS SHOULD BE ORDERED TO PRODUCE THE EMAILS TOGETHER WITH THEIR ATTACHMENTS IN A USEABLE FORMAT

In other cases in which emails were produced without their attachments, courts have ordered emails produced together with their corresponding attachments. *PSEG Power N.Y., Inc. v. Alberici Constructors, Inc.*, 2007 WL 2687670, *12 (N.D.N.Y., Sept. 7, 2007); *CP Solutions*

---

[1] A data file contains information about a document, such as where it begins and ends, and metadata about a document, including such information as the number of pages, the author, the recipient and the document type.

Mot. To Compel Production–
Case No. C 07-01237 SBA                                9

*PTE, Ltd. v. General Electric Co.*, 2006 WL 1272615, *4 (D. Conn., Feb. 6, 2006) ("Defendants chose to provide the documents in the manner in which they were kept in the ordinary course of business. Attachments should have been produced with their corresponding e-mails"). Here, Plaintiff seeks an order from the Court directing the Frank Rosen Defendants to produce the emails together with their attachments in a useable format. In the alternative, counsel for the Frank Rosen Defendants should be ordered to provide a list, by Bates number and by file, of all of the emails matched up with their attachments.

The parties have met and conferred regarding the issues raised herein, but have not been able to reach a resolution (Declaration of Robert A. Spanner, ¶2 and Exh. L thereto; Kalra Decl., ¶6).

Dated: August 26, 2008                    Respectfully submitted,

TRIAL & TECHNOLOGY LAW GROUP
A Professional Corporation
Attorneys for Plaintiff
FORTE CAPITAL PARTNERS, LLC


By: _____
        Susan Kalra